CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
**500 Indiana Avenue, N.W., Room JM-170**
**Washington, D.C. 20001  Telephone: 879-1133**

| MARILYN SEABROOKS MYRDAL |
|---|

000337-05

*Plaintiff*

VS.

Civil Action No. |          |

| THE DISTRICT OF COLUMBIA, et al. |
|---|

*Defendant*

PAULA SENIOR FISHER
825 NORTH CAPITOL STREET NE
WASHINGTON, D.C 20002    **SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| William P. Farley |
|---|

Name of Plaintiff's Attorney    KARL B TARONE

| 900 17th Street, N.W., Suite 1250 |
|---|

Address

| Washington, D.C. 20006 |
|---|

By _____
Deputy Clerk

| (202) 293-3200 |
|---|

Telephone

Date November 9, 2005

05 2351

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

FILED

Form CV(6)-454/Mar. 93

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

DEC 0 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana - Avenue, N.W., for more information concerning where you may ask for such help.

③



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MARILYN S MYRDAL
Vs.                                           C.A. No.        2005 CA 008837 B
THE DISTRICT OF COLUMBIA

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case is assigned to the judge designated below. All future filings in this case shall bear the name of the judge currently assigned to the case beneath the case number in the caption. Upon the filing of any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant; copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MICHAEL L RANKIN
Date:        November 9, 2005
Initial Conference: 9:30 am, Friday, February 10, 2006
Location:    Courtroom 519
             500 Indiana Avenue N.W.
             WASHINGTON, DC 20001

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MARILYN SEABROOKS MYRDAL )
9805 Forest Grove Drive )
Silver Spring, Maryland 20902 )
)
     Plaintiff, )
       v. )
)
THE DISTRICT OF COLUMBIA )
A Municipal Corporation )
441 4th Street, N.W. )
Washington, D.C. 20001, )
Serve: Mayor Anthony Williams )
and Robert Spagnoletti, Attorney General )
for the District of Columbia, )
)
PAULA SENIOR FISHER )
and in her capacity as Interim Senior Deputy Director, )
District of Columbia – Department of Health )
825 North Capitol Street, NE )
Washington, DC 20002 )
)
HAWK ONE SECURITY INC. )
1331 H Street, NW, Suite 600 )
Washington, D.C. 20005 )
)
and )
)
WATKINS SECURITY AGENCY OF DC INC. )
5325-B East Capitol Street, SE )
Washington, D.C. 20019 )
)
     Defendants. )
)

0006537-05

JURY TRIAL DEMANDED

RECEIVED
Civil Clerk's Office

NOV 09 2005

Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT

(False Arrest; Unlawful Search and Seizure; Violation of Legally Protected Rights; Assault)

## JURY TRIAL DEMANDED

Plaintiff is Marilyn Seabrooks Myrdal ("plaintiff" or "Ms. Seabrooks") by her

undersigned attorneys, brings this action against the District of Columbia, Paula Senior Fisher, Hawk One Security Inc., and Watkins Security Agency of DC Inc. jointly and severally, seeking compensatory and punitive damages and injunctive relief. Plaintiff also asserts a claim for intentional infliction of emotional distress against defendants, jointly and severally, seeking compensatory and punitive damages. In support of her claims, Marilyn Seabrooks Myrdal alleges as follows.

## I.    PARTIES AND JURISDICTION

1.    This Court has jurisdiction pursuant to § 11-921 of the D.C. Code (2001) and personal jurisdiction over defendants pursuant to D.C. Code §§ 13-334 and 13-423.

2.    This Court has personal jurisdiction over the Defendants pursuant to D.C. Code § 13-423(a)(1) and (c) (3) (2001) because Defendants have transacted business in the District of Columbia and because Defendants have engaged in tortious acts in the District of Columbia causing injury in the District of Columbia.

3.    Venue is proper pursuant because the events giving rise to the claim occurred in the District of Columbia, where Defendant District of Columbia and is headquartered and where the District of Columbia Department of Health ("DOH")has its main office.

