UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARILYN SEABROOKS MYRDAL | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.  05CV-2351 |
| DISTRICT OF COLUMBIA, et al. | * | Judge:  Royce C. Lamberth |
| Defendants | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## ANSWER AND DEFENSES OF WATKINS SECURITY AGENCY OF DC, INC.

Defendant Watkins Security Agency of DC, Inc. ("Watkins"), through its undersigned counsel, hereby answers Plaintiff's Complaint as follows:

### I.    PARTIES AND JURISDICTION

1.    This paragraph consists of jurisdictional allegations to which no response is required.

2.    Watkins admits that it transacts business in the District of Columbia.  The remaining allegations of paragraph 2 are denied as to Watkins.

3.    This paragraph consists of jurisdictional allegations to which no response is required.

4.    This Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 4.

5.    This Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 5.

6.    This Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 6.

7.    This Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 7.

8.    This Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 8.

9.    This Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 9.

10.    This Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 10.

11.    Watkins admits that it is a security company.  The remaining allegations of paragraph 11 are denied.

12.    This Defendant is without sufficient knowledge or information to either admit or deny the allegations of paragraph 12.

13.    This Defendant is without sufficient knowledge or information to either admit or deny the allegations of paragraph 13.

## II.    ALLEGATIONS

14.    This Defendant is without sufficient information either to admit or deny the allegations of paragraph 14.

15.    This Defendant is without sufficient information either to admit or deny the allegations of paragraph 15.

16.    This Defendant is without sufficient information either to admit or deny the allegations of paragraph 16.

17.    This Defendant is without sufficient information either to admit or deny the allegations of paragraph 17.

18.      This Defendant is without sufficient information either to admit or deny the allegations of paragraph 18.

19.      This Defendant is without sufficient information either to admit or deny the allegations of paragraph 19.

20.      This Defendant is without sufficient information either to admit or deny the allegations of paragraph 20.

21.      This Defendant is without sufficient information either to admit or deny the allegations of paragraph 21.

22.      This Defendant is without sufficient information either to admit or deny the allegations of paragraph 22.

23.      This Defendant is without sufficient information either to admit or deny the allegations of paragraph 23.

24.      This Defendant is without sufficient information either to admit or deny the allegations of paragraph 24.

25.      This Defendant is without sufficient information either to admit or deny the allegations of paragraph 25.

26.      This Defendant is without sufficient information either to admit or deny the allegations of paragraph 26.

27.      This Defendant is without sufficient information either to admit or deny the allegations of paragraph 27.

28.      This Defendant is without sufficient information either to admit or deny the allegations of paragraph 28.

29.    Watkins denies that the security officers identified worked for it.  Watkins is without sufficient information to either admit or deny the remaining allegations of paragraph 29.

30.    This Defendant is without sufficient information either to admit or deny the allegations of paragraph 30.

31.    This Defendant is without sufficient information either to admit or deny the allegations of paragraph 31.

32.    This Defendant is without sufficient information either to admit or deny the allegations of paragraph 32.

33.    This Defendant is without sufficient information either to admit or deny the allegations of paragraph 33.

34.    The allegations of paragraph 34 are denied as to Watkins.  As to the other defendants, no response is required.

35.    Paragraph 35 consists of legal conclusions to which no response is required.  To the extent a response is required as to this Defendant, the allegations are denied.

36.    The allegations of paragraph 36 are denied as to Watkins.  As to the other defendants, no response is required.

37.    This Defendant is without sufficient information either to admit or deny the allegations of paragraph 37.

38.    This Defendant is without sufficient information either to admit or deny the allegations of paragraph 38.

39.    Paragraph 39 consists of legal conclusions to which no response is required.  To the extent any response is erquired, the allegations are denied as to Watkins.

4

40.     The allegations of paragraph 40 are denied as to Watkins.  As to other defendants, no response is required.

41.     The allegations of paragraph 41 are denied as to Watkins.  As to other defendants, no response is required.

42.     This Defendant is without sufficient information either to admit or deny the allegations of paragraph 42.

43.     The allegations of Paragraph 43 are denied as to Watkins.  This Defendant is without sufficient information either to admit or deny the remaining allegations.

44.     This Defendant is without sufficient information either to admit or deny the allegations of paragraph 44.

45.     The allegations of paragraph 45 are denied as to Watkins.  As to other defendants, no response is required.

46.     This Defendant is without sufficient information either to admit or deny the allegations of paragraph 46.

47.     This Defendant is without sufficient information either to admit or deny the allegations of paragraph 47.

48.     This Defendant is without sufficient information either to admit or deny the allegations of paragraph 48.

49.     Paragraph 49 is denied as to Watkins.  This Defendant is without sufficient information either to admit or deny the remaining allegations of paragraph 49.

