IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARILYN MYRDAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2351 (RCL) |
| | ) | |
| THE DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## THE DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS THE COMPLAINT

The defendant District of Columbia (the "District"), by and through undersigned counsel, hereby moves this Court to dismiss plaintiff's complaint in the case referenced above. As reasons for this motion, this defendant states the following:

1. Plaintiff has alleged one discrete act as a violation of her constitutional rights and will not be able to sustain her constitutional claims against the District, a municipality, under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

2. Plaintiff's exclusive remedy for all common law claims against the District is under the Comprehensive Merit Protection Act ("CMPA"), D.C. Official Code §§ 1-601.1, *et seq.* Therefore Counts I, II, and III of the complaint must be dismissed.

A memorandum of points and authorities in support of this motion and proposed order are attached hereto.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division

---

PATRICIA A. JONES #428132
Chief, General Litigation Section IV
Civil Litigation Division

---

GEORGE E. RICKMAN #433298
Assistant Attorney General, D.C.
General Litigation Section IV
Civil Litigation Division
441 Fourth Street, Sixth Floor North
Washington, D.C.  20001
202-442-9840; 202-727-6295

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN MYRDAL,           )<br>                                              )<br>        Plaintiff,                 )<br>                                              )<br>v.                                          )<br>                                              )<br>THE DISTRICT OF COLUMBIA , *et al*.  )<br>                                              )<br>        Defendants.           ) | Civil Action No. 05-2351 (RCL) |

THE DEFENDANT DISTRICT OF COLUMBIA'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF
ITS MOTION TO DISMISS THE COMPLAINT

PRELIMINARY STATEMENT

Plaintiff, an employee with the District of Columbia Department of Health ("DOH"), files suit alleging one count of false imprisonment, one count of false arrest, one count of civil conspiracy and two counts of violation of her civil rights pursuant to 42 U.S.C. § 1983.

Plaintiff alleges that on/or about April 13, 2005, defendant Paula Senior Fisher and two security officers entered her office in an effort to secure the return of a government issued credit card. *See* Compl., generally.  Plaintiff, at the time of the alleged incident, was employed by DOH as the Administrator for the Maternal and Child Health Administration.. Compl., at ¶ 5. Plaintiff alleges that prior to March of 2005, DOH issued plaintiff a credit card for travel use. Compl., at ¶ 14. On/or about March 22, 2005, all employees were instructed to turn in these cards. Compl., at ¶¶ 16 and 17. Plaintiff alleges that she personally made arrangements to return the card to Kenneth Wong, Administrative Services Manager, on April 18, 2005. Compl., at ¶¶ 18 and 19. On April

3

13, 2005, however, plaintiff alleges that she was approached by Paula Senior Fisher, then plaintiff's supervisor, who instructed plaintiff to surrender the card to her. Compl., at ¶¶ 20 and 21. Plaintiff then alleges that she informed defendant Fisher that she did not have the card with her and that she would surrender the card to Mr. Wong on April 18, 2005. Compl., at ¶¶ 22 and 23. Plaintiff alleges that after further efforts to obtain the card by defendant Fisher proved to be unavailing, defendant Fisher returned to the office with two armed security guards and searched her personal belongings, including her purse and tote bag. Compl., at ¶¶ 24-40.  For the following reasons, dismissal against the District is appropriate.

## ARGUMENT

### Standard to be Applied

In reviewing the sufficiency of a complaint pursuant to Federal Rule Civil Procedure 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and citing *Gardner v. Toilet Goods Assoc.*, 387 U.S. 167, 172 (1967)). The court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See Kowal v. M.C.I. Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  The motion can be granted, and the complaint dismissed, only if no relief could be granted based upon those facts.  *See id.*

1. <u>Plaintiff has not alleged a viable constitutional claim as against the District of Columbia.</u>

Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), an individual bringing a Civil Rights Act claim against a municipality must show that action

4

pursuant to official municipal policy custom or practice of some nature caused a constitutional tort. *Monell*, 436 U.S. at 691. Suits against individual defendants sued in their official capacities can be deemed as suits against the municipality. *Kentucky v. Graham,* 473 U.S. 159 (1985); *Fields v. District of Columbia Dep't of Corrections,* 789 F. Supp 20 (D.D.C. 1992). A plaintiff must nonetheless allege that some policy of the municipality was the "moving force" behind the constitutional deprivation. *Monell,* 436 U.S. at 690-691, *also see Arnold v. District of Columbia*, 980 F. Supp. at 36 (dismissing plaintiff's complaint against the District of Columbia on the ground that plaintiff "fail[ed] to allege that any of the defendants took an unconstitutional action pursuant to an official policy or regulation brought about by the decisions of an official with final policymaking authority, or that his injuries were the result of the defendants' acquiescence to a longstanding practice or custom that constitutes the standard operating procedure of the government entity").

A single instance of unconstitutional activity unrelated to policy is generally insufficient to impose liability against a municipality under *Monell, supra* (single act related to policy made by final decision maker may provide basis for cause of action). A claim based on pattern, policy or custom must "…present concentrated, fully packed precisely delineated scenarios…" *Carter v. District of Columbia,* 795 F.2d 116, 125 (D.C. Cir. 1986). Custom, or pattern and practice, may be established by proof of knowledge and acquiescence," and must amount to a "…deliberate indifference towards the constitutional rights of those in its domain." *Deskalea v. District of Columbia,* 227 F.3d 433, 441 (D.C. Cir. 2000); *Cox v. District of Columbia,* 821 F. Supp. 1, 13 n.12 (D.D.C. 1993). Deliberate indifference is an "objective" determination based on whether

the municipality either "…knew or should have known of the risk of constitutional violations." *Baker v. District of Columbia,* 326 F.3d 1302, 1307 (D.C. Cir. 2003). Plaintiff has not set forth sufficient facts to show that her constitutional rights were violated based on a District custom, policy or practice. See Complaint, generally. As such, dismissal is appropriate as against the District.

2.  <u>Plaintiff's sole relief against the District is under the Comprehensive Merit Protection Act</u>.

District of Columbia employees' sole relief are those provided for under the Comprehensive Merit Protection Act ("CMPA"), D.C. Official Code §§ 1-601.1, *et seq.*, for claims of alleged tortuous conduct committed by District employees. The exclusivity provisions apply to claims against the District for intentional infliction of emotional distress as well as fraudulent and negligent misrepresentation. *White v. D.C.,* 852 A.2d 922, 925 (D.C. 2004); *District of Columbia v. Thompson,* 593 A.2d 621 (D.C. 1991). The exclusivity provisions apply with equal force to claims such as abuse of process, malicious prosecution, as well as civil conspiracy.

In this case, plaintiff alleges claims of False Imprisonment, False Arrest and Civil Conspiracy. All these claims are within the ambit of the CMPA, and precludes plaintiff from maintaining this action against this defendant. Therefore, Counts I, II and III of the complaint must be dismissed.

         Respectfully submitted,

         ROBERT J. SPAGNOLETTI
         Attorney General for the District of Columbia

         GEORGE VALENTINE
         Deputy Attorney General, D.C.
         Civil Litigation Division

                    _____
PATRICIA A. JONES #428132
Chief, General Litigation Section IV
Civil Litigation Division


                    _____
GEORGE E. RICKMAN #433298
Assistant Attorney General, D.C.
General Litigation Section IV
Civil Litigation Division
441 Fourth Street, Sixth Floor North
Washington, D.C.  20001
202-442-9840; 202-727-6295