IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARILYN MYRDAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2351 |
| | ) | |
| THE DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

THE DEFEDANNT DISTRICT OF COLUMBIA'S REPLY
TO PLAINTIFF'S OPPOSITION TO ITS
MOTION TO DISMISS THE COMPLAINT

Defendant District of Columbia ("District") hereby replies to plaintiff's opposition to its motion for to dismiss the complaint in the matter referenced above. In support of its motion, the District states the following:

1. Plaintiff's exclusive relief for all common law claims is within the Comprehensive Merit Protection Act

All District employees are afforded relief for work related incidents under the grievance procedures of the *Comprehensive Merit Protection Act* ("CMPA"). Only in the very narrow instance when the an alleged claim of emotional distress is inextricably intertwined with a claim of sexual harassment are claims of common law emotional distress removed from the ambit of the CMPA. *See King v. Kidd,* 640 A.2d 656 (D.C. 1993); *Newman v. District of Columbia,* 518 A.2d 698 (D.C. 1986). In all other instances and for all claims unrelated to claims of sexual harassment or discrimination, District employees are afforded an exclusive means of redress under the CMPA. *Robinson v. District of Columbia,* 748 A.2d 409, 412 (D.C. 2000)(reading *Kidd* as providing a "narrow" exception to the CMPA exclusivity provisions in only those instance when the

common law tort is inextricably intertwined with claims of sexual harassment); *also see Stockard v. Moss,* 706 A.2d 561, 564 and 567 (D.C.1997)(explaining *Kidd* as providing few exceptions to its exclusive remedy provisions).[1]

In this case, plaintiff alleges that she was stopped and searched by security guards at the direction of her supervisor. The incident was related to the recovery of a credit card that she had been previously ordered to return to the District. *See* Complaint (generally). Unlike those cases that exclude the discreet tort of intentional infliction of emotional distress related to a claim of sexual harassment or sexual discrimination, this case is clearly within the grievance provision of the CMPA.

Therefore, plaintiff's claims of false imprisonment, false arrest, civil conspiracy, and assault as alleged in Counts I, II, III, and VI of the complaint must dismissed against this defendant for lack of subject matter jurisdiction.

2.   <u>Plaintiff failed to allege sufficient facts to support her claims against the District</u>

Although courts are bound to accept all factual allegations in a complaint and reasonable inferences therefrom as true, a court cannot accept those conclusory legal assertions couched as facts and need not consider any inferences unsupported by facts. *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *Kowal v. M.C.I. Communications,* 16 F.3d 1271, 1276 (D.C. Cir. 1994).

In this case plaintiff alleges:

---

[1] The case *Mayberry v. Dukes*, 742 A.2d 448 (D.C. 1999), is instructive as to whether plaintiff may maintain her intentional tort claims against the District, notwithstanding the exclusive provision of the *Police and Firefighters' Disability Act*. The Court opined that "…it is settled that the Disability Act provides the 'exclusive remedy against the District of Columbia for uniformed personnel' injured on the job, *Lewis v. District of Columbia*, 499 A.2d 911, 915 (D.C. 1985).

> "...53. The execution of D.C.'s policy or custom to illegally search employees['] purses and handbags represents official policy.
>
> 54. Defendant['s] policy or custom to search employee's purses and handbags in these types of situations is unconstitutional.
>
> 55. D.C.'s official policy or custom inflicted the injury here.
>
> 56. D.C.'s policy or custom was the moving force in depriving plaintiff of her constitutional rights..."

Pl.'s Compl. at ¶¶ 53 though 56. Plaintiff fails to identify what policy, ordinance or regulation was the moving force behind the complained of action and does not allege any other facts from which any purported policy can be gleaned. *See* Complaint (generally). Plaintiff's allegations are simply conclusory statements of law couched as facts, and are insufficient to withstanding the District's entitlement to dismissal of this action as a matter of law. See *Papasan, supra.*

Plaintiff has also failed to articulate any facts to support a claim of deliberate indifference to a known need to train and supervise. Plaintiff alleges one single and discreet incident with no indication that such circumstances are recurring. There is no factual basis from which any reasonable inference of notice or constructive notice to support a claim of deliberate indifference can be drawn. *See Carter v. District of Columbia,* 795 F.2d 116, 125 (D.C. Cir. 1986); *but also see Bordanaro v. McLeod,* 871 F.2d 1151, 1157 (1st Cir. 1989). As such, Counts IV and V must be dismissed.

3.  <u>There is no cause of action, under these circumstances, for civil conspiracy as against the District of Columbia</u>

Plaintiff seeks to hold the District liable for conspiracy under 42 U.S.C. § 1983. The District cannot be held liable for any alleged conspiracy of an employee in the absence of some of some custom, policy or practice. Plaintiff must allege and prove that

any harm caused either singularly or in concert with another party was the direct and proximate result of some custom, policy or accepted practice. To hold otherwise would hold the District liable on an impermissible theory of *respondeat superior* for the actions or illegal agreements of a subordinate. Plaintiff's failure to articulate any specific policy, ordinance or evidence indicating an accepted practice to support her claims of civil conspiracy defeats her claims against this defendant.

Plaintiff's common law conspiracy fails not only because of the exclusive provisions of the CMPA, the District of Columbia does not recognize a separate common law tort of civil conspiracy. Rather, "[c]ivil conspiracy depends on the performance of some underlying tortious act . . . . it is thus 'not independently actionable; it [only] is a means for establishing vicarious liability for the underlying tort.'" *Id.* (quoting *Halberstam v. Welch*, 705 F.2d 472, 479 (D.C. Cir. 1983)).  Because the underlying intentional torts cannot be maintained against this defendant, Count III of plaintiff's complaint must be dismissed.

      Respectfully submitted,

      ROBERT J. SPAGNOLETTI
      Attorney General for the District of Columbia

      GEORGE C. VALENTINE
      Deputy Attorney General, D.C.
      Civil Litigation Division

      _____
      PATRICIA A. JONES #428132
      Civil Litigation Division
      Chief, General Litigation Section IV

                                                _____
GEORGE E. RICKMAN #433298
Assistant Attorney General
Civil Litigation Division
General Litigation Section IV
P.O. Box 14600
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625

                                              _____
GEORGE E. RICKMAN #433298
Assistant Attorney General
Civil Litigation Division
General Litigation Section IV
P.O. Box 14600
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625