UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARYLYN MYRDAL,     )
            )
            )
   Plaintiff,     )
            )Civil Action No. 05-2251 (RCL)
   v.        )
            )
THE DISTRICT OF COLUMBIA,  et al., )
            )
   Defendants.    )
_____)

## ANSWER OF  PAULA S. FISHER
## TO THE COMPLAINT

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### PRELIMINARY STATEMENT

The allegations contained in the unnumbered paragraph are a statement of claims of and by the pleader, to which no response is required. However, to the extent a response is required, the allegations are denied.

1. This defendant acknowledges the existence of the authority cited in paragraph 2 of the Complaint, but denies that jurisdiction is necessarily conferred on the court by reason thereto.

2. This defendant acknowledges the existence of the authority cited in paragraph 2 of the Complaint, but denies that personal jurisdiction is necessarily conferred on the court by reason thereto.

3. The  allegations in paragraph 3 constitute  legal conclusions of the pleader, and as such, do not require a response. However, to the extent a response is required, the allegations are denied.

4-5. The allegations contained in paragraphs 4 and 5 are admitted.

6. The  allegations in paragraph 6 constitute  legal conclusions of the pleader, and as such, do not require a response. However, to the extent a response is required, the allegations are denied.

7. This defendant admits that Paula Senior Fisher is a citizen of the District of Columbia. The remaining allegations contained in paragraph 7 are denied.

8 This defendant admits the allegations contained in paragraph  8.

9. The  allegations in paragraph 9 constitute  legal conclusions of the pleader, and as such, do not require a response. However, to the extent a response is required, the allegations are denied.

10. The contract between Hawk One Security Inc. and the Government of the District of Columbia speaks for itself.

11. The contract between Watkins Security Agency of D.C. Inc and the Government of the District of Columbia speaks for itself.

12. This defendant admits that she is employed by the Department of Health of the Government of the District of Columbia. The  remaining allegations in paragraph 12 constitute  legal conclusions of the pleader, and as such, do not require a response.

13. The allegations in paragraph 13 constitute  legal conclusions of the pleader, and as such, do not require a response.

14. This defendant admits the allegations contained in paragraph number 14.

15. This defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph numbered 15.

16. This defendant admits the allegations contained in paragraph number 16.

17. This defendant denies the allegations contained in paragraph number 17.

18. This defendant admits that on April 13, 2005, plaintiff had a conversation with Kenneth Wong. The remaining allegations contained in paragraph 18 are denied.

19. This defendant admits the allegations contained in paragraph 19.

20-21. This defendant admits that on April 13, 2005, she had a conversation with plaintiff. The remaining allegations contained in paragraphs 20 and 21 are denied.

22-28   This defendant denies the allegations contained in paragraphs number 22, 23, 24, 25, 26, 27 and 28.

29. This defendant admits that the security officers were employed by either Hawk One Security or Watkins Security Agency of DC Inc. The remaining allegations contained in paragraph 29 are denied.

30. This defendant admits that Officer Taylor had a conversation with plaintiff. The remaining allegations contained in paragraph 30 are denied.

31.-33.  This defendant admits that plaintiff had a conversation with the security officers. The remaining allegations contained in paragraphs 31, 32 and 33 are denied.

34. This defendant denies the allegations contained in paragraph number 34.

35-36.  The  allegations in paragraphs 35 and 36 constitute  legal conclusions of the pleader, and as such, do not require a response. To the extent that a response is required, said allegations are denied.

37. This defendant admits the allegations contained in paragraph 37.

38. This defendant denies the allegations contained in paragraph number 38.

.    39. The  allegations  contained  in paragraph 39 constitute legal conclusions of the pleader, and as such, do not require a response. To the extent that a response is required, said allegations are denied.

40-45. This  defendant denies the allegations contained in paragraphs number 40 , 41, 42, 43, 44 and 45 .

46. This defendant admits that plaintiff had a conversation with Mr. Wong. The remaining allegations contained in paragraph 46  are denied.

47. This defendant denies the allegations contained in paragraph  47.

48-51. This defendant denies the allegations contained in paragraphs 48, 49 50 and 51.

52. This defendant admits that plaintiff had a conversation with Ms. Deneen Long White. The remaining allegations contained in paragraph 52  are denied.

53-71. This defendant denies the allegations contained in paragraphs   53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70 and 71.

72. This defendant incorporates by reference her answers to paragraphs 1 through 71 of the complaint as if fully repeated herein.

