IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARILYN MYRDAL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Civil Action No. 05-2351 |
| THE DISTRICT OF COLUMBIA, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL SCHEDULING CONFERENCE

The defendant District of Columbia ("District"), by and through undersigned counsel, hereby opposes plaintiff's first motion to compel scheduling conference. As reasons why this motion should not be granted, the District states the following:

1. The District filed a motion to dismiss the complaint as to this defendant on January 20, 2006. *See* Docket Entry # 10. Plaintiff opposed the motion on February 13, 2006, and on February 23, 2006 the District filed its reply. *See* Docket Entries # 15 and 19 respectively. Co-defendant Hawk One Security filed its Answer to plaintiff's complaint on January 27, 2006. *See* Docket Entry # 11. Co-defendant Paula Senior Fisher filed her Answer on February 27, 2006. *See* Docket Entry # 21. Co-defendant Watkins Security Agency of D.C. answered the Complaint on January 12, 2006. *See* Docket Entry #5.

2. In its motion, the District argued: 1) 1) plaintiff failed to allege sufficient facts to support any constitutional claim against the District; and 2) the Comprehensive Merit Protection Act provides the exclusive remedy for all claims raised by District employees. *See* District's Motion to Dismiss the Complaint at Docket Entry #10. The

Court has not yet ruled on the District's pending motion to dismiss, and a scheduling conference has not yet been scheduled. See Court's docketing.

    3.    Plaintiff now moves to compel and expedite a discovery conference pursuant to LCvR 16.3. See Pl.'s motion, generally.

    4.    A scheduling conference is premature at this time. Moreover, f

or judicial economy and to alleviate needless work on the part of defendants, stays of discovery are normally granted pending the outcome of dispositive motions.[1] There is a preference for the trial court to decide dispositive and jurisdictional motions before proceeding with discovery as a means of minimizing the cost and expense of time commonly associated with discovery. This policy recognizes that such an expense may well become needless should the court ultimately grant the motion. *See Marra v. Papandreou,* 33 F. Supp 2d 17, 20 (D.D.C. 1998); *Moldea v. New York Times,* 137 F.R.D. 1, 2 (D.D.C. 1990).

    5.    In this case, the District filed a motion that would dispose of all claims raised against it. Plaintiff's claims against the District relate to issues that may involve expansive, but needless discovery and would require this defendant to expend needless time and expense to respond to discovery when it is entitled to dismissal of the action against it. Plaintiff has already opposed the District's motion and has made no showing of any need for discovery prior to the resolution of the pending motion.

    6.    Plaintiff has not addressed the concerns weighing in favor of delaying and/or staying discovery, including the parties' Rule 16.3 conference. Plaintiff has not specifically stated facts that would indicate any prejudice she may suffer from such a stay.

---

[1] The District has moved for a stay of all proceedings under separate cover.

WHEREFORE, for the reasons stated herein, plaintiff Marilyn Myrdal's motion to compel a settlement conference must be denied.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, D.C.
    Civil Litigation Division

    _____
    PATRICIA A. JONES #428132
    Civil Litigation Division
    Chief, General Litigation Section IV

    _____
    GEORGE E. RICKMAN #433298
    Assistant Attorney General
    Civil Litigation Division
    General Litigation Section IV
    P.O. Box 14600
    Washington, DC 20044-4600
    202-442-9840/fax 202-727-3625