IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN MYRDAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2351 |
| ) | |
| THE DISTRICT OF COLUMBIA, *et al*., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO STAY PROCEEDINGS**

The defendant District of Columbia (the "District"), by and through undersigned counsel, hereby moves this Court to stay any further action in the case referenced above, including the parties' conference pursuant to LCvR 16.3, pending resolution of the District's dispositive motion. A scheduling conference has not yet been set in this matter. In support of this motion, the defendant states the following:

1. On or about December 8, 2005, the District filed its Notice of Removal of *Marilyn Myrdal v. District of Columbia, et al.*, Civil Action No. 05-2351, with this Court. See Docket Entry #1. On December 12, 2005, this Court received the original file from the D.C. Superior Court. See Docket Entry #2.

2. The District filed its Motion to Dismiss the Complaint on January 20, 2006, with plaintiff's opposition to this motion filed on February 13, 2006. *See* Docket Entries # 6, and 15. The District's reply was filed on February 23, 2006. *See* Docket Entry # 19. The defendant Hawk One Security answered the complaint on January 27,

2006. *See* Docket Entry # 11. Defendant Watkins Security responded on January 12, 2006. *See* Docket Entry # 5.

  3. On March 1, 2006, plaintiff contacted all parties in an effort to proceed with a conference pursuant to Local Rule 16.3(a). Plaintiff would not agree to await a ruling on the District's pending motion before proceeding with the conference. On April 25, 2006, plaintiff moved to compel the parties to participate in the LCvR 16.3 conference. This motion now follows.

  4. The District believes that its motion will dispose of all or substantive parts of plaintiff's claims. This would either eliminate the need for discovery altogether or at least eliminate discovery on those areas of the complaint that lack merit. The District therefore moves to stay any further activity in the case pending final disposition of the its dispositive motion.

  5. As matter of judicial economy and to alleviate needless work by defendants, stays of discovery or other activity in cases are normally granted pending the outcome of dispositive motions. There is a preference for the trial court to decide dispositive and jurisdictional motions before proceeding with discovery as a means of minimizing the cost and expense of time commonly associated with litigation as a whole. This policy recognizes that such an expense may well become needless should the court ultimately grant the motion. *See Marra v. Papandreou,* 33 F. Supp 2d 17, 20 (D.D.C. 1998); *Moldea v. New York Times,* 137 F.R.D. 1, 2 (D.D.C. 1990).

  6. LCvr 16.3 provides that "counsel…must confer, in accordance with this Rule and Rule 26(f), Federal Rules of Civil Procedure, within 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b)…." A

scheduling conference has not yet been set in this case. Any party may move to extend the deadline to a time fixed by the court on the ground that another defendant has not been served or has not yet appeared in the case, or for other sufficient reason." LCvR 16.3(a). The purpose of the Rule 16.3 meeting is to discuss discovery issues, and to prepare a discovery report. See 16.3(c); see also, 26.2. The District not only requests that the parties 16.3 meeting be stayed, but that discovery and all other proceedings be stayed as well, pending resolution of its dispositive motion.

WHEREFORE, defendant District requests that this Court stay all proceedings until this Court has resolved the District's pending dispositive motion.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division

_____
PATRICIA A. JONES #428132
Civil Litigation Division
Chief, General Litigation Section IV

_____
GEORGE E. RICKMAN #433298
Assistant Attorney General
Civil Litigation Division
General Litigation Section IV
P.O. Box 14600
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625

LCvR 7(m) Certificate

I do hereby certify that on March 1, 2006, that the undersigned contacted William Farley, Kelly Iverson, counsel for defendant Watkins Security, Leonard McCants counsel for defendnat Hawk One Security, and Melvin Bolden, counsel for defendant Paula Fisher, in an effort to obtain their consent to the relief sought herein. Mr. Farley informed the undersigned that he will oppose the motion. Mr. McCants informed the undersigned the he consents to the motion. Mr. Bolden informed the undersigned that he consents to the motion. The undersigned was unable to contact Ms. Iverson to discern her position and should therefore be considered as opposed to the relief sought herein. Mr. Farley was again contacted on May 9, 2006 in an effort to obtain his consent. Mr. Farley will oppose the relief sought herein

GEORGE E. RICKMAN
Assistant Attorney General, D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN MYRDAL,        )<br>                             )<br>       Plaintiff,           )<br>                             )<br>v.                            )<br>                             )<br>THE DISTRICT OF COLUMBIA, *et al.*,  )<br>                             )<br>       Defendants.       ) | Civil Action No. 05-2351 |

## DEFENDANT DISTRICT OF COLUMBIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS

As support and authority for this motion, the District defendant cites and relies upon the following:

1. Fed. R. Civ. P. 7.

2. LCvR 16.3

3. Fed. R. Civ. P. 26.

4. *Marra v. Papandreou,* 33 F. Supp 2d 17 (D.D.C. 1998).

5. *Moldea v. New York Times,* 137 F.R.D. 1 at 2 (D.D.C. 1990).

6. The equitable powers of the Court.

7. In the interest of justice and judicial economy.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division

                                                                                       _____
PATRICIA A. JONES #428132
Civil Litigation Division
Chief, General Litigation Section IV


                                                                    _____
GEORGE E. RICKMAN #433298
Assistant Attorney General
Civil Litigation Division
General Litigation Section IV
P.O. Box 14600
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625

Case 1:05-cv-02351-RCL    Document 24    Filed 05/09/2006    Page 7 of 7