UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARILYN SEABROOKS MYRDAL | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. 05CV-2351 |
| DISTRICT OF COLUMBIA, et al. | * | Judge: Royce C. Lamberth |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT WATKINS SECURITY AGENCY OF DC, INC.'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Plaintiff Marilyn Seabrooks Myrdal filed a six-count Complaint against the District of Columbia, Paula Senior Fisher, Hawk One Security, Inc., and Watkins Security Agency of DC, Inc. ("Watkins Security"). The only allegation against Watkins Security is that it employed security officers, Roger Harris, Kim Taylor, and Robert Stanley, and, therefore, is vicariously responsible for their alleged conduct. The Plaintiff also makes this blanket allegation against Hawk One Security, Inc. suggesting that both security providers were named in this Complaint because the Plaintiff did not know the proper party to be named. Watkins Security provided no security services at the District of Columbia Department of Health during the time frame at issue and, most importantly, did not employ any security officers at the District of Columbia Department of Health including Roger Harris, Kim Taylor, or Robert Stanley. The Plaintiff simply incorrectly named Watkins Security in this case.

Acknowledging this error, the Plaintiff and Hawk One Security Services, Inc., the very company that did employ the aforementioned security officers, have both voluntarily executed a

Stipulation of Dismissal dismissing Watkins Security without prejudice from this case. (A copy of the Stipulation of Dismissal is attached hereto as Exhibit 2). Repeated requests were made to the District of Columbia asking that it also execute the Stipulation dismissing Watkins Security. Counsel for the District of Columbia has never pointedly answered this request. (See email correspondence between counsel for Watkins Security and counsel for the District of Columbia, copies of which are attached hereto as Exhibit 3). Alternatively, counsel for Watkins Security requested the District to advise it of any objection it might have to dismissal of Watkins Security. This inquiry remains unanswered.

Similarly, Watkins Security requested that Paula Senior Fisher agree to dismiss it from this case. Although counsel for Ms. Fisher advised that he lacked sufficient information to make any such determination, counsel ignored a subsequent attempt by Watkins Security to provide the information counsel required to make an informed determination.

The failure of the District of Columbia and Ms. Fisher to execute the Stipulation of Dismissal and/or provide this Defendant with knowledge of any objection to its dismissal has necessitated the need to file the instant Motion. Ultimately, particularly considering Plaintiff's consent to dismiss without prejudice Watkins Security from this case, there is no legal basis that provides Ms. Myrdal the right to recover damages from Watkins Security. Accordingly, this Court should order the voluntary dismissal of all claims against Watkins Security, or alternatively, enter judgment in favor of Watkins Security.

## II. STANDARD OF REVIEW

As a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). The primary purpose of Rule 41(a)(2) is to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id.* Therefore, when faced with a Rule 41(a)(2) motion, the court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. *Id.* (citing *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998)). If not it should generally, absent some evidence of abuse by the movant, grant the motion. Even if the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it can craft conditions that will cure the prejudice rather than denying the motion outright. *Id.* at 317-18.

On the other hand, it is well settled that a defendant moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Where, as here, the non-moving party will bear the ultimate burden of persuasion at trial, "the burden on the moving party . . . may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the non-moving party's case." *Jones v. Ziegler*, 894 F. Supp. 880, 888 (D. Md. 1996), *aff'd,* 104 F.3d 620 (4th Cir. 1997) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). When the moving party has carried its burden under Rule 56(c), its opponent must proffer "sufficient proof, in the form of

3

admissible evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

Summary judgment procedure is properly regarded not as a disfavored procedural shortcut but, rather, as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (citing Fed. R. Civ. P. 1). It is "raised as a bulwark against claims based on speculation and inference" and is a "necessary complement to the liberal rules of pleading and discovery available in federal court." *Raynor v. Richardson-Merrell, Inc.*, 643 F. Supp. 238, 245 (D.D.C. 1986).

### III.  ARGUMENT

Watkins Security, as the Plaintiff and Hawk One agree, was improperly named as a party to this case. The only allegation against Watkins Security is that it employed security officers Roger Harris, Kim Taylor, and Robert Stanley, whose actions are at issue. Watkins Security did not employ the aforementioned persons or any person, for that matter, staffed at the District of Columbia Department of Health in April 2005. Further, Watkins Security neither had a business relationship with Hawk One Security, Inc. in April 2005 nor has it ever worked jointly with Hawk One. This Motion is necessitated because of the District and Ms. Fisher's failure to respond to Watkins Security's repeated requests that it either agree to dismiss this Defendant or provide it with the actual basis of any such denial.

Issues of agency are at the very heart of tort law and it is a well established tenet of this judicial system that a defendant cannot be held vicariously liable for the actions of a person not

under its employment. *Schecter v. Merchants Home Delivery, Inc.*, 892 A.2d 415, 427 (D.C. 2006) (quoting *Penn Cent. Transp. Co. v. Reddick*, 398 A.2d 27, 29 (D.C. 1979)). Because it is undisputed that Watkins Security did not employ any of the security personnel involved in this case and the Plaintiff plainly acknowledges that she erroneously named Watkins Security, this Court should either order the voluntary dismissal of all claims against Watkins Security, or enter judgment in favor of Watkins Security.

## IV.    CONCLUSION

For the forgoing reasons, Watkins Security respectfully requests that this Court grant its Motion to Dismiss or, alternatively, for Summary Judgment.

Respectfully submitted,

Kelly Hughes Iverson DC Bar # 487816
Goodell, DeVries, Leech & Dann, LLP
One South St. 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
(410) 783-4040 facsimile
Attorneys for Watkins Security Agency of D.C., Inc.

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this _16_ day of May, 2006, a copy of Defendant Watkins Security Agency of DC, Inc.'s Motion to Dismiss or, alternatively, for Summary Judgment, Statement of Undisputed Material Facts, Memorandum of Points and Authorities, and proposed Order was served, via U.S. Mail, postage prepaid, to:

William P. Farley
Karl & Tarone
900 17th Street, N.W., Suite 1250
Washington, D.C. 20006
**Attorney for Plaintiff**

Leonard L. McCants
McCants & Associates, LLC
8701 Georgia Ave., Suite 801
Silver Spring, Maryland 20910
**Attorney for Hawk One Security, Inc.**

George E. Rickman
Assistant Attorney General for the
District of Columbia
441 4th Street, NW
6th Floor South
Washington, D.C. 20001
**Attorney for District of Columbia**

Melvin Bolden, Jr.
Assistant Attorney General for the
District of Columbia
441 4th Street, NW
6th Floor South
Washington, D.C. 20001
**Attorney for Paula Senior Fisher**

Kelly Hughes Iverson