IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| MARILYN MYRDAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-2351 (RCL) |
| | ) |
| THE DISTRICT OF COLUMBIA, *et al*., | ) |
| | ) |
| Defendants. | ) |

THE DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR
LEAVE TO OPPOSE DEFENDANT WATKINS SECURITY'S
MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

Defendant the District of Columbia ("District"), by and through undersigned

counsel, hereby moves this Court to grants it leave pursuant to Fed. R. Civ. P. 6(b)(2) and

allow the District to files an opposition to co-defendant's motion for summary judgment

and/or to dismiss the complaint. As reasons for this motion, the District states the

following:

1.     In her complaint, plaintiff names the District, Paula Senior Fisher, Hawk

One Security and Watkins Security as defendants in this action. *See* Complaint

(generally). Plaintiff, an employee with the District, complains that her personal property

was illegally searched by security officers working for defendants Hawk One Security

and Watkins Security.  According to plaintiff, pursuant to a policy of the District, her

immediate supervisor, Paula Senior Fisher, ordered that she be searched. *See* Complaint

(generally). The District moved to dismiss the complaint on January 17, 2006.

2.     On May 16, 2006, defendant Watkins Security (hereinafter "Watkins")

moved for summary judgment or to dismiss the complaint. Plaintiff, Marilyn Seabrooks

Myrdal, opposed this motion on May 24, 2006, and Watkins filed its reply on June 6, 2006.

3.      In the motion filed by Watkins, it claims that it was not a contractor at the facility, and did not employ any of the persons identified as taking part in the complained of acts. *See* Defendant Watkins Security's Motion for Summary Judgment (generally) at Docket Entry # 25, filed May 16, 2006.  Since the filing of this motion, this defendant learned that defendant may have in fact had a contract at the facility in which the alleged events occurred, and would likely have been involved in any action taken regarding plaintiff in this matter. This would create a material issue of fact thereby defeating Watkins' motion.

4.      The District is requesting additional time to verify this information, and to obtain declarations and other information necessary to support its opposition to Watkins' dispositive motion.. This defendant therefore seeks an additional ten (10) days, or until July 19, 2006, in which to file its opposition.

5.      Under Fed. R. Civ. P. 6 (b)(2):

> "…upon motion made after the expiration of the specified period permit an act to be done where the failure to act was the result of excusable neglect…"

6.      Because undersigned counsel only recently learned about information that may be contrary to the arguments set forth in Watkins Security's Motion for Summary Judgment, it was unable to timely respond to the dispositive motion.  The District

believes that it has met its burden under Rule 6(b)(2), and asks this Court to grant its

motion.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division

_____
PATRICIA A. JONES #428132
Civil Litigation Division
Chief, General Litigation Section IV

_____
GEORGE E. RICKMAN #433298
Assistant Attorney General
Civil Litigation Division
General Litigation Section IV
441 Fourth Street, N.W., Sixth Floor South
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625

Local Rule 7 (m) Certification

I do hereby certify that on July 10, 2006, the undersigned attempted to contact Kelly Iverson, Esq., counsel for co-defendant Watkins Security, Assistant Attorney General, D.C. Melvin Bolden, counsel for co-defendant Paula Senior Fisher, William Farley, Esq., counsel for plaintiff, and Leonard McCants, Esq., counsel for co-defendant Hawk One Security  consent to the relief sought herein. Melvin Bolden, counsel for Paula Senior Fisher, consents to the relief sought by the District. Ms. Iverson indicated that on behalf of Watkins Security she will oppose the relief sought herein.  This motion should therefore be treated as opposed.

_____

GEORGE E. RICKMAN
Assistant Attorney General, D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

MARILYN MYRDAL,                                    )
                                                   )
                Plaintiff,                         )
                                                   )
v.                                                 )  Civil Action No. 05-2351 (RCL)
                                                   )
THE DISTRICT OF COLUMBIA, *et al.*,                )
                                                   )
                Defendants.                        )

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
THE DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR
LEAVE TO OPPOSE DEFENDANT WATKINS' SECURITY'S
MOTION TO DIMISS AND/OR FOR SUMMARY JUDGMENT

As support and authority for the defendant District of Columbia's motion for

leave to file its opposition out of time, this defendant cites to and relies on the following:

1.      Fed. R. Civ. P. 6(b)(2);

2.      The equitable powers of the Court;

3.      In the interest of justice and judicial economy;

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division

_____
PATRICIA A. JONES #428132
Civil Litigation Division
Chief, General Litigation Section IV

_____
GEORGE E. RICKMAN #433298
Assistant Attorney General
Civil Litigation Division
General Litigation Section IV
441 Fourth Street, N.W., Sixth Floor South
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625