UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARILYN SEABROOKS MYRDAL | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. 05CV-2351 |
| DISTRICT OF COLUMBIA, et al. | * | Judge: Royce C. Lamberth |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR LEAVE TO OPPOSE DEFENDANT WATKIN SECURITY AGENCY OF DC, INC.'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

Pursuant to Local Rule of Civil Procedure 7, Defendant Watkins Security Agency of DC, Inc. ("Watkins"), by and through undersigned counsel, files this Opposition to the Defendant District of Columbia's Motion for Leave to Oppose Defendant Watkins Security Agency of DC, Inc.'s Motion to Dismiss or, alternatively, for Summary Judgment. In support thereof, Watkins incorporates the attached Statement of Points and Authorities as if fully set forth herein.

Respectfully submitted,

Kelly Hughes Iverson DC Bar # 487816
Goodell, DeVries, Leech & Dann, LLP
One South St. 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
(410) 783-4040 facsimile
Attorneys for Watkins Security Agency
of DC, Inc.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

MARILYN SEABROOKS MYRDAL                *

    Plaintiff                                           *

v.                                                            *          Civil Action No. 05CV-2351

DISTRICT OF COLUMBIA, et al.           *          Judge: Royce C. Lamberth

    Defendants                                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR LEAVE TO OPPOSE DEFENDANT WATKINS SECURITY AGENCY OF DC, INC.'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

Defendant District of Columbia ("the District") is not entitled to leave to file an opposition out of time to Watkins' Motion to Dismiss or, alternatively, for Summary Judgment under Rule 6(b)(2) of the Federal Rules of Civil Procedure. Rule 6(b)(2) of the Federal Rules of Civil Procedure only allows for a party to perform a specified act after the time provided for the action has expired where the party's failure to perform was the result of excusable neglect. In this instance, the District's failure to timely oppose Watkins's Motion to Dismiss or, alternatively, for Summary Judgment does not meet this standard, as best demonstrated by the procedural posture of this case.

**II.   PROCEDURAL POSTURE**

The Plaintiff, Marilyn Seabrook Myrdal, filed this Complaint in the Superior Court for the District of Columbia on November 9, 2005. Subsequently, on or about December 8, 2005, the Plaintiff filed a Notice of Removal to the United States District Court for the District of Columbia. The Plaintiff asserted only one allegation against Watkins consisting of vicarious

2

liability for the actions of security officers Roger Harris, Kim Taylor, and Robert Stanley, whose conduct is at issue. The Plaintiff also made this blanket allegation against Defendant Hawk One Security, Inc. suggesting that both security providers were named in this Complaint because the Plaintiff did not know the proper party to be named. Subsequent investigation confirmed that Watkins did not employ the aforementioned persons. Before seeking dismissal, however, Watkins informally requested all other parties to advise it of any facts that would render Watkins a proper party to this case. Unaware of any such facts, the Plaintiff and Hawk One Security Services, Inc. executed a Stipulation of Dismissal dismissing Watkins without prejudice from this case. *See* Stipulation of Dismissal attached as Exhibit 1 (Ex1).

Repeated verbal requests were also made to the District asking that it advise whether it was aware of any facts that would suggest that Watkins was a proper party to this case and, if it was not aware of any such facts, that it execute the Stipulation dismissing Watkins Security without prejudice. The District ignored counsel's verbal requests and provided no response. Therefore, on May 1, 2006 written correspondence was directed to counsel for the District again requesting that it consent to the dismissal of Watkins or provide reason for any such denial. Counsel also advised that Watkins would be forced to move for summary judgment if it received no response. *See* Correspondence attached as Exhibit 2 (Ex2).

Later that same day, counsel for the District responded to above-referenced correspondence apologizing for the District's failure to respond to the Undersigned's request for consent to dismiss Watkins. Counsel for the District explained on May 1, 2006 that because of other matters, "this case has not received the attention it certainly deserves." *Id*. Importantly, counsel further indicated that he was then in the process of performing an investigation so that he might respond to Watkins' request. The District never again responded.

