UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARILYN SEABROOKS MYRDAL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-2351 (RCL) |
| THE DISTRICT OF COLUMBIA, et al. | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

On January 17, 2006, the defendant District of Columbia (the District) filed a motion [6, corrected to 31] to dismiss under Fed. R. Civ. P. 12(b)(6). Plaintiff Marilyn Seabrooks Myrdal (Ms. Myrdal) filed her opposition [15] to the District's motion on February 13, 2006. The District replied [19] to Ms. Myrdal's opposition on February 23, 2006. Upon consideration of the pleadings, the motion, the opposition, and the memoranda of points and authorities, this Court finds that the District's motion [31] shall be DENIED.

The District argues that Ms. Myrdal has failed to state a claim for violations of her civil rights (Counts IV and V) under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), because her allegations "are simply conclusory statements of law couched as facts." (Def.'s Repl. 3.) This Court will dismiss a claim pursuant to Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). This Court must accept as true the factual allegations in the complaint, and construe the complaint liberally in favor of Ms. Myrdal. *See Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

However, this Court need not accept asserted inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. *Id.* To state a claim under *Monell*, Ms. Myrdal must allege a deprivation of her constitutional rights "pursuant to an official policy of some nature," which policy was the "moving force" behind the deprivation. 436 U.S. at 690-691. Alternatively, Ms. Myrdal must allege that the deprivation was caused by the action of an official who "possesses final authority to establish municipal policy with respect to the action ordered." *Brown v. City of Fort Lauderdale*, 923 F.2d 1474 (11th Cir. 1991) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986)). In this case, Ms. Myrdal has alleged, though in a conclusory manner, that an official policy or custom existed, which was the moving force behind the search her supervisor, Ms. Fisher, ordered the security guards to undertake. (Compl. ¶¶ 53-56.) In addition, Ms. Myrdal has alleged that her supervisor is the "Acting Assistant Deputy Director for Health Promotion at the District of Columbia Department of Health." (Compl. ¶ 7.) Accepting these allegations as true, and construing them liberally in Ms. Myrdal's favor, this Court finds that this is sufficient to state a claim under *Monell* and therefore the District's motion [31] shall be denied with respect to Counts IV and V of the complaint.

Furthermore, this Court finds unpersuasive the District's argument that the D.C. Comprehensive Merit Personnel Act (CMPA), D.C. Code § 1-601.01 *et seq.* (2006), preempts Ms. Myrdal's common law tort claims of false imprisonment, false arrest, civil conspiracy, and assault (Counts I, II, III, and VI, respectively). This Court agrees with the District of Columbia Court of Appeals' holding in <u>King v. Kidd</u>, 640 A.2d 656 (D.C. 1993), that "the CMPA implicitly preempts a common law action only if the employee claims wrongful treatment and injury cognizable as a 'personnel issue' under the Act's 'performance ratings,' 'adverse actions,' and employee 'grievances' provisions." *Id.* at 663 (quoting *District of Columbia v. Thompson*,

593 A.2d 621, 635 (D.C. 1991)).  Here, Ms. Myrdal alleges that her supervisor, Ms. Fisher, ordered Ms. Myrdal to return a cancelled credit card previously issued to her by the District. (Compl. ¶¶ 14, 16-17, 20.)  Ms. Myrdal alleges that Ms. Fisher ordered security guards to search her personal belongings for the credit card.  (Compl. ¶¶ 21-38, 42-44, 50.)  This Court does not find that these actions fall within the CMPA's grievance provisions.  *See, e.g.*, D.C. Code § 1-613.52 (2006) (performance management system); *id.* § 1-616.52 (disciplinary grievances and appeals).  Therefore this Court shall deny the District's motion [31] with respect to Counts I, II, III, and VI of the complaint.

For the foregoing reasons, it is hereby

ORDERED that the defendant District of Columbia's motion [31] to dismiss is DENIED.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, September 29, 2006.