IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN MYRDAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2351 |
| ) | |
| THE DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

THE DEFENDANT DISTRICT OF COLUMBIA'S
ANSWER TO PLAINTIFF'S COMPLAINT

First Defense

Plaintiff has failed to state a claim upon which relief can be granted.

Second Defense

The defendant District of Columbia ("District") hereby responds to plaintiff's numbered averments as follows:

1.-2. The District acknowledges the existence of the statutes as cited in ¶¶ 1 and 2 of the complaint, but denies that jurisdiction is necessarily conferred thereby.

3. The District admits that it is headquartered in the District of Columbia as alleged in ¶ 3 of the complaint, but denies that venue is necessarily proper.

4. The District admits the allegations as stated in ¶ 4 of the complaint.

5. The District denies that Ms. Seabrooks presently is the administrator at the Maternal and Family Health Administration of the District of Columbia Department of Health ("DOH").

6. The District admits the allegations as stated in ¶ 6 of the complaint.

7. The District is without sufficient information to either admit or deny that Paula Senior Fisher is a citizen of the District of Columbia. The District denies that Paula Senior Fisher presently is currently the Acting Assistant Deputy Director for Health Promotion at DOH.

8. The District admits the allegation as stated in ¶ 8 of the complaint.

9. The allegation as contained in ¶ 9 of the complaint state the legal conclusions of the pleader to which no response is required.

10. The District admits that defendant Hawk One Security is a security company. Further answering, the District denies the remaining allegations as stated in ¶ 10 of the complaint.

11. The District admits that Watkins Security Agency is a security company. Further answering, the District denies the remaining allegations as stated in ¶ 11 of the complaint.

12-13. The District admits the allegations as stated in ¶¶ 12 and 13 of the complaint.

## II. ALLEGATIONS

14. The District admits the allegations as stated in ¶ 14 of the complaint.

15. The District is without sufficient information to either admit or deny the allegation as contained in ¶ 15 of the complaint. To the extent any response is require, the District denies the allegations.

16. The District admits the allegations as stated in ¶ 16

17. The District admits the allegations as contained in ¶ 17 of the complaint.

18. The District is without sufficient information to either admit or deny the allegations as contained in ¶ 18 of the complaint.

19. The District admits the allegations as contained in ¶ 19 of the complaint.

20.-28. The District is without sufficient information to either admit or deny the allegations as contained in ¶¶ 20 through 29 of the complaint. To the extent any response is required, the District denies the allegations.

29. The District denies the allegations in ¶ 29 of the complaint.

30-34. The District is without sufficient information to either admit or deny the allegations as stated in ¶¶ 30 and 34 of the complaint. To the extent any response is required, the District denies the allegations.

35-36. The allegations as stated in ¶¶ 34 through 36 of the complaint state the legal conclusions of the pleader to which no response is required.

37. The District admits the allegations as contained in ¶ 37 of the complaint.

38. The District is without sufficient information to either admit or deny the allegations as contained in ¶ 38 of the complaint. To the extent a response is required, the District denies the allegations as contained in ¶ 38 of the complaint.

39. The allegations as stated in ¶ 39 of the complaint state the legal conclusions of the pleader to which no response is required.

40.-43. The District is without sufficient information to either admit or deny the allegations as stated in ¶¶ 40 through 43 of the complaint. To the extent any response is required, the District denies the allegations.

44. The District admits that Security Supervisor Officer Stanley was present in Ms Seabrooks' office, but is without sufficient information to either admit or deny the

allegation that Officer Stanley was summoned by Officer Taylor. To the extent any response is required, the District denies the allegations.

45. The District denies the allegations as contained in ¶ 45 of the complaint.

46. The District is without sufficient information to either admit or denyt the allegations as contained in ¶ 46 of the complaint. To the extent any response is required, the District denies the allegations.

47. The District admits the allegations as contained in ¶¶ 47 and 48 of the complaint.

49. The District admits that Mr. Wong instructed plaintiff to return the cancelled credit card to him.  This defendant denies all remaining allegations as contained in ¶ 49 of the complaint.

50-51. The District denies the allegations as contained in ¶¶ 50 and 51 of the complaint.

52. The District admits that Deneen Long White, Chief of Data Collections and Analysis Division, came to Ms. Seabrooks office. Further responding, the District is without sufficient information to either admit or deny the allegation that Ms. Seabrooks informed her that Ms. Senior Fisher had called security personnel to force her to surrender the travel credit card. To the extent any response is required, the District denies the allegation.

53-56. The District denies the allegations as stated in ¶¶ 53 through 56 of the complaint.

57.     The allegations as stated in ¶ 57 of the complaint state the legal conclusions of the pleader to which no response is required.

58. The District denies the allegations as stated in ¶ 58 of the complaint.

59.-63. The allegations as stated in ¶¶ 59 through 63 of the complaint state the legal conclusions of the pleader to which no response is required.

64. The District denies the allegations as stated in ¶ 64 of the complaint.

65. The allegations as stated in ¶¶ 65 of the complaint state the legal conclusions of the pleader to which no response is required.

66.-71. The District denies the allegations as stated in ¶ 66 through 71 of the complaint.

