UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN SEABROOKS MYRDAL** )<br>)<br>    **Plaintiff,** )<br>)<br>         v. ) **C.A. No. 05 CV 02351 (RCL)**<br>)<br>**THE DISTRICT OF COLUMBIA, et al.** )<br>)<br>)<br>    **Defendants.** )<br>) | |

**PLAINTIFF'S FIRST MOTION FOR LIMITED EXTENSION OF PLAINTIFF'S DISCOVERY PERIOD AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff respectfully requests a limited forty-five day extension of Plaintiff's discovery period in the above-referenced case. Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Rule 16.4(a) of the Local Rules for the U.S. District Court, her request should be granted.

Pursuant to local rule 7 Plaintiff requested Defendant's consent to this motion. Defendants do not consent.

Plaintiff was a high ranking manager with the District of Columbia until she complained that her purse and other personal effects were searched by D.C. employees and others.

Plaintiff served her discovery requests for interrogatories and requests for documents

on December 21, 2006. Defendant Fisher served her discovery responses months late and the interrogatories were unsigned. The discovery responses from defendant Fisher were delivered just this afternoon, March 12, 2007. Defendant Hawk One has not served any discovery responses. Defendant District of Columbia has sent interrogatories that do not comply with the Rules of Civil Procedure.

Thus, Plaintiff should have her discovery period enlarged and Defendant should be limited to the discovery they have already received. In support of her Motion, Plaintiff states as follows:

1.

On December 21, 2006, Myrdal served her First Request for the Production of Documents and her First Request for Interrogatories upon each of the respective Defendants. *See* Declaration of William P. Farley, ¶ 2 (Farley Decl.). Defendants never responded to those requests until the District responded on February 27, 2007. The District's interrogatories are not signed by a person with knowledge, instead they are signed by a paralegal *to the best of her [the paralegal's] knowledge*. A copy of Defendant District of Columbia's Interrogatory Response is attached here as Exhibit "A." Of course, the law requires interrogatories to be answered to the best of the municipalities' knowledge.

The District's response includes answers that they did not know which security company they had hired (Interrogatory response No. 5). and did not provide any interrogatory type responses to numerous requests. *See* Exhibit "C." Declaration of William P. Farley, ¶

2 (Farley Decl.).

On the other hand, Plaintiff was served with discovery requests on January 22, 2007. On February 14, 2007, Plaintiff served her discovery responses - *almost two week early.*

2.

Myrdal has not been provided the discovery she is due from each of the respective defendants. None of the Defendant have answered Plaintiff's Requests for Interrogatories or Requests for the Production of Documents in accordance with the rules. Farley Decl. ¶ 1-8. Myrdal seeks to take depositions as soon as she receives the discovery he is entitled to receive.

3.

On December 1, 2006, the Court issued its Scheduling Order, in which the deadline for discovery was set for Saturday, March 10, 2007. A copy of the Court's December 1, 2007 Scheduling Order is attached as Exhibit "D."

4.

Plaintiff has never requested an extension of time in this matter and served all of her discovery responses almost two weeks earlier than they were due.

5.

Myrdal's counsel contacted Defendant's counsel in a good-faith effort to discuss a limited extension of Plaintiff's discovery period. Defendant Fisher did not consent to a forty-five day extension of time.

6.

Rule 16(b) of the Federal Rules of Civil Procedure allows for modifications to a deadline set in a scheduling order "upon a showing of good cause." Fed. R. Civ. P. 16(b). Similarly, Local Rule 16.4 authorizes the Court to "modify the scheduling order at any time upon a showing of good cause." LCvR 16.4(a).

7.

Good cause exists to extend Plaintiff's discovery period by forty-five days in this case. Myrdal's counsel needs a brief extension of time to receive and review any discovery that Defendant will provide and have signed interrogatories. The brief forty-five-day extension would allow Myrdal to finish any remaining discovery efforts before submitting dispositive motions.

8.

