**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
. FOR THE DISTRICT OF COLUMBIA

MARILYN MYRDAL,                      )
                                     )
              Plaintiff              )
                                     )
v.                                   )          Civil Action No. 05-2351 (RCL)
                                     )
THE DISTRICT OF COLUMBIA, *et al.*,  )
                                     )
              Defendants.            )

## ANSWERS OF THE DISTRICT OF COLUMBIA TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, the District of Columbia, by and through LaShawna Lynch, paralegal specialist, Office of the Attorney General for the District of Columbia, One Judiciary Square, 441 4th Street, N.W., Washington, D.C. 20001, and pursuant to Fed. R. Civ. P. 33, having been first duly sworn under oath, upon information and belief, gives the following answers to interrogatories propounded to defendant by plaintiff.

(a)  The information supplied in these answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives, and attorneys, unless privileged.

(b)  The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and thus, does not necessarily purport to be the precise language of the executing party.

(c) The District of Columbia reserves the right to amend, revise or supplement his answers to these interrogatories if and when new or different information becomes available.

(d) For any additional responsive information made available through deposition testimony, the District of Columbia incorporates such information for the purposes of giving the plaintiff notice that such information exists, but does not adopt such testimony as accurate and complete.

## GENERAL OBJECTIONS

The District of Columbia objects to the production of any documents or information which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. In addition, the District of Columbia objects to any part of plaintiff's instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the District of Columbia's control or not currently known to it after reasonable inquiry.

## INTERROGATORIES AND RESPONSES

1.      Prior to answering these interrogatories, have you made due and diligent search of your books, records, and papers, and due and diligent inquiry of your agents and employees, with a view to eliciting all information available in this action?

RESPONSE: Objection to the extent the request and/or response violates the attorney-client, attorney work product, and/or deliberative process privileges. Further objection to the

2

extent the request seeks a legal conclusion.  Notwithstanding the objections, this defendant undertook a due and diligent search and inquiry prior to answering the discovery requests.

2.    Please identify and describe the appearance of each and every person who observed or was present in the vicinity of the plaintiffs alleged occurrence, giving the name and address of each such person, if known to you.

RESPONSE: Objection as vague and ambiguous.   Notwithstanding this objection and pursuant to Fed. R. Civ. P. 33(d), see Report of DOH Risk Manager Julian Tolver ("Tolver Report"), attached hereto as Exh. A.

3.    Please identify each and every document requested in Plaintiff's discovery requests, or any Request for Production of Documents which has not been produced pursuant to this Request, or any subsequent Request. Include in your answer all reason(s) why such document(s) was not produced, including, but not limited to, if the document has been destroyed.

RESPONSE: All non-privileged documents have been produced.  This defendant has no information that documents have been destroyed.

4.    Please describe fully each and every source of knowledge about the alleged occurrence of which you are aware, including:

(a) the identification of each such source,

(b) the date and time you received any information from each such source regarding the alleged occurrence,

(c) the substance of all such information you received from each such source,

(d) the manner in which such information was received.

3

RESPONSE: Objection to the extent the request and/or response violates the attorney-client privilege. Notwithstanding the objection, and pursuant to Fed. R. Civ. P. 33(d), see Tolver Report

5. If you claim that any other person caused or contributed to cause the alleged occurrence, please state the name and address of each such person and the manner in which each such person caused or contributed to cause the alleged occurrence.

RESPONSE: Objection to the extent the request and/or response requires a legal conclusion. Notwithstanding the objection, the security guards from Hawk One Security and/or Watkins Security Agency of Washington, D.C. participated in the occurrence as outlined on the Tolver Report.

6. Please identify any person who spoke with the plaintiff during the occurrence, including:

(a) such person's name and address,

(b) the name of such person's employer,

(c) such person's business address,

(d) such person's title.

RESPONSE: Objection as this request seeks information and/or documentation protected by the attorney/client, attorney-work-product privileges. Without waiving these objections, all persons who spoke with plaintiff are identified in the Tolver Report.

