**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARILYN SEABROOKS MYRDAL** | ) |
| **Plaintiff,** | ) |
| v. | ) C.A. No. 05 CV 02351 (RCL) |
| **THE DISTRICT OF COLUMBIA, et al.** | ) |
| **Defendants.** | ) |

**PLAINTIFF'S MOTION PURSUANT TO RULE 37**

**To Compel Hawk One to Answer Plaintiff's First Request for the Production of Documents and for an Order That Hawk One Has Waived Any Objections to Plaintiff's Document Requests and Myrdal's Memorandum of Points and Authorities in Support of Her Motion**

Myrdal respectfully requests this Court to enter an Order compelling Hawk One to provide responsive documents to Plaintiff's First Request for Production of Documents. On December 21, 2006, pursuant to Fed.R.Civ.Pro. Rule 34, Myrdal served her First Request for Production of Documents ("Request for Production") upon Hawk One. A copy of the Requests are attached here as Exhibit "A." To date, Hawk One refuses to provided its response to that request.

In compliance with Local Rule 7, Plaintiff has made good faith attempts to confer and obtain the discovery from Hawk One. Her counsel sent Hawk One's counsel letters and spoke to him on the phone. In December 2006, Hawk One confirmed that they had received the Plaintiff's discovery requests.

Plaintiff tried numerous times to obtain the inspection she is entitled to receive under Rule

34. Plaintiff sent Hawk One emails requesting the discovery. Copies of those emails are attached as Exhibit "B."

Pursuant to Local Rule 7, Plaintiff requested Hawk One's Consent to this motion and did not receive that consent. Instead, Hawk One promised to answer discovery and provide initial disclosures by February 22, 2007. To date, no discovery has been provided.

## ARGUMENT

### A. Hawk One is Required to Provide Responses to Plaintiff's Document Requests

On December 21, 2006 Myrdal served her First Requests for the production of documents pursuant to Rule 34. Rule 34 provides that "The party upon whom the request is served shall serve a written response within 30 days after the service of the request." To date, Hawk One has not served a response.

Rule 37(a)(2)(B) provides:

> "if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action."

Hawk One has not responded to plaintiff's December 21, 2006 requests for documents. Hawk One has no legitimate reason not to produce documents in response to Myrdal request.

Plaintiff requests that Hawk One be ordered to respond to Myrdal's request.

### B. Hawk One has waived any objection to Plaintiff's Requests

Federal Rule of Civil Procedure 34, pertaining to requests for production of documents, does

2

not contain an automatic-waiver provision as a consequence of failing to file a timely objection. However, federal courts have held that a failure to file an objection to a request for production of documents may be deemed a waiver. *Byrd v. Reno*, 1998 WL 429676 (D.D.C. 1998) ("Where, as here, defendant never properly asserted their objections, in violation of the time limits imposed by the Federal Rules . . . a waiver is warranted. I conclude that, as with the interrogatories, defendant waived his objections to the requests for production of documents by failing to timely object.") citing; *Kansas-Nebraska Natural Gas Co., Inc. v. Marathon Oil Co.*, 109 F.R.D. 12 (D.Neb.1983); *Milano v. Raymark Industries, Inc.,* 1986 WL 13298 (E.D.Pa. November 19, 1986).

As in *Byrd*, Hawk One never properly asserted their objections, in violation of the time limits imposed by the Federal Rules and thus they have waived any objections. Therefore, Plaintiff ask the Court to find that Hawk One waived their objections to the requests for production of documents by failing to timely object.

**WHEREFORE**, plaintiff respectfully requests the Court compel Hawk One to provide Myrdal with the documents which are responsive to Plaintiff's First Requests for Production of Documents as is required by the Rules of Civil Procedure, and find that Hawk One has waived any objections to Plaintiff's requests.

        Respectfully submitted,

          /s/ William P. Farley  
        William P. Farley, D.C. Bar No. 466280  
        Law Office of William P. Farley, P.C.  
        1350 Connecticut Avenue, N.W., Suite 200  
        Washington, D.C. 20036  
        (202) 775-1550  
        (202) 775-0008 (fax)  
        farley@dccounselor.com  
        Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN SEABROOKS MYRDAL** | ) |
| **Plaintiff,** | ) |
| v. | ) C.A. No. 05 CV 02351 (RCL) |
| **THE DISTRICT OF COLUMBIA, et al.** | ) |
| **Defendants.** | ) |

## ORDER

Upon consideration of Plaintiff's Motion Pursuant to Rule 37 to Compel Hawk One to Answer Plaintiff's First Request for the Production of Documents, the accompanying Memorandum of Points and Authorities, the opposition thereto, Plaintiff's Reply and the entire record herein, it is this _____ day of _____ 2007 hereby:

**ORDERED** that Plaintiff's Motion Pursuant to Rule 37 to Compel Hawk One to Answer Plaintiff's First Request for the Production of Documents, and hereby is granted; and it is further

**ORDERED** that Hawk One has waived any objections to the Plaintiff's First Requests for the Production of Documents by failing to timely object; and it is further

**ORDERED** that Hawk One must provide responses to Plaintiff's First Requests for the Production of Documents within __ days.

**ORDERED** that Hawk One's position is not substantially justified.

_____
Judge Royce C. Lamberth
United States District Court Judge

Copies to:

William P. Farley, P.C.
1350 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 775-1550
(202) 775-0008 (fax)
farley@dccounselor.com
Counsel for Plaintiff

Leonard Lewis McCants - #328526
8701 Georgia Avenue
Suite 801
Silver Spring, Maryland 20910
mccantslaw@aol.com
Counsel for Defendant Hawk Security

George E. Rickman #433298
Assistant Attorney General
Civil Litigation Division
General Litigation Section IV
P.O. Box 14600
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625 - george.rickman@dc.gov
Counsel for Defendant District of Columbia

Melvin Bolden, Esquire
Assistant Attorney General
Civil Litigation Division
General Litigation Section IV
P.O. Box 14600
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625
Counsel for Defendant Paula Senior Fisher
Melvin.Bolden@dc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiff's First Motion to Compel Hawk One's Document Production was served on defendants by the Court's Electronic Filing System, on this 14th day of March 2007 to:

Leonard Lewis McCants - #328526
8701 Georgia Avenue, Suite 801
Silver Spring, Maryland 20910
mccantslaw@aol.com
Counsel for Defendant Hawk Security

George E. Rickman #433298
Assistant Attorney General
Civil Litigation Division - General Litigation Section IV
P.O. Box 14600
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625 - george.rickman@dc.gov
Counsel for Defendant District of Columbia

Melvin Bolden, Esquire
Assistant Attorney General
Civil Litigation Division
General Litigation Section IV
P.O. Box 14600
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625
Counsel for Defendant Paula Senior Fisher
Melvin.Bolden@dc.gov

Respectfully submitted,

/s/ William P. Farley
Law Office of William P. Farley, P.C.
1350 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 775-1550
(202) 775-0008 (fax)
farley@dccounselor.com
Counsel for Plaintiff