4.    Plaintiff is Marilyn Seabrooks Myrdal ("plaintiff" or "Ms. Seabrooks")

5.    Ms. Seabrooks is the Administrator at the Maternal and Family Health Administration at the District of Columbia Department of Health.

6.    The Maternal and Child Health Administration administers the Title V Maternal and Child Health Services Block Grant, and develops and implements programs to reduce infant mortality and teen pregnancy prevention.

7.     Defendant Paula Senior Fisher is a citizen of the District of Columbia and the Acting Assistant Deputy Director for Health Promotion at the District of Columbia Department of Health.

8.     Defendant, District of Columbia ("D.C.") is a municipal corporation.

9.     Defendant Paula Senior Fisher is sued individually and in her official capacity as a DOH Director.

10.    Defendant Hawk One Security Inc. is a security company which provides armed guards to follow the orders of government employees such as Paula Senior Fisher.

11.    Defendant Watkins Security Agency of DC Inc. is a security company which provides armed guards to follow the orders of government employees such as Paula Senior Fisher (together with defendant Hawk One Security Inc., the "security company.")

12.    DOH is the District of Columbia agency having primary responsibility for supervising Ms. Senior Fisher.

13.    DOH protects the health of residents and visitors in the District of Columbia. The Department sets health policies and standards for the delivery of services. The Department is also a strong advocate for disease prevention and health promotion activities; the provision of financing mechanisms to ensure access to healthcare; and environmental health protection and enforcement.

## II. ALLEGATIONS

14.    Prior to March 2005 the District of Columbia issued Ms. Seabrooks a credit card.

15.    Ms. Seabrooks never asked for the credit card and rarely used the credit card.

16.    On or about March 22, 2005 the District of Columbia cancelled their employees

Page 3 of 17

credit cards, including plaintiff's employer issued credit card.

17.    Plaintiff was required to return her cancelled credit card to District of Columbia employee Kenneth Wong.

18.    On April 13, 2005 at approximately 1:40 p.m., plaintiff made arrangements to return the cancelled credit card to Mr. Kenneth Wong on April 18, 2005. Mr. Wong requested that Ms. Seabrooks return the cancelled credit card to him on that date.

19.    Mr. Kenneth Wong is the Administrative Services Manager, Primary Care Prevention and Planning Administration and Program Coordinator for the D.C. Purchase Card Program.

20.    Later on April 13, 2005, at approximately 2:15 p.m., Ms. Senior Fisher entered Ms. Seabrooks office unannounced and demanded that Ms. Seabrooks provide the cancelled credit card to her.

21.    Ms. Senior-Fisher told Ms. Seabrooks that the travel credit card had been suspended and that she needed it immediately.

22.    Ms. Seabrooks informed Ms. Senior Fisher that she did not have the cancelled credit card with her.

23.    Ms. Seabrooks also informed Ms. Senior Fisher of her conversations with Mr. Wong and informed Ms. Senior Fisher that she had already made arrangements with Kenneth Wong, Administrative Services Manager, Primary Care Prevention and Planning Administration and Agency Program Coordinator for the DC Purchase Card Program to return the card no later than April 18, 2005.

24.    Ms. Senior Fisher again demanded the travel credit card in a "loud angry voice"

Page 4 of 17

25.     Ms. Seabrooks informed Ms. Senior Fisher again that she did not have the cancelled credit card with her and that she had made arrangements with Mr. Wong to return the travel credit card on April 18, 2005.

26.     Ms. Senior-Fisher continued to demand the travel credit card from Ms. Seabrooks, escalating her tone and creating an intimidating and threatening environment for Ms. Seabrooks and staff in the immediate workplace.

27.     Ms. Senior-Fisher informed Ms. Seabrooks that she was going to notify security and left Ms. Seabrooks' office.

28.     Minutes later, Ms. Senior-Fisher escorted two **armed** security officers, Officer Roger Harris and Officer Kim Taylor, into Ms. Seabrooks' office.

29.     The armed security officers worked for defendant security company and were under the control of Defendant Senior Fisher.