50.     This Defendant is without sufficient information either to admit or deny the allegations of paragraph 50.

51.     The allegations of paragraph 51 are denied as to Watkins. This Defendant is without sufficient information to either admit or deny the remaining allegations.

52.     This Defendant is without sufficient information either to admit or deny the allegations of paragraph 52.

53.     This Defendant is without sufficient information either to admit or deny the allegations of paragraph 53.

54.     The allegations of paragraph 54 consists of legal conclusions to which no response is required; the allegations are denied as to Watkins.

55.     Paragraph 55 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant has insufficient information to either admit or deny the allegations of paragraph 55.

56.     Paragraph 56 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant has insufficient information to either admit or deny the allegations of paragraph 56.

57.     Paragraph 57 consists of legal conclusions to which no response is required. To the extent a response is required; the allegations of paragraph 57 are denied as to Watkins.

58.     The allegations of paragraph 58 are denied as to Watkins. As to other defendants, no response is required.

59.     The allegations of paragraph 59 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied as to Watkins.

60.     The allegations of paragraph 60 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied as to Watkins.

61.     The allegations of paragraph 61 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied as to Watkins.

62.     The allegations of paragraph 62 are too vague to permit a response.  To the extent a response is required, the allegations are denied.

63.     This Defendant is without sufficient information either to admit or deny the allegations of paragraph 63.

64.     Denied as to Watkins.  To the extent the allegations of paragraph 64 concern other defendants, no response is required.

65.     Denied as to Watkins.  To the extent the allegations of paragraph 65 concern other defendants, no response is required.

66.     Denied as to Watkins.  To the extent the allegations of paragraph 66 concern other defendants, no response is required.

67.     Denied as to Watkins.  To the extent the allegations of paragraph 67 concern other defendants, no response is required.

68.     Denied as to Watkins.  To the extent the allegations of paragraph 68 concern other defendants, no response is required.

69.     Denied as to Watkins.  To the extent the allegations of paragraph 69 concern other defendants, no response is required.

70.     The allegations of paragraph 70 consist of legal conclusions relating to other defendants, to which no response is required.

71.     Denied as to Watkins.  To the extent the allegations of paragraph 71 concern other defendants, no response is required.

## COUNT I – FALSE IMPRISONMENT

72.    Watkins incorporates by reference paragraphs 1 through 71 above as if set forth herein.

73.    Denied as to Watkins.  To the extent the allegations of paragraph 73 concern other defendants, no response is required.

74.    The allegations of paragraph 74 are denied as to Watkins.  As to other defendants, no response is required.

75.    The allegations of paragraph 75 are denied as to Watkins.  The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

76.    The allegations of paragraph 76 are denied as to Watkins.  The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

77.    The allegations of paragraph 77 are denied as to Watkins.  The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

78.    The allegations of paragraph 78 are denied as to Watkins.  The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

79.    The allegations of paragraph 79 are denied as to Watkins.  The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

80.    The allegations of paragraph 80 are denied as to Watkins. The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

81.    Denied.

82.    Paragraph 82 consists of legal conclusions relating to other defendants, to which no response is required.

83.    The allegations of paragraph 83 are denied as to Watkins. The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

84.    Denied. Further, this Defendant demands strict proof of damages alleged.

## COUNT II – FALSE ARREST

85.    Defendant incorporates by reference paragraphs 1 through 84 above as if set forth herein.

86.    The allegations of paragraph 86 are denied as to Watkins. As to other defendants, no response is required.

87.    The allegations of paragraph 87 are denied as to Watkins. Watkins does not have sufficient information to either or deny the remaining allegations of paragraph 87.

88.    The allegations of paragraph 88 are denied as to Watkins. As to other defendants, no response is required.

89.    The allegations of paragraph 89 are denied as to Watkins. The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

90.     The allegations of paragraph 90 are denied as to Watkins. The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

91.     The allegations of paragraph 91 are denied as to Watkins. The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

92.     Denied. Further, this Defendant demands strict proof of the damages claimed.

## COUNT III – CIVIL CONSPIRACY

93.     Watkins incorporates by reference paragraphs 1 through 92 above as if set forth herein.

94.     The allegations of paragraph 94 are denied as to Watkins. The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

95.     The allegations of paragraph 95 are denied as to Watkins. The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

96.     Denied. Further, this Defendant demands strict proof of the damages claimed.

## COUNT IV – VIOLATION OF 42 U.S.C. § 1983

97.     Watkins incorporates by reference paragraphs 1 through 96 above as if set forth herein.

98.     The allegations of paragraph 98 are denied as to Watkins. The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

99.    The allegations of paragraph 99 are denied as to Watkins. The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