73-83. This defendant denies the allegations contained in paragraphs 73, 74, 75, 76, 77, 78, 79, 80, 81, 82 and 83.

84. Paragraph number 84 contains plaintiff's prayer for relief to which no response in necessary. To the extent that a response is required, paragraph 84 is denied.

85. This defendant incorporates by reference her answers to paragraphs 1 through 84 of the complaint as if fully repeated herein.

86- 91. This defendant denies the allegations contained in paragraphs 86, 87, 88, 89, 90 and 91.

92. Paragraph number 92 contains plaintiff's prayer for relief to which no response in necessary. To the extent that a response is required, paragraph 92 is denied.

93-95. This defendant denies the allegations contained in paragraphs 93, 94 and 95.

96. Paragraph number 96 contains plaintiff's prayer for relief to which no response in necessary. To the extent that a response is required, paragraph 96 is denied.

97. This defendant incorporates by reference her answers to paragraphs 1 through 96 of the complaint as if fully repeated herein

98-103. This defendant denies the allegations contained in paragraphs 98, 99,100, 101, 102 and 103.

104. Paragraph number 104 contains plaintiff's prayer for relief to which no response in necessary. To the extent that a response is required, paragraph 104 is denied.

105. This defendant incorporates by reference her answers to paragraphs 1 through 104 of the complaint as if fully repeated herein

106-111. This defendant denies the allegations contained in paragraphs 106, 107, 108, 109, 110 and 111.

112. Paragraph number 112 contains plaintiff's prayer for relief to which no response in necessary. To the extent that a response is required, paragraph 112 is denied.

113.  This defendant incorporates by reference her answers to paragraphs 1 through 112 of the complaint as if fully repeated herein.

114.-121  This defendant denies the allegations contained in paragraphs 114 through 121.

122.  Paragraph number 122 contains plaintiff's prayer for relief to which no response in necessary. To the extent that a response is required, paragraph 122 is denied.

The  unnumbered **Wherefore** clause contains plaintiff's prayer for relief to which no response is necessary. To the extent a response is required, the allegations contained in the unnumbered **Wherefore** clause are denied.

Further answering the complaint, this defendant denies all  allegations not specifically admitted or otherwise answered and all allegations  of wrong doing.

## SECOND DEFENSE

To the extent that plaintiff was damaged and/or injured as alleged in the Complaint, said damages and/or injuries were the result of a third party that may or may not be a party to this action.

## THIRD DEFENSE

All actions performed by this defendant met or exceeded the applicable  standard  of care,  and did not rise to negligence or gross negligence.

## FOURTH DEFENSE

To the extent that plaintiff has suffered any damages alleged in the Complaint, those  damages resulted from his reckless, willful, and/or  wantonly negligent conduct, his  concurrent or contributory negligence, or  his assumption of risk.

FIFTH DEFENSE

To the extent that plaintiff has suffered any damages alleged in the Complaint, the plaintiff failed to mitigate her damages.

SIXTH DEFENSE

This defendant is immune from the claims in this lawsuit pursuant to the doctrines of sovereign , absolute, qualified or governmental immunity.

SEVENTH DEFENSE

The actions of this defendant were reasonably necessary to effect, maintain, and enforce the laws, statutes and or regulations of the United States and or the District of Columbia.

EIGHTH DEFENSE

The actions of this defendant, were taken in good faith and with reasonable belief in their lawfulness.

NINTH DEFENSE

The actions of the District of Columbia and its employees were discretionary decisions for which there can be no liability.

TENTH DEFENSE

The plaintiff has failed to comply with the mandatory requirements of D.C. Code § 12-309.

ELEVENTH DEFENSE

This defendant 's actions, if any, did not violate the plaintiff's constitutional and/or civil rights under the United States Constitution or 42 USC 1983.

TWELFTH

The plaintiff may have failed to exhaust her administrative remedies.

JURY DEMAND

This defendant demands a jury of the maximum allowed by law on all issues so triable.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____
KIMBERLY M. JOHNSON (# 435163)
Chief, General Litigation Section I

/s/
_____
MELVIN W. BOLDEN, JR. (# 192179)
Assistant Attorney General
441 Fourth St., N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-5695
(202) 727-3625
Attorneys for Defendant

JURY DEMAND

This Defendant demands a jury, of the maximum allowed by law, on all issues so triable.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer of Paula S. Fisher was served electronically on this 27th day of  February, 2006 on William P. Farley, Esquire.


Melvin W. Bolden, Jr.
Assistant Attorney General