Thus, written correspondence was once again directed to the District on May 10, 2006 reiterating Watkins' request for the District's consent to its dismissal or, alternatively, advising of the basis for any such denial. Yet again, the District responded in no fashion to this inquiry.

Accordingly, on May 16, 2006, Watkins was forced to seek court intervention, incurring time and expense, and filed a Motion to Dismiss or, alternatively, for Summary Judgment. Pursuant to Local Rule 7, all oppositions to Watkins' motion were due on or before May 29, 2006. On May 24, 2006, the Plaintiff filed the only response to Watkins' motion. Significantly, the Plaintiff's response did not oppose the dismissal without prejudice of Watkins, but rather reiterated her express consent to the same. (The Plaintiff opposed only a dismissal *with* prejudice).

The District neither filed a response to Watkins' motion nor sought leave from the parties or the court for additional time to complete any investigation it deemed necessary. Rather, the District for the first time directed correspondence to all parties on July 10, 2006, in response to Watkins' motion and sought consent to file an untimely opposition. *See* Correspondence from George Rickman dated July 10, 2006 attached hereto as Exhibit 3 (Ex3).

In an effort to fairly evaluate the District's request, counsel for the District was contacted by telephone that same day and asked to explain the fruits of any investigation conducted that now served as a basis for the District's opposition to Watkins' motion. Consistent with the past course of conduct in this case, the District knew of no concrete information suggesting that Watkins was involved in any capacity with the incidents at issue in this case. Rather, counsel indicated that he required time to perform necessary investigation, an investigation that the District represented was underway no later than May 1, 2006 in this matter that was filed on or about November 9, 2005.

## III.   ARGUMENT

Federal Rule of Civil Procedure 6(b)(2) only permits a party to take specified action out of time where the failure to act is excusable. Here, there is no explanation for the District's failure to timely oppose Watkins' Motion to Dismiss or, alternatively, for Summary Judgment. Undersigned counsel contacted the District numerous times by telephone prior to May 1, 2006 seeking consent to the dismissal of Watkins or grounds for any such denial. These communications were ignored. Thus, written correspondence was directed to the District, beginning on May 1, 2006, seeking the same. The District responded on only one occasion and apologized for its lack of attention to this case. Further, the District assured that as of May 1, 2006, it was in the process of investigating its ability to consent to the dismissal of Watkins or any basis it might have to deny the same.

The District, despite acknowledgement of its inexcusable lack of attention to this case, responded in no fashion until July 10, 2006, more than 30 days after oppositions to Watkins' motion were due. Even at that time, however, the District was unable to offer any concrete information suggesting that Watkins had any role in this case. Rather, all actions by the District thus far appear to suggest that this Motion was filed so that the District might conduct an investigation that it represented as being underway several months ago.

Additionally, the District contends in its Motion that Watkins might have had a contract with it at the facility where the events at issue occurred and hence is seeking an opportunity to investigate that possibility. The District holds a unique and privileged position in this regard. It is the only party to this action who can identify, without formal discovery, all service providers with whom the District had contracts. Therefore, the District's investigation of any such issues should be more expeditious, as it holds unbridled access to such information.

The District has had ample time to investigate any basis that it might have to deny Watkins' request for dismissal without prejudice. The District has been unable, more than eight months after this action was filed, to provide any concrete facts that suggest that Watkins is a proper party to this action. More than enough time has passed for the District to determine which parties are involved in this case. Watkins' repeated requests to the District have gone ignored forcing it to incur time and expense preparing and filing the pending motion as well as this opposition. The District should not be permitted to force Watkins to incur still more expense under the guise of "investigation" more than eight months after this action was filed.

WHEREFORE, Watkins Security Agency of DC, Inc. respectfully requests that the Defendant District of Columbia's Motion for Leave to Oppose Defendant Watkins Security's Motion to Dismiss and/or for Summary Judgment be denied and further requests that Watkins be awarded reasonable costs associated with the filing of this Opposition.