## COUNT I

### (False Imprisonment)

72. The District hereby incorporates its responses to ¶¶ 1 through 71 by reference herein.

73. The District denies the allegations as stated in ¶ 73 of the complaint.

74. The District is without sufficient information to either admit or deny the allegations as stated in ¶ 74 of the complaint. To the extent any response is required, the District denies the allegations.

75.-78. The allegations as stated in ¶¶ 75 through 78 of the complaint state the legal conclusions of the pleader to which no response is required.

79.-83. The District denies the allegations as stated in ¶¶ 79 through 83 of the complaint.

84. The allegations of ¶ 84 of the complaint do not require a response from this defendant. To the extent a response is required, plaintiff is not entitled to the relief requested.

## COUNT II

(False Arrest)

85. The District hereby incorporates its responses to ¶¶ 1 through 84 by reference herein.

86-91. The District denies the allegations as stated in ¶¶ 86 through 91 of the complaint.

92. The allegations of ¶ 92 of the complaint do not require a response from this defendant. To the extent a response is required, plaintiff is not entitled to the relief requested.

## COUNT III

(Civil Conspiracy)

93. The District hereby incorporates its responses to ¶¶ 1 through 92 by reference herein.

94-95. The District denies the allegations as stated in ¶¶ 94 and 95.

96. The allegations of ¶ 96 of the complaint do not require a response from this defendant. To the extent a response is required, plaintiff is not entitled to the relief requested.

## COUNT IV

(Violation of 42 U.S.C. 1983)

97. The District hereby incorporates its responses to ¶¶ 1 through 96 by reference herein.

99-103. The District denies the allegations as stated in ¶¶ 99 through 103.

104. The allegations of ¶ 104 of the complaint do not require a response from this defendant. To the extent a response is required, plaintiff is not entitled to the relief requested.

## COUNT V

(Refusing or Neglecting to Prevent—42 U.S.C. 1983)

105. The District hereby incorporates its responses to ¶¶ 1 through 104 by reference herein.

106-111. The District denies the allegations as stated in ¶¶ 106 through 111.

112. The allegations of ¶ 112 of the complaint do not require a response from this defendant. To the extent a response is required, plaintiff is not entitled to the relief requested.

## COUNT VI

(Assault)

113. The District hereby incorporates its responses to ¶¶ 1 through 112 by reference herein.

114. The District is without sufficient information to either admit or deny the allegations as stated in ¶ 114 of the complaint. To the extent any response is required, the District denies the allegations.

115. The allegations as stated in ¶ 115 of the complaint state the legal conclusions of the pleader to which no response is required.

116.-119.. The District denies the allegations as stated in ¶¶ 116 through 119 of the complaint.

120.  The District is without sufficient information to either admit or deny the allegations as stated in ¶ 120 of the complaint. To the extent any response is required, the District denies the allegations.

121.. The District denies the allegations as stated in ¶¶ 121 of the complaint.

122.  The allegations of ¶ 122 of the complaint do not require a response from this defendant.  To the extent a response is required, plaintiff is not entitled to the relief requested.

Further answering, the District herein denies any all allegations of wrongful conduct, intentional or otherwise, not specifically admitted to or otherwise answered.

### Third Defense

The actions of the District, by and through its agents/or employees were reasonably necessary to effect, maintain and enforce the laws of the United States of America and/or the District of Columbia.

### Fourth Defense

The actions of the District, by and through its agents and/or employees, were taken in good faith and with a reasonable belief in their lawfulness.

### Fifth Defense

The actions of the District, by and through its agents and/or employees, complied with all applicable laws and met or exceeded all applicable standards of care.

## Sixth Defense

If plaintiff was injured as alleged in the complaint, such injuries were the result of the criminal acts of third persons and not the District, its employees or agents.

## Seventh Defense

If plaintiff was injured as alleged in the complaint, such injuries were the result of his sole or contributory negligence and/or assumption of the risk.

## Eighth Defense

This action may be barred by the doctrine of laches and/or the applicable statutes of limitations.

## Ninth Defense

Plaintiff can not prove facts sufficient to maintain a constitutional cause of action against the District pursuant to 42 U.S.C. § 1983, *et seq.*

## Tenth Defense

The District denies all allegations of wrongdoing, including, but not limited to, violations of common law, constitutional law, statutory and operational standards, negligence and deliberate indifference.

## Eleventh Defense

The District is not liable for the conduct of any of its employees who may have acted beyond the scope of their employment.

## Twelfth Defense

Plaintiff has failed to mitigate damages.

Thirteenth Defense

The plaintiff may have failed to fully comply with the mandatory requirements of D.C. Official Code § 12-309.

SET-OFF

This District claims a set-off for any and all funds paid to plaintiff by Medicaid or any other form of public assistance or aide as a result of this incident.

JURY DEMAND

The District demands a jury trial on all issues so triable.

WHEREFORE, having fully answered, the District requests that the Plaintiff's Complaint be dismissed with prejudice, with costs awarded.

FURTHER, the District reserves the right to amend its answer pursuant to Fed. Rule Civ. Procedure 15.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division

_____
PATRICIA A. JONES #428132
Chief, General Litigation Sec. IV

_____
GEORGE E. RICKMAN #433298
Assistant Attorney General
General Litigation Section IV
441 Fourth Street, N.W., Sixth Floor South
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625

Case 1:05-cv-02351-RCL    Document 34    Filed 10/18/2006    Page 11 of 11