Good cause to extend Myrdal's discovery period also exists in this case given the lack of any response by Defendant Hawk One, Defendant Fisher having her responses delivered today, and Defendant District of Columbia serving responses signed by a paralegal without knowledge to Myrdal's discovery requests. Myrdal has not been able to conduct adequate discovery into Defendant's actions within the current discovery period because Defendant refuses to follow the rules.

9.

Finally, good cause exists because a limited, forty-five-day extension of Myrdal's

discovery period would not prejudice the parties or frustrate the proceedings. Myrdal's instant Motion seeks a brief, forty-five--day extension of Myrdal's discovery period.

**WHEREFORE**, Myrdal respectfully moves this Court for a forty-five-day extension of Myrdal's discovery period. The forty-five days to commence from the time the Court's Order is received by plaintiff's counsel.

Respectfully submitted,

    /s/ William P. Farley
William P. Farley, D.C. Bar No. 466280
Law Office of William P. Farley, P.C.
1350 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 775-1550
(202) 775-0008 (fax)
farley@dccounselor.com
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN SEABROOKS MYRDAL** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**THE DISTRICT OF COLUMBIA, et al.** )<br>)<br>)<br>**Defendants.** )<br>) | **C.A. No. 05 CV 02351 (RCL)** |

## ORDER

Upon consideration of Plaintiff's First Motion for Limited Extension of Plaintiff's Discovery Period, Plaintiff's memorandum of points and authorities in support thereof, the Defendants' opposition, if any, thereto, Plaintiff's Reply and the record herein, it is the ___ day of _____ 2007 hereby:

**ORDERED** that the Plaintiff's motion be and hereby is **GRANTED**; and it is further

**ORDERED** that Plaintiff's shall have forty-five--days of discovery from the date she receives this order.

_____
Judge Royce C. Lamberth
United States District Court Judge

Copies to:

William P. Farley, P.C.
1350 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 775-1550
(202) 775-0008 (fax)
farley@dccounselor.com
Counsel for Plaintiff

Leonard Lewis McCants - #328526
8701 Georgia Avenue
Suite 801
Silver Spring, Maryland 20910
mccantslaw@aol.com
Counsel for Defendant Hawk Security

George E. Rickman #433298
Assistant Attorney General
Civil Litigation Division
General Litigation Section IV
P.O. Box 14600
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625 - george.rickman@dc.gov
Counsel for Defendant District of Columbia

Melvin Bolden, Esquire
Assistant Attorney General
Civil Litigation Division
General Litigation Section IV
P.O. Box 14600
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625
Counsel for Defendant Paula Senior Fisher
Melvin.Bolden@dc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiff's First Motion for Limited Extension of Plaintiff's Discovery Period was served on defendants Howard University by the Court's Electronic Filing System, on this 12th day of March 2007 to:

>Leonard Lewis McCants - #328526
>8701 Georgia Avenue, Suite 801
>Silver Spring, Maryland 20910
>mccantslaw@aol.com
>Counsel for Defendant Hawk Security
>
>George E. Rickman #433298
>Assistant Attorney General
>Civil Litigation Division - General Litigation Section IV
>P.O. Box 14600
>Washington, DC 20044-4600
>202-442-9840/fax 202-727-3625 - george.rickman@dc.gov
>Counsel for Defendant District of Columbia
>
>Melvin Bolden, Esquire
>Assistant Attorney General
>Civil Litigation Division
>General Litigation Section IV
>P.O. Box 14600
>Washington, DC 20044-4600
>202-442-9840/fax 202-727-3625
>Counsel for Defendant Paula Senior Fisher
>Melvin.Bolden@dc.gov
>
>Respectfully submitted,
>
>
>/s/ William P. Farley
>Law Office of William P. Farley, P.C.
>1350 Connecticut Avenue, N.W.
>Suite 200
>Washington, D.C. 20036
>(202) 775-1550
>(202) 775-0008 (fax)
>farley@dccounselor.com
>Counsel for Plaintiff