4

7.    Please state when the alleged occurrence took place, giving the date, hour and minute as accurately as possible.

RESPONSE: The events occurred on or about April 13, 2005 at approximately 2:30 PM. Further answering, see Tolver Report.

8.    Please describe fully the extent to which the defendant was in control of the premises at the time and place of the alleged occurrence.

RESPONSE: Objection as vague and ambiguous.  Notwithstanding the objection, the alleged incident occurred at a District of Columbia agency.  However, the District was not in control of security operations at the building.

9.    Please describe fully the plaintiff's actions before the plaintiff was approached by the arresting person, including:

(a) a description of each action,

(b) the time of each action,

(c) the name, address and title of each employee making such observation.

RESPONSE: Objection as this information is equally available to plaintiff. Notwithstanding the objection, pursuant to Fed. R. Civ. P. 33(d), see Tolver Report.

10.    Please describe fully the source of the defendant's knowledge of the plaintiff's actions before the plaintiff was approached by any person during the Occurrence, including:

(a) whether or not such knowledge was first-hand,

(b) whether or not such knowledge was from an employee,

(c) whether such knowledge was from an oral source, a written source, or otherwise.

RESPONSE: Objection as this request seeks information and/or documentation protected by the attorney/client, attorney-work-product privileges. Without waiving these objections, see Tolver Report.

11.    Please describe fully all steps taken by the defendant to verify information received by the defendant concerning the plaintiff's actions before the plaintiff was searched.

RESPONSE: Objection as vague and ambiguous.  Further objection, as this request seeks information and/or documentation protected by the attorney/client, attorney-work-product privileges. Without waiving these objections, see Tolver Report.

12.    Please describe fully all instructions given by the defendant to his employees and agents concerning how to handle plaintiff during the occurrence, including:

(a) whether such instructions were oral or written,

(b) the substance of all such instructions,

(c) the date on which such instructions were given to the employee/agent involved in this particular Occurrence,

(d) the name of the person giving such instructions.

RESPONSE: Objection as overly broad, and as vague and ambiguous.  Further answering, this defendant is unaware of any instructions this defendant gave concerning how the plaintiff should be handled during this occurrence.

6

13.    Please describe the people who approached the plaintiff during the occurrence, including:

(a) the number of people who approached the plaintiff,

(b) the name and address of each person,

(c) the relationship of each person to the defendant.

RESPONSE: Objection as vague and ambiguous. Notwithstanding the objection, see Tolver Report.

14.    Please describe all questioning of the plaintiff on the premises, including:

(a) the identity of all persons participating in such questioning,

(b) the substance of all questions asked,

(c) the date and time of such questioning,

(d) the substance of the plaintiffs answer to each question.

RESPONSE: Objection as this request seeks information and/or documentation protected by the attorney/client, attorney-work-product privileges. Further objection as the requested information is equally available to plaintiff. Without waiving these objections,   all persons who spoke with plaintiff are identified in Tolver Report.

15.    Please describe all searches conducted of the plaintiff or the plaintiff's accessories, including:

(a) the identity of all persons participating in each search,

(b) the nature and scope of each search,

7

(c) the date and time of each search,

(d) whether the plaintiff consented to each search,

(e) the results of each search.

RESPONSE: Objection as overly broad, vague and ambiguous. **Notwithstanding the**

objections, see Tolver Report.

16.    **If the plaintiff was detained by the defendant or an agent of the defendant, please**

**state:**

(a) the date and time of such detention,

(b) the manner of such detention (e.g., verbal threat, physical constraint, etc.),

(c) the reason for such detention,

(d) the location where the plaintiff was detained,

(e) the identity of each person participating in the detention,

(f) the source of authority for such detention.

RESPONSE: Objection to the extent the request and/or response seeks a legal conclusion.

Notwithstanding the objection, see Tolver Report.

17.    Please give the substance of all conversations which took place concerning the

occurrence.