30.     Officer Taylor asked Ms. Seabrooks if she had the government property Ms. Senior Fisher was requesting.

31.     Ms. Seabrooks informed everyone that she did not have the cancelled credit card in her possession.

32.     Ms. Seabrooks also informed the security officers of the DOH procedure which required her to surrender the travel credit card to Kenneth Wong.

33.     Ms. Seabrooks informed the officers that she had already made arrangements with Mr. Wong to return the travel credit card on April 18, 2005.

34.     Defendants each knew that Ms. Seabrooks had not done anything wrong and was not a threat under any scenario.

⑨

35.     Defendants have no legal right to search a DOH manager's personal belongings for a cancelled security card.

36.     Defendants illegally searched through Ms. Seabrooks intimate possessions, including her purse, without authorization or probable cause.

37.     Ms. Senior Fisher was working for the District of Columbia on April 18, 2005.

38.     Ms. Senior Fisher instructed District of Columbia hired personnel to search Ms. Seabrooks' purse and tote bag.

39.     Where the security guard has powers akin to that of a regular police officer and is appointed by a governmental official, even though employed by a private company, sufficient trappings of state authority have been found to trigger Fourth Amendment restrictions.

40.     Security personnel and Ms. Senior Fisher searched Ms. Seabrooks personal belongings, including her purse and tote bag, without authorization.

41.     Ms. Seabrooks never gave her consent for any of the defendants to search her personal belongings, neither her purse nor her tote bag.

42.     After searching Ms. Seabrooks' personal purse and tote bag, Officer Taylor instructed Ms. Senior-Fisher to locate Mr. Wong to confirm Ms. Seabrooks' earlier statements that she was required to return the cancelled card to Mr. Wong on April 18, 2005.

43.     The security personnel would not permit Ms. Seabrooks to leave her office and kept her imprisoned while Ms. Senior-Fisher was gone.

44.     Then Officer Taylor contacted the Security Supervisor, Officer Stanley, and requested his presence in Ms. Seabrooks' office.

45.     Defendants intentionally created an apprehension of immediate physical harm to

Ms. Seabrooks by means of overt gestures and threats, to wit, moving to block Ms. Seabrooks exit from her office, jumping in front of her with their guns shown, and startling her for no known purpose other than to create in Ms. Seabrooks an apprehension of immediate physical harm.

46.    At or about 2:30 p.m. on April 13, 2005, Mr. Wong was contacted by Ms. Senior Fisher and asked to report to Ms. Seabrooks office.

47.    Mr. Wong was questioned by Officer Stanley after arriving to Ms. Seabrooks office.

48.    Mr. Wong acknowledged that he had instructed Ms. Seabrooks to return the travel credit card to him no later than Monday, April 18, 2005.

49.    Ms. Seabrooks was following the defendants' procedures in returning the cancelled credit card directly to Mr. Wong.

50.    Ms. Senior Fisher gave the order on behalf of the District of Columbia for Security Supervisor Robert Stanley, Security Officer Roger Harris, and Security Officer Kim Taylor (Stanley, Harris and Taylor together "security personnel") to search Ms. Seabrooks' personal purse and tote bag.

51.    Security personnel did as Ms. Senior Fisher instructed and searched Ms. Seabrooks purse, made threatening gestures towards her, and refused to permit her to freely move about the office.

52.    Ms. Deneen Long White, Chief of the Data Collection and Analysis Division came to Ms. Seabrooks' office and inquired about what was happening. Ms. Seabrooks informed her that Ms. Senior Fisher had called security personnel to force her to surrender the travel credit

card.

53.     The execution of D.C.'s policy or custom to illegally search employees purses and handbags represents official policy.

54.     Defendant policy or custom to search employee's purses and handbags in these types of situations is unconstitutional

55.     D.C.'s official policy or custom inflicted the injury here.

56.     D.C.'s policy or custom was the moving force in depriving plaintiff of her constitutional rights.

57.     The Defendants' search of plaintiff's purse violated clearly established statutory or constitutional rights of which a reasonable person would have known.

58.     The defendants violated plaintiff's "clearly established" rights that a reasonable official would understand violated plaintiff's rights.