100.    The allegations of paragraph 100 are denied as to Watkins. The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

101.    The allegations of paragraph 101 are denied as to Watkins. The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

102.    The allegations of paragraph 102 are denied as to Watkins. The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

103.    The allegations of paragraph 103 are denied as to Watkins. The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

104.    Denied. Further, this Defendant demands strict proof of the damages claimed.

**COUNT V – VIOLATING 42 U.S.C. 1983: REFUSING OR NEGLECTING TO PREVENT**

105.    Watkins incorporates by reference paragraphs 1 through 104 above as if set forth herein.

106.    The allegations of paragraph 106 are denied as to Watkins. The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

11

107.    The allegations of paragraph 107 are denied as to Watkins. The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

108.    Paragraph 108 consists of legal conclusions that relate to other defendants, to which no response is required.

109.    Paragraph 109 consists of legal conclusions that relate to other defendants, to which no response is required.

110.    Paragraph 110 consists of legal conclusions that relate to other defendants, to which no response is required.

111.    The allegations of Paragraph 111 are denied as to Watkins. The remaining allegations consist of legal conclusions that relate to other defendants, to which no response is required.

112.    Denied. Further, this Defendant demands strict proof of the damages claimed.

## COUNT VI – ASSAULT

113.    Watkins incorporates by reference paragraphs 1 through 112 above as if set forth herein.

114.    Watkins has insufficient knowledge or information to either admit or deny the allegations of paragraph 114.

115.    The allegations of paragraph 115 are denied as to Watkins. The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

12

116.    The allegations of paragraph 116 are denied as to Watkins.  The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

117.    The allegations of paragraph 117 are denied as to Watkins.  The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

118.    The allegations of paragraph 118 are denied as to Watkins.  The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

119.    The allegations of paragraph 119 are denied as to Watkins.  The remaining allegations consist of legal conclusions relating to other defendants, to which no response is required.

120.    Denied.

121.    Paragraph 122 consists of legal conclusions that relate to other defendants, to which no response is required.

122.    Denied.  Further, this Defendant demands strict proof of the damages claimed.

Defendant specifically denies that Plaintiff sustained damages as a result of Watkins' actions or inactions as set forth in the <u>ad damnum</u> clause, and demands strict proof thereof.

### FIRST DEFENSE

Defendant Watkins generally denies liability to the Plaintiff and denies each and every allegation that is not specifically admitted herein.

### SECOND DEFENSE

The Complaint fails to state a claim for which relief can be granted.

13

### THIRD DEFENSE

The claims asserted in the Complaint are barred by the doctrines of contributory negligence and/or assumption of the risk.

### FOURTH DEFENSE

Defendant enjoys a qualified immunity, and any recovery by the Plaintiff is barred.

### FIFTH DEFENSE

The claims asserted in the Complaint are barred by the applicable statute(s) of limitations and/or the doctrine of laches.

### SIXTH DEFENSE

All damages, if any, were caused by the superseding, intervening actions or inactions of third parties over whom this Defendant had no control nor right of control and to whom this Defendant had no legal relationship.

### SEVENTH DEFENSE

All damages, if any, were caused by superseding, intervening events over which this Defendant had no control nor right of control.

### EIGHTH DEFENSE

Defendant Watkins denies that it can be sued in a representative capacity as alleged in the Complaint.

### NINTH DEFENSE

Plaintiff has failed to join all necessary parties.

### TENTH DEFENSE

Plaintiff has failed to state a claim for punitive damages.

### ELEVENTH DEFENSE

This Defendant is entitled to a set-all for credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiff with any other person or company for any of the Plaintiff's damages.

## TWELFTH DEFENSE

This Defendant reserves the right to assert additional affirmative or negative defenses based upon additional information disclosed in the course of investigation and/or discovery.

Respectfully submitted,

_____
Kelly Hughes Iverson, Bar No. 487816
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4000

Attorneys for Watkins Security
Agency of DC, Inc.

721344

15

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 6th day of January, 2006, a copy of the foregoing

Answer and Defenses of Watkins Security Agency of DC, Inc. was caused to be served

electronically, on:

>William P. Farley, Esquire
>Karl & Tarone
>900 17th Street, N.W., Suite 1250
>Washington, D.C.  20006
>
>George E. Rickman, Esquire
>Assistant Attorney General for the District of Columbia
>441 4th Street, NW
>6th Floor South
>Washington, D.C.  20001

and mailed, first class mail, postage prepaid, to:

>Hawk One Security
>1331 H Street, N.W., Suite 600
>Washington, D.C.  20005
>
>Paula Senior Fisher
>District of Columbia Department of Health
>5325-B East Capitol Street, SE
>Washington, D.C.  20019

Kelly Hughes Iverson, Bar No. 487816

16