Respectfully submitted,

Kelly Hughes Iverson DC Bar # 487816
Goodell, DeVries, Leech & Dann, LLP
One South St. 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
(410) 783-4040 facsimile
Attorneys for Watkins Security Agency
of D.C., Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 24th day of July, 2006, a copy of Defendant Watkins Security Agency of DC, Inc.'s Opposition to the Defendant District of Columbia's Motion for Leave to Oppose Defendant Watkins Security's Motion to Dismiss and/or for Summary Judgment was caused to be served electronically to:

William P. Farley
Karl & Tarone
900 17th Street, N.W., Suite 1250
Washington, D.C. 20006
**Attorney for Plaintiff**

Leonard L. McCants
McCants & Associates, LLC
8701 Georgia Ave., Suite 801
Silver Spring, Maryland 20910
**Attorney for Hawk One Security, Inc.**

George E. Rickman
Assistant Attorney General for the
District of Columbia
441 4th Street, NW
6th Floor South
Washington, D.C. 20001
**Attorney for District of Columbia**

Melvin Bolden, Jr.
Assistant Attorney General for the
District of Columbia
441 4th Street, NW
6th Floor South
Washington, D.C. 20001
**Attorney for Paula Senior Fisher**

Kelly Hughes Iverson

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

MARILYN SEABROOKS MYRDAL          *

    Plaintiff                         *

v.                                                *          Civil Action No. 05CV-2351

DISTRICT OF COLUMBIA, et al.      *          Judge: Royce C. Lamberth

    Defendants                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

Having considered Defendant District of Columbia's Motion for Leave to Oppose Defendant Watkins Security's Motion to Dismiss and/or for Summary Judgment and all Opposition thereto, it is hereby ORDERED that the Motion is DENIED. It is further ordered that reasonable costs in the amount $_____ are awarded to Defendant Watkins Security Agency of DC, Inc. and are to be paid by the Defendant District of Columbia.

 

_____
Hon. Royce C. Lamberth
UNITED STATES DISTRICT JUDGE
United States District Court for the District of Columbia



Date:_____

cc:

William P. Farley
Karl & Tarone
900 17th Street, N.W., Suite 1250
Washington, D.C. 20006
**Attorney for Plaintiff**

Kelly Hughes Iverson
Goodell, DeVries, Leech & Dann, LLP
One South St. 20th Floor
Baltimore, Maryland 21202
**Attorneys for Watkins Security Agency
of D.C., Inc.**

Leonard L. McCants
McCants & Associates, LLC
8701 Georgia Ave., Suite 801
Silver Spring, Maryland 20910
**Attorney for Hawk One
Security, Inc.**

George E. Rickman
Assistant Attorney General for the
District of Columbia
441 4th Street, NW
6th Floor South
Washington, D.C. 20001
**Attorney for District of Columbia**

Melvin Bolden, Jr.
Assistant Attorney General for the
District of Columbia
441 4th Street, NW
6th Floor South
Washington, D.C. 20001
**Attorney for Paula Senior Fisher**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARILYN SEABROOKS MYRDAL | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. 05CV-2351 |
| DISTRICT OF COLUMBIA, et al. | * | Judge: Royce C. Lamberth |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### STIPULATION OF DISMISSAL

Plaintiff, Marilyn Seabrook Myrdal, and Defendants through undersigned counsel, stipulate pursuant to Fed. R. Civ. P. 41 (a) (1) to the dismissal without prejudice of all claims against Defendant, Watkins Security Agency of D.C., Inc. in the above-captioned action.

_____
Kelly Hughes Iverson
Goodell, DeVries, Leech & Dann, LLP
One South St. 20th Floor
Baltimore, Maryland 21202
Attorney for Watkins Security Agency
of D.C., Inc.

_____
William P. Farley
Karl & Tarone
900 17th Street, N.W., Suite 1250
Washington, D.C. 20006
Attorney for Plaintiff

_____
Leonard L. McCants
McCants & Associates, LLC
8701 Georgia Ave., Suite 801
Silver Spring, Maryland 20910
Attorney for Hawk One
Security, Inc.