RESPONSE: Objection as this request seeks information and/or documentation

protected by the attorney/client, and/or attorney-work-product privileges. Further objection as overly

broad. Without waiving these objections, all persons who spoke with plaintiff are identified in the

attached Tolver Report.

8

18.    State with specificity each and every investigation or search for facts defendant undertook after being informed of incidents concerning the Occurrence. Such specificity includes, but is not limited to, any report made concerning this matter by stating with specificity and describing the findings and conclusions that were made as a result of any investigations and/or any meetings conducted regarding Plaintiff's claims

RESPONSE: Objection, some information is be protected by the attorney-client, attorney work product, and/or deliberative process privilege. Notwithstanding these objection, Julian Tolver investigated and prepared a report. Further responding, see non privileged portions of the Tolver Report.

19.    Please state in complete detail the facts which form the basis for whatever legal relationship the defendant claims existed between the parties and the defendant at the time of the occurrence, indicating whether such relationship was tenant, social guest, business invitee, licensee, trespasser, employee, agent or other.

RESPONSE: Objection, this interrogatory seeks a legal conclusion, and is vague and ambiguous. Notwithstanding this objection, plaintiff was an employee of DOH. The two identified co-defendants were independent contractors with the District of Columbia.

20.    Please describe all defenses claimed by the defendant, including:

(a) the substance of each such defense,

(b) all facts which support each such defense.

RESPONSE: Objection, this interrogatory is overly-broad, seeks a legal conclusion, and may be premature as discovery is ongoing. Notwithstanding these objections, this defendant's

9

policies, practices, and/or customs did not cause plaintiff's alleged injuries; and the District cannot be held liable for any alleged unconstitutional misconduct of its employees, or independent contractors.   Discovery is ongoing and this defendant reserves the right to amend its responses.

21.    If the defendant contends there were reasonable grounds to believe the plaintiff was attempting to commit larceny, please set forth all facts in support of such contention.

RESPONSE: Objection, this interrogatory is vague and seeks a legal conclusion. Notwithstanding these objections, this defendant is unaware of any such evidence. Discovery is ongoing and this defendant reserves the right to supplement its responses.

22.    Please completely identify all witnesses you expect to call at trial, including the expected nature of their testimony.

RESPONSE: Objection, this question is premature because this defendant has not yet decided what witnesses it expects to call at trial.  Further objection, as it violates the deliberative process and/or work product privileges. This defendant's witness list for trial will be provided in accordance with the federal rules and any scheduling order entered by the Court.

23.    Please completely identify each person you expect to call as an expert witness at the trial and state as to each such expert:

a)  Name, occupation and address;

b) The subject matter on which the person is expected to testify;

c) The subject of the facts and opinions to which the person is expected to testify;

d) The specific data on which the person bases his opinion; and

10

e) The qualifications that make the person an expert.

RESPONSE: See Response #22.

I, LaShawna Lynch, having been designated as the defendant District of Columbia's representative pursuant to Fed. R. Civ. P. 33, do swear and affirm that the responses to these interrogatories are true and accurate to the best of my knowledge.

LASHAWNA LYNCH
Paralegal Specialist

District of Columbia, ss:

Signed and sworn to before me this _27_ day of February, 2007.

NOTARY PUBLIC, D.C.

My Commission expires: _____

Objections as noted.                    Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of
Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

11

PATRICIA A. JONES
Chief, General Litigation Sec. IV

GEORGE RICKMAN [433298]
Assistant Attorney General
P.O. Box 14600
Washington, D.C. 20044-4600
(202) 442-9840; (202) 727-6295


CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 26th day of February  2007, that a copy of the foregoing

Answers of  District of Columbia to Plaintiff's First Set of Interrogatories was mailed postage

prepaid to:

William P. Farley, Esq.
Office of William Farley
1350 Connecticut Avenue, N.W., Suite 200
Washington, D.C.  20036