59.     The search of plaintiff's personal belongings were not justified at its inception.

60.     The search of plaintiff's personal belongings did not have any reasonable grounds for suspecting that the search will turn up evidence that plaintiff had violated the law.

61.     The search of plaintiff's personal belongings were not reasonable in its scope.

62.     The search measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction." Id.

63.     Plaintiff has given notice pursuant to D.C. Statute § 12-309. A report in writing by the Metropolitan Police Department, in regular course of duty has been created in this matter.

64.     Defendants acted grossly negligent in causing Plaintiff's harm.

65. Defendants acted under the "color of state law" within the meaning of § 1983 when they exercised the power possessed by virtue of state law and made possible only because they were clothed with the authority of state law.

66. Defendants each violated Ms. Seabrooks rights and worked in a conspiracy.

67. Defendants each violated Seabrooks rights and violated 28 U.S.C. §§ 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968 in their actions against Seabrooks.

68. Defendants' conduct was motivated by an evil motive or intent.

69. Defendants' conduct involved reckless or callous indifference to plaintiff's federal, constitutional, and statutorily protected rights.

70. Defendant District of Columbia's knowledge of and failure to heed risk that Ms. Senior Fisher posed to proximately caused the assault on Ms. Seabrooks.

71. Each Defendants' actions caused Ms. Seabrooks injuries, including constitutional injuries.

## COUNT I - FALSE IMPRISONMENT

72. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 71 above with the same force and effect as if herein set forth.

73. Defendants each unlawfully detained plaintiff.

74. When plaintiff tried to leave her office Defendants moved in front of the door to block her from leaving.

75. Defendants' unlawful detention of a plaintiff was without a warrant

76. Defendants detained plaintiff for a length of time whereby she was deprived of

(13)

her personal liberty or freedom of locomotion.

77. Defendants used actual force, or by fear of force, and words to deprive plaintiff of her personal liberty or freedom of locomotion.

78. Defendants' actions constitute false imprisonment.

79. At all times relevant herein, (a) the Defendants acted with the intention of confining Seabrooks within fixed boundaries, (b) the act directly or indirectly resulted in confinement, and (c) Seabrooks was conscious of the confinement.

80. Defendants imposed by force or threats an unlawful restraint upon Seabrooks freedom of movement, to wit by forcing her to remain in a room and blocking the exit and detaining her for an extended period of time.

81. As a direct and proximate result of the conduct of the Defendants, Seabrooks suffered harm and damages including but not limited to the aforesaid damages.

82. Defendants District of Columbia and Paula Senior Fisher are liable under the doctrine of respondeat superior.

83. As a result of their concerted unlawful and malicious actions by Defendants, Seabrooks was deprived of both her liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of District of Columbia law, the common law and the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

84. **WHEREFORE**, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive

(14)

damages in the amount of $200,000, plus the costs of this action, including attorney's fees, and

such other relief deemed to be just and equitable, and for injunctive relief and actual, special, and

compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT II - FALSE ARREST

85.    Plaintiff repeats and realleges and incorporates by reference the allegations in

paragraphs 1 through 84 above with the same force and effect as if herein set forth.

86.    Defendants would not permit plaintiff to leave her office.

87.    Plaintiff tried to leave her office and defendants blocked the door with their bodies

and guns.

88.    Defendants restrained plaintiff against her will.

89.    Defendants knew that their actions in keeping plaintiff in her office when there

were no allegations that she did anything wrong constitutes a false arrest.

90.    Defendants did not have a reasonable nor good faith belief that his or her conduct

was lawful.

91.    As a result of their concerted unlawful and malicious actions by Defendants,

Seabrooks was deprived of both her liberty without due process of law and her right to equal

protection of the laws, and the due course of justice was impeded, in violation of the common

law, the District of Columbia law and the Fifth and Fourteenth Amendments of the Constitution

of the United States and 42 U.S.C. sec. 1983.