_____
George E. Rickman
Assistant Attorney General for the
District of Columbia
441 4th Street, NW
6th Floor South
Washington, D.C. 20001
Attorney for District of Columbia

747272


EXHIBIT 1

# Kelly Donohue

| | |
|---|---|
| From: | Kelly Donohue |
| Sent: | Wednesday, May 10, 2006 9:38 AM |
| To: | 'Rickman, George (OAG)'; 'melvin.bolden@dc.gov' |
| Subject: | Myrdal v. District of Columbia, et al |

Dear Mr. Rickman and Bolden:

I am writing with regard to my most recent request that the District and Ms. Fisher consent to the dismissal of Watkins Security from the above-referenced case or provide me a reason for any such denial. I have not received a response either way. If you would be so kind as to contact me before the end of the day today I would be most appreciative.

Thank you in advance for your cooperation.

Kelly Donohue

IMPORTANT CONFIDENTIALITY NOTICE
This message from the law firm of Goodell, DeVries, Leech & Dann, LLP
contains information that may be privileged, confidential,
and protected from disclosure under applicable law. If the
reader of this message is not the intended recipient or the
employee or agent responsible for delivering the message to
the intended recipient, you are hereby notified that any
dissemination, distribution, or copying of this communication
is strictly prohibited.

If you have received this communication in error, please
reply to the sender that you have received the message in
error and delete the message, or notify us immediately at
our telephone number: (410)783-4000.



1

**Kelly Donohue**

| | |
|---|---|
| **From:** | Rickman, George (OAG) [george.rickman@dc.gov] |
| **Sent:** | Monday, May 01, 2006 2:33 PM |
| **To:** | Kelly Donohue |
| **Subject:** | RE: Mrydal v. District of Columbia, et al |

Ms. Donohue: I see you are aware that I represent the District of Columbia ("District") and not Ms. Fisher. I apologize for not getting back to you concerning your request that I agree, on behalf of the District, to the voluntary dismissal of your client. I sincerely apologize for any delay in responding to your request, but because of other very pressing matters, this case has not received the attention it certainly deserves. I am making inquiries to verify your assertions, and once I receive further information, I can respond to your request. Again, I extend my most sincere apologies and will get back to you as soon as practicable.

Respectfully,

George E. Rickman
Assistant Attorney General, D.C.
Civil Litigation Division
General Litigation Section IV
202-442-9840

**From:** Kelly Donohue [mailto:kad@GDLDLAW.com]
**Sent:** Monday, May 01, 2006 2:05 PM
**To:** george.rickman@dc.gov; melvin.bolden@dc.gov
**Subject:** Mrydal v. District of Columbia, et al

Dear Mr. Rickman and Bolden:

I am writing to request your authority to execute a stipulation dismissing Watkins Security Agency of D.C., Inc. from the above-referenced case. As I previously indicated, the Plaintiff has agreed to dismiss Watkins Security from this case because it was improperly named, as it did not employee the security officers whose conduct is at issue. Counsel for Hawk One Security has similarly agreed to dismiss Watkins.

If you would be so kind as to provide me with your authorization to dismiss Watkins Security from this case, I would be most appreciative. Our investigation has revealed no reason to keep Watkins Security a party to this action. If there is some reason that you cannot provide me authority to sign the stipulation of dismissal on behalf of the District and Paula Fisher, please contact me at your earliest convenience so that we can discuss your concerns. If I do not receive a response from you within the week I will need to move for summary judgment.

Thank you in advance for your cooperation.

Best wishes,
Kelly Donohue

IMPORTANT CONFIDENTIALITY NOTICE
This message from the law firm of Goodell, DeVries, Leech & Dann, LLP
contains information that may be privileged, confidential,
and protected from disclosure under applicable law. If the
reader of this message is not the intended recipient or the
employee or agent responsible for delivering the message to

5/10/2006

he intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.

If you have received this communication in error, please reply to the sender that you have received the message in error and delete the message, or notify us immediately at our telephone number: (410)783-4000.