GEORGE RICKMAN
Assistant Attorney General

12

**EXHIBIT B**

Print | Close Window

**Subject:** **Motion to compel Hawk Discovery: Mydral v. Hawk Security**
**From:** **"William P. Farley" <farley@dccounselor.com>**
**Date:** **Tue, Feb 13, 2007 5:11 pm**
**To:** **Leonard McCants <mccantslaw@aol.com>**
**Cc:** **mccantslaw@aol.com**

Mr. McCants,

I have called numerous times and sent emails concerning Hawk's outstanding discovery obligations. Hawk has not answered discovery and our calls have gone unreturned. Discovery was served on December 21, 2006.

Plaintiff must move to compel if we don't hear from you.

Thank you.

William P. Farley
Law Office of William P. Farley, P.C.
1350 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 775-1550 - Ext. 115
(202) 775-0008 (fax)
farley@dccounselor.com
www.dccounselor.com

"Justice, sir, is the great interest of man on earth. It is the ligament which holds civilized beings and civilized nations together." -- Daniel Webster

STATEMENT OF CONFIDENTIALITY

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s)and may contain confidential or privileged information. If you are not the intended recipient, please notify The Law Office of William Farley immediately at (202) 775-1550 and destroy all copies of this message and any attachments.

Copyright © 2003-2007. All rights reserved.

**Print | Close Window**

**Subject:** **Another copy of discovery requests**
**From:** **"William P. Farley" <farley@dccounselor.com>**
**Date:** **Thu, Feb 15, 2007 4:34 pm**
**To:** **mccantslaw@aol.com**
**Cc:** **Leonard McCants <mccantslaw@aol.com>**

Mr. McCants,

It was a pleasure speaking with you today.  As I explained, I spoke to your secretary in December concerning the discovery requests and she had them in her possession at that time.  Here is another copy in case you don't locate them.

Initial disclosures were also due in December.

Thank you.

William P. Farley
Law Office of William P. Farley, P.C.
1350 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 775-1550 - Ext. 115
(202) 775-0008 (fax)
farley@dccounselor.com
www.dccounselor.com

"Justice, sir, is the great interest of man on earth. It is the ligament which holds civilized beings and civilized nations together." -- Daniel Webster

STATEMENT OF CONFIDENTIALITY

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s)and may contain confidential or privileged information. If you are not the intended recipient, please notify The Law Office of William Farley immediately at (202) 775-1550 and destroy all copies of this message and any attachments.

-------- Original Message --------
Subject: Attached is a copy of Plaintiff's Initial Disclosures
From: "William P. Farley" <farley@dccounselor.com>
Date: Thu, December 21, 2006 5:35 pm
To: Melvin Bolden <Melvin.Bolden@dc.gov>,  George Rickman
<george.rickman@dc.gov>, mccantslaw@aol.com

Gentlemen,

Plaintiff also served discovery her discovery requests seeking documents and interrogatories upon each defendant today.

Please notify me by next Wednesday if you have not received her requests

Thank you.

William P. Farley
Law Office of William P. Farley, P.C.
1350 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036

(202) 775-1550
(202) 775-0008 (fax)
farley@dccounselor.com
www.dccounselor.com

"Justice, sir, is the great interest of man on earth. It is the ligament which holds civilized beings and civilized nations together." -- Daniel Webster

STATEMENT OF CONFIDENTIALITY

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s)and may contain confidential or privileged information. If you are not the intended recipient, please notify The Law Office of William Farley immediately at (202) 775-1550 and destroy all copies of this message and any attachments.

----- Original Message -----
**From:** mccantslaw@aol.com
**To:** george.rickman@dc.gov ; wfarley@covad.net ; khi@gdldlaw.com ; sjr@gdldlaw.com ; patricia.jones@dc.gov
**Sent:** Wednesday, March 01, 2006 6:39 PM
**Subject:** Re: Myrdal v. D.C. Rule.16.3

I consent to the District of Columbia's motion to continue the proposed 16.3 conference or to stay further action in the case until the court rules on DC dispositive motion.