92.    **WHEREFORE,** Plaintiff demands judgment against all the Defendants jointly and

severally, for actual, general, special, compensatory damages in the amount of $500,000 and

further demands judgment against each of said Defendants, jointly and severally, for punitive

damages in the amount of $200,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable, and for injunctive relief and actual, special, and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT III - CIVIL CONSPIRACY

93.    Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 92 above with the same force and effect as if herein set forth.

94.    Defendants each: (1) had an agreement between two or more persons; (2) to participate in an unlawful act, or in a lawful act in an unlawful manner; and (3) an injury to Ms. Seabrooks was caused by an unlawful overt act performed by one of the parties to the agreement (4) pursuant to, and in furtherance of, the common scheme.

95.    As a result of their concerted unlawful and malicious actions by Defendants, Seabrooks was deprived of both her liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of District of Columbia law, the common law and the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

96.    **WHEREFORE**, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $200,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable, and for injunctive relief and actual, special, and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

(16)

## COUNT IV - VIOLATION OF 42 U.S.C. 1983

97.    Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 96 above with the same force and effect as if herein set forth.

98.    Acting under the color of law, Defendants worked a denial of Seabrooks' rights, privileges or immunities secured by the United States Constitution or by Federal law.

99.    Defendant by deprived Seabrooks of her liberty without due process of law, by taking her into custody and holding her there against her will.

100.    Defendants made an unreasonable search and seizure of Seabrooks' property without due process of law.

101.    Defendants conspired for the purpose of impeding and hindering the due course of justice, with intent to deny Seabrooks equal protection of laws.

102.    Defendants refused or neglected to prevent such deprivations and denials to plaintiff, thereby depriving plaintiff of her rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

103.    As a result of their concerted unlawful and malicious arrest by Defendants, Seabrooks was deprived of both her liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of District of Columbia law and the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

104.    WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive

damages in the amount of $200,000, plus the costs of this action, including attorney's fees, and

such other relief deemed to be just and equitable, and for injunctive relief and actual, special, and

compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT V - VIOLATING 42 U.S.C. 1983: REFUSING OR NEGLECTING TO PREVENT

105.    Plaintiff repeats and realleges and incorporates by reference the allegations in

paragraphs 1 through 104 above with the same force and effect as if herein set forth.

106.    At all times relevant to this Complaint, Defendants were acting under the direction

and control of Defendants Paula Senior Fischer, and Defendant District of Columbia.

107.    Acting under color of law and pursuant to official policy or custom, Defendants

knowingly, recklessly, or with gross negligence failed  to instruct, supervise, control, and

discipline on a continuing basis Defendant police officers in their duties to refrain from:

(a) unlawfully and maliciously harassing a citizen who was acting in accordance with her

constitutional and statutory rights, privileges, and immunities,

(b) unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting

in accordance with her constitutional and statutory rights, privileges, and immunities,

(c) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the

Constitution and laws of the United States and the laws of the District of Columbia; and

(d) otherwise depriving Plaintiff of her constitutional and statutory rights,  privileges, and

immunities.

108.    Defendants Paula Senior Fischer, and Defendant District of Columbia had

knowledge or, had they diligently exercised that duties to instruct, supervise, control, and

discipline on a continuing basis, should have had knowledge that the wrongs conspired to be

Page 14 of 17

done, as heretofore alleged, were about to be committed.

109.    Defendants Paula Senior Fischer, and Defendant District of Columbia had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

110.    Defendants Paula Senior Fischer, and Defendant District of Columbia directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

111.    As a direct and proximate cause of the negligent and intentional acts of Defendants Paula Senior Fischer, and Defendant District of Columbia, as set forth above, Plaintiff suffered physical injury, loss of income, and mental anguish in connection with the deprivation of her constitutional and statutory rights guaranteed by District of Columbia law and the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. §1983.

112.    **WHEREFORE**, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $200,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable, and for injunctive relief and actual, special, and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT VI - ASSAULT

113.    Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 112 above with the same force and effect as if herein set forth.

114. Ms. Seabrooks is a reasonable person.

115. Defendants, including the District of Columbia, had a duty of care to ensure that their employees and agents did not violate Ms. Seabrooks rights.