5/10/2006

## John Gilman

**From:** Kelly Donohue
**Sent:** Wednesday, May 10, 2006 10:54 AM
**To:** Bolden, Melvin (OAG)
**Subject:** RE: Myrdal v. District of Columbia, et al

Dear Mr. Bolden:

Thank you for the response.

What kind of information do you require and I will do my best to accommodate you? As you are aware, Richard Hamilton executed an affidavit demonstrating that Watkins had no involvement with the security services provided at the Department of Health and did not employ the security officers whose actions are at issue. This affidavit was satisfactory for the Plaintiff and Hawk-One to consent to dismissal of Watkins. What additional information might you require to feel you have sufficient information?

Thanks,
Kelly Donohue

---

**From:** Bolden, Melvin (OAG) [mailto:Melvin.Bolden@dc.gov]
**Sent:** Wednesday, May 10, 2006 10:46 AM
**To:** Kelly Donohue
**Subject:** RE: Myrdal v. District of Columbia, et al

Fisher lacks information sufficient to consent. It will be necessary to review the motion.

---

**From:** Kelly Donohue [mailto:kad@GDLDLAW.com]
**Sent:** Wednesday, May 10, 2006 10:23 AM
**To:** Rickman, George (OAG); melvin.bolden@dc.gov
**Subject:** Myrdal v. District of Columbia, et al

Dear Mr. Rickman and Bolden:

Please be advised that we intend to file a motion today seeking dismissal of Watkins from this case. Please contact me promptly if I have your consent to dismiss Watkins.

Thank you,
Kelly Donohue

IMPORTANT CONFIDENTIALITY NOTICE
This message from the law firm of Goodell, DeVries, Leech & Dann, LLP
contains information that may be privileged, confidential,
and protected from disclosure under applicable law. If the
reader of this message is not the intended recipient or the
employee or agent responsible for delivering the message to
the intended recipient, you are hereby notified that any
dissemination, distribution, or copying of this communication

5/10/2006

is strictly prohibited.

If you have received this communication in error, please reply to the sender that you have received the message in error and delete the message, or notify us immediately at our telephone number: (410)783-4000.

5/10/2006

## Kelly Donohue

**From:** Kelly Hughes Iverson
**Sent:** Monday, July 10, 2006 12:24 PM
**To:** Rickman, George (OAG); 'farley@dccounselor.com'; Bolden, Melvin (OAG); mccantslaw@aol.com
**Cc:** Kelly Donohue
**Subject:** RE: Myrdal v. District of Columbia, et al

George:

Per your conversation with Kelly Donohue of my office, it is my understanding that you are still unable to provide us with any concrete information that suggests that Watkins was involved in this incident. Given the fact that before we undertook the time and expense to write and file a motion, we asked you on multiple occasions whether you had any information that would suggest Watkins' involvement, the continued absence of any such information, and the timing of the request, I regret that we are unable to consent to your motion.

Feel free to contact me if you should have any questions.

Kelly


Kelly Hughes Iverson
Goodell, DeVries, Leech & Dann, LLP
One South St., 20th Floor
Baltimore, MD 21202
410-783-4022
khi@gdldlaw.com


**From:** Rickman, George (OAG) [mailto:george.rickman@dc.gov]
**Sent:** Monday, July 10, 2006 10:03 AM
**To:** 'farley@dccounselor.com'; Bolden, Melvin (OAG); mccantslaw@aol.com; Kelly Hughes Iverson
**Subject:** [Filter Test: C11]

I write to obtain the respective parties'melvin.bolden consent to a motion for leave to oppose defendant Watkins Security's motion for summary judgment that was filed on their behalf in the case of Marilyn Myrdal v. District of Columbia, et al., Civil Action No. 05-2351 (RCL). I will be asking the Court for an additional ten days in which to file our opposition. This will enable the District of Columbia to obtain the necessary declarations to support its opposition.

Thank you for immediate attention.

George E. Rickman
Assistant Attorney General, D.C.
Civil Litigation Division/ General Litigation Section IV
202-442-9840

Attorney for the District of Columbia



EXHIBIT 3

7/24/2006