Leonard L. McCants
McCants & Associates, LLC
(301) 588-1850

This facsimile contains confidential information that may also be legally privileged and which is intended only for the use of the addressee(s) named above. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile, or the taking of any action in reliance on the contents of this telecopied information, may be strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone and return the entire facsimile to us at the below address by the U.S. Postal Service.

8701 Georgia Avenue * Suite 801 * Silver Spring * Maryland* 20910 *

Telephone (301) 588-1850 * Fax 495-7706

Copyright © 2003-2007. All rights reserved.

Print | Close Window

Subject: **Attached is a copy of Plaintiff's Initial Disclosures**

From: **"William P. Farley" <farley@dccounselor.com>**

Date: **Thu, Dec 21, 2006 5:35 pm**

To: **Melvin Bolden <Melvin.Bolden@dc.gov>, George Rickman <george.rickman@dc.gov>, mccantslaw@aol.com**

Bcc: **"Marilyn Seabrooks" <mseabrooks05@yahoo.com>,**

Gentlemen,

Plaintiff also served discovery her discovery requests seeking documents and interrogatories upon each defendant today.

Please notify me by next Wednesday if you have not received her requests

Thank you.

William P. Farley
Law Office of William P. Farley, P.C.
1350 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 775-1550
(202) 775-0008 (fax)
farley@dccounselor.com
www.dccounselor.com

"Justice, sir, is the great interest of man on earth. It is the ligament which holds civilized beings and civilized nations together." -- Daniel Webster

STATEMENT OF CONFIDENTIALITY

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s)and may contain confidential or privileged information. If you are not the intended recipient, please notify The Law Office of William Farley immediately at (202) 775-1550 and destroy all copies of this message and any attachments.

Copyright © 2003-2007. All rights reserved.

Print | Close Window

**Subject:** RE: [FWD: RE: [FWD: Myrdahl District's 16.3 statement]]
**From:** "Bolden, Melvin (OAG)" <Melvin.Bolden@dc.gov>
**Date:** Mon, Jan 15, 2007 7:03 pm
**To:** "'William P. Farley'" <farley@dccounselor.com>

Paula S. Fisher will not consent

**From:** William P. Farley [mailto:farley@dccounselor.com]
**Sent:** Thursday, January 11, 2007 5:19 PM
**To:** William P. Farley
**Cc:** mccantslaw@aol.com; Rickman,George (OAG); Bolden,Melvin (OAG)
**Subject:** RE: [FWD: RE: [FWD: Myrdahl District's 16.3 statement]]

Dear Mr. McCants and Mr. Bolden,

Please let me know by close of business tomorrow whether your client will consent to plaintiff's motion to compel initial disclosures.

Thank you.

William P. Farley
Law Office of William P. Farley, P.C.
1350 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 775-1550 - Ext. 115
(202) 775-0008 (fax)
farley@dccounselor.com
www.dccounselor.com

"Justice, sir, is the great interest of man on earth. It is the ligament which holds civilized beings and civilized nations together." -- Daniel Webster

STATEMENT OF CONFIDENTIALITY

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s)and may contain confidential or privileged information. If you are not the intended recipient, please notify The Law Office of William Farley immediately at (202) 775-1550 and destroy all copies of this message and any attachments.

-------- Original Message --------
Subject: RE: [FWD: RE: [FWD: Myrdahl District's 16.3 statement]]
From: "William P. Farley" <farley@dccounselor.com>
Date: Wed, December 13, 2006 5:37 pm
To: "Bolden,Melvin (OAG)" <Melvin.Bolden@dc.gov>
Cc: mccantslaw@aol.com, "Rickman,George (OAG)" <george.rickman@dc.gov>

Counsel,

Plaintiff has not received the initial disclosures as required by the Court's order. Please send them tomorrow to the below address.

Thank you.