116. Defendants deviated from that standard

117. There is a causal relationship between that deviation and the plaintiff's injuries.

118. Defendants intentionally created an apprehension of immediate physical harm by means of an overt gesture, to wit by forcing Ms. Seabrooks to remain in a room by threatening her and blocking the exit and detaining her for an extended period of time.

119. Defendants caused Ms. Seabrooks to have an apprehension of immediate physical harm.

120. Any reasonable person would also become apprehensive in the face of defendants' threatening conduct.

121. Defendants District of Columbia and Senior Fisher are liable under the doctrine of respondeat superior for all violations of Ms. Seabrooks rights.

122. **WHEREFORE**, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $200,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable, and for injunctive relief and actual, special, and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

**WHEREFORE**, the plaintiff demands judgment against defendants in the sum of THREE MILLION ($3,000,000) DOLLARS, plus punitive damages in the amount of ONE MILLION

20

TWO HUNDRED THOUSAND ($1,200,000) DOLLARS, plus costs and an order from this

Court that Defendant District of Columbia change its policy of searching the purses and tote bags

of citizens in violation of their constitutional rights.


November 9, 2005


                                    Respectfully submitted,


                                    William P. Farley #466280
                                    Karl & Tarone
                                    900 17th Street, N.W., Suite 1250
                                    Washington, D.C. 20006
                                    (202) 293-3200
                                    Counsel for Plaintiff




                    JURY TRIAL DEMANDED

                        William P. Farley

## SCR CIV FORM 1-A
### Notice and Acknowledgment for Service by Mail
### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| MARILYN SEABROOKS MYRDAL | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THE DISTRICT OF COLUMBIA | ) |
| | ) |
| | )    JURY TRIAL DEMANDED |
| PAULA SENIOR FISHER | ) |
| Personally and in her capacity as Interim | ) |
| Senior Deputy Director, | ) |
| District of Columbia - Department of Health | ) |
| 825 North Capitol Street, NE | ) |
| Washington, DC 20002 | ) |
| | ) |
| | ) |
| HAWK ONE SECURITY INC.; and | ) |
| | ) |
| | ) |
| and | ) |
| | ) |
| WATKINS SECURITY AGENCY OF DC INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

### RECEIPT OF SUMMONS AND COMPLAINT

To:   PAULA SENIOR FISHER
      2758 UNICORN LN
      WASHINGTON, DC 20015-2234

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of

1

22

the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on November 15, 2005.

_____          _____
*Signature*                                               *Date of Signature*

## Acknowledgment of Receipt of Summons, Complaint and Initial Order

I received a copy of the summons, complaint and initial order in the above captioned matter at (insert address)

_____          _____          _____
**Signature**                              **Relationship to Defendant/Authority**          **Date of Signature**
                                           *To Receive Service of Process*

23

SCR CIV FORM 1-A
Notice and Acknowledgment for Service by Mail
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MARILYN SEABROOKS MYRDAL )
)
)
Plaintiff, )
v. )
)
THE DISTRICT OF COLUMBIA )
)
)    JURY TRIAL DEMANDED
)
PAULA SENIOR FISHER )
Personally and in her capacity as Interim )
Senior Deputy Director, )
District of Columbia - Department of Health )
825 North Capitol Street, NE )
Washington, DC 20002 )
)
)
HAWK ONE SECURITY INC.; and )
)
)
and )
)
WATKINS SECURITY AGENCY OF DC INC. )
)
Defendants. )
)

RECEIPT OF SUMMONS AND COMPLAINT

To:    PAULA SENIOR FISHER
2758 UNICORN LN
WASHINGTON, DC 20015-2234

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of

1

the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on November 15, 2005.

_____          _____
*Signature*                                              *Date of Signature*

## Acknowledgment of Receipt of Summons, Complaint and Initial Order

I received a copy of the summons, complaint and initial order in the above captioned matter at (insert address)

_____          _____          _____
Signature                                  **Relationship to Defendant/Authority**          Date of Signature
                                                *To Receive Service of Process*

2