William P. Farley
Law Office of William P. Farley, P.C.
1350 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 775-1550
(202) 775-0008 (fax)

"Justice, sir, is the great interest of man on earth. It is the ligament which holds civilized beings and civilized nations together." -- Daniel Webster

STATEMENT OF CONFIDENTIALITY

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s)and may contain confidential or privileged information. If you are not the intended recipient, please notify The Law Office of William Farley immediately at (202) 775-1550 and destroy all copies of this message and any attachments.

Copyright © 2003-2007. All rights reserved.

**EXHIBIT C**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN SEABROOKS MYRDAL, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) C.A. No. 05 CV 02351 (RCL) |
| | ) |
| THE DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## DECLARATION OF WILLIAM P. FARLEY IN SUPPORT OF PLAINTIFF'S MOTION

I William P. Farley, have personal knowledge of the following facts and could and would testify competently thereto:

1.    I am an attorney in good standing in the District of Columbia.

2.    On December 21, 2007, pursuant to Fed.R.Civ.Pro. Rule 36, I personally served Plaintiff's (1) First Request for Production of Documents; and (2) First Requests for Interrogatories (collectively, the "discovery") on each of the respective Defendants.

3.    **After waiting more than 30 days from the date of service, I called defense counsel** Hawk One in an attempt to have the discovery answered.

4.    I made several good faith attempts to meet and confer and obtain the discovery from Defendant Hawk One.

5.    Paula Senior Fisher served her responses to Plaintiff's requests for Interrogatories and requests for Documents to be delivered today. Approximately 80 days after the requests were served.

6.    To date, Myrdal has not received signed interrogatories from Defendant Fisher.

7.    Defendant Hawk One has not replied to the requests for interrogatories and his

requests for the production of documents.

        8.      Defendant Hawk One has not provided Initial Disclosures.

        9.      Defendant District of Columbia served interrogatories signed by a paralegal that are not in compliance with the Rules of Civil Procedure.

I declare under the penalty of perjury under the laws of the United States that this is my best recollection and my understanding of this litigation to date. I believe that the forgoing is true and correct as of this date, March 12, 2007.

        /s/ William P. Farley
      William P. Farley
      Law Office of William P. Farley, P.C.
      1350 Connecticut Avenue, N.W.
      Suite 200
      Washington, D.C. 20036
      (202) 775-1550
      (202) 775-0008 (fax)
      farley@dccounselor.com
      Counsel for Plaintiff

**EXHIBIT D**

Print | Close Window

**Subject:** Activity in Case 1:05-cv-02351-RCL MYRDAL v. DISTRICT OF COLUMBIA et al "Set/Reset Deadlines"
   **From:** DCD_ECFNotice@dcd.uscourts.gov
   **Date:** Fri, Dec 01, 2006 4:35 pm
    **To:** DCD_ECFNotice@dcd.uscourts.gov

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

District of Columbia

Notice of Electronic Filing

The following transaction was received from rje, entered on 12/1/2006 at 4:35 PM EDT and filed on 12/1/2006
**Case Name:**     MYRDAL v. DISTRICT OF COLUMBIA et al
**Case Number:**     1:05-cv-2351
**Filer:**
**Document Number:**

**Docket Text:**
Set/Reset Deadlines: Discovery due by 3/10/2007. Dispositive Motions due by 3/30/2007. Oppositions to Dispositive Motions due by 4/13/2007. Reply to Dispositive Motions due by 4/20/2007. (rje)

The following document(s) are associated with this transaction:

**1:05-cv-2351 Notice will be electronically mailed to:**

Melvin W. Bolden , Jr    melvin.bolden@dc.gov, kimberly.matthews@dc.gov

William P. Farley    farley@dccounselor.com

Leonard Lewis McCants    mccantslaw@aol.com

George E. Rickman    george.rickman@dc.gov, patricia.jones@dc.gov

**1:05-cv-2351 Notice will be delivered by other means to:**

Copyright © 2003-2007. All rights reserved.