## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN SEABROOKS MYRDAL** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **C.A. No. 05 CV 02351 (RCL)** |
| | ) |
| **THE DISTRICT OF COLUMBIA, et al.** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### PLAINTIFF'S REPLY[1]

### In Support of Her Motion to Compel Defendant to Answer Plaintiff's First Request for the Production of Documents and for an Order That Defendant Has Waived Any Objections to Plaintiff's Document Requests

The issue facing this Court is whether Defendant is required to follow the rules of

civil procedure and if sanctions are available against them if they have willfully violated the

rules of civil procedure:

> Rule 34 required that Defendant submit their response to
> Myrdal's requests for the production of documents within 30
> days. Defendant admits that they failed to comply with the rules
> and never moved for an extension of time. Myrdal did not
> receive Defendant's response until after she filed a motion to
> compel. Will the Court provide sanctions under Rule 37 against
> a party that willfully fails to comply with its discovery

---

[1] Defendant filed a motion to late file their opposition. However, it is not clear from the docket that Defendant in fact filed an opposition that was accepted by the Court. The last filing that referred to Plaintiff's motion (docket entry [48]) was filed April 9, 2007 (docket entry [54]). Docket entry [54] was later rejected by the court. Plaintiff's counsel called Defendant's counsel to alert him to this situation, that phone call was never returned.

obligations?

Discovery closed in this matter on March 10, 2007. Plaintiff was unable to take depositions in this matter due to Hawk One's failure to provide discovery. In addition, dispositive motions were due by March 30, 2007 - just four days after Defendant served their discovery response to plaintiff's December 21, 2006 requests. Plaintiff was forced to incur attorney fees just to have Hawk One provide any discovery as numerous requests by plaintiff's counsel prior to bringing the motion were ignored. Rule 37 was enacted to correct this type of situation.

## **BACKGROUND**

Ms. Myrdal is a highly respected administrator of programs to benefit children and mothers. Ms. Myrdal was the District of Columbia's Administrator at the Maternal and Family Health Administration at the District of Columbia Department of Health during the time period at issue. November 9, 2005 Complaint, Myrdal v. D.C., et al. ¶ 4-5.

Defendant Hawk One is a private security company. Hawk One has contracts for about $30 million to provide hundreds of guards in D.C. public schools and a separate contract worth about $14 million to provide security in dozens of city government buildings. In April 2005, two **armed** Defendant Hawk One security officers, Officer Roger Harris and Officer Kim Taylor, searched Ms. Myrdal's purse and tote bag in Ms. Mydral's office claiming they were ordered to do so by the District of Columbia. Ms. Myrdal never gave her consent for any of the defendants to search her personal belongings, neither her purse nor her tote bag. The Security personnel and Ms. Senior Fisher searched Ms. Myrdal personal

2

belongings, including her purse and tote bag, without authorization.

After searching Ms. Myrdal's personal purse and tote bag, the armed security personnel would not permit Ms. Myrdal to leave her office and kept her imprisoned. None of the defendants have provided any justification for infringing upon Ms. Mydral's rights.

Discovery in this matter began in December 2006. Hawk One never answered any discovery until after plaintiff filed her motion to compel on March 14, 2007. Plaintiff tried numerous times to obtain the inspection she is entitled to receive under Rule 34. Plaintiff had phone calls and sent Hawk One emails requesting the discovery. Copies of those emails are attached as Exhibit "B" to plaintiff's March 14, 2007 motion to compel.

## ARGUMENT

On December 21, 2006, Myrdal served Defendant with a request for the production of documents. On March 14, 2007, Myrdal filed her motion to compel. On March 23, 2007, Defendant informed that Court that they had failed to provide their response to the requests for admissions within 30 days. It was only after Myrdal filed her motion to compel that Defendant served their response to her requests for documents on March 26, 2007.

The record is clear, there was no response to Myrdal's First Request for the Production of Documents served on Myrdal by Defendant until after she filed her motion to compel.

Defendant argues that its late response makes Myrdal's motion moot even though their Response was served after discovery closed and only after Myrdal served her motion to

compel.

Federal Rule of Civil Procedure 34 required Defendant to respond within 30 days to Myrdal's request. Federal courts have held that a failure to file an objection to a request for production of documents may be deemed a waiver of any objections.[2] Defendant has waived any objections in this matter.

As in *Byrd*, Defendant never properly asserted his objections, in violation of the time limits imposed by the Federal Rules and thus they have waived any objections.

## **Rule 37**

Rule 37(a) provides that a party may move for an order compelling discovery. If the Defendant serves their response after the filing of the motion to compel, as Defendant did here, Myrdal is entitled to sanctions. That is only fair as the Defendant should pay for the cost of having them brought into compliance with their discovery obligations. The court imposes sanctions or requires the payment of expenses incurred for Defendant's failure to respond to a request for inspection submitted under Rule 34.

The imposition for sanctions is appropriate here because Defendant refused to provide their response to Myrdal's requests for documents until after Myrdal filed her motion to compel. This requires that Defendant be sanctioned to stop this type of willful disregard for

---

[2] *Byrd v. Reno*, 1998 WL 429676 (D.D.C. 1998) ("Where, as here, defendant never properly asserted his objections, in violation of the time limits imposed by the Federal Rules . . . a waiver is warranted. I conclude that, as with the interrogatories, defendant waived his objections to the requests for production of documents by failing to timely object.") citing; *Kansas-Nebraska Natural Gas Co., Inc. v. Marathon Oil Co.*, 109 F.R.D. 12 (D.Neb.1983); *Milano v. Raymark Industries, Inc.,* 1986 WL 13298 (E.D.Pa. November 19, 1986).

the Rules of Civil Procedure in the future.

Myrdal asks the Court to find that Defendant Hawk One waived their objections to the requests for production of documents by failing to timely object. Here, Defendant served their responses 61 days late and never sought an extension of time nor have they demonstrated good cause. In these types of situations, *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005) ("defendant served its responses and amended responses fifty days and 125 days after the discovery requests were served-well outside the time limits imposed by the Federal Rules. The District did not seek an extension of time, nor has it attempted to demonstrate good cause for its untimely responses and objections. On this record, there is simply no reason to depart from the general rules regarding waiver.")

In addition "if the motion to compel is granted or if the requested discovery is provided after the motion is filed, Rule 37(a) also permits a court to award the victorious movant expenses for the cost of litigating the issue, including reasonable attorney's fees." *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America*, 2004 WL 2009417, *2 (D.D.C. 2004) (Lamberth, J.) There is no dispute that Hawk One was required to provide discovery in January 2007 and refused to respond until March 2007. It is only when a party's position is "substantially justified" that sanctions are avoided. ("An opposing party's position qualifies as "substantially justified" if "there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.") (citations omitted).

It is consistent with previous federal District Court decisions to award expenses,

including reasonable attorney's fees to the victorious party to recover expenses related to litigating the instant motion, from the losing party. As Hawk One has not asserted any facts that demonstrate that their actions were "substantially justified" so as to warrant a waiver of the otherwise mandatory award of fees - fees are required. *Id.* at *4, ("the Court will award Realtor Pogue expenses, including reasonable attorney's fees, finding that as the victorious party, Realtor Pogue is entitled to recover expenses related to litigating the instant motion, from the losing party, HCA/West Paces. The Court further finds, that HCA/West Paces have not asserted any facts that demonstrate that their actions were "substantially justified" so as to warrant a waiver of the otherwise mandatory award of fees.")

**WHEREFORE**, Myrdal respectfully requests the Court find that Defendant has waived any objections to Myrdal's requests and requests such sanctions as the Court determines.

Respectfully submitted,

/s/ William P. Farley
Law Office of William P. Farley, P.C.
1350 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 775-1550
(202) 775-0008 (fax)
farley@dccounselor.com
Counsel for Plaintiff

6

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Reply in support of her First Motion to Compel Hawk One's Document Production was served on defendants by the Court's Electronic Filing System, on this 16th day of April 2007 to:

> Leonard Lewis McCants - #328526
> 8701 Georgia Avenue, Suite 801
> Silver Spring, Maryland 20910
> Counsel for Defendant Hawk Security
>
> George E. Rickman #433298
> Assistant Attorney General
> P.O. Box 14600
> Washington, DC 20044-4600
> 202-442-9840/fax 202-727-3625
> Counsel for Defendant District of Columbia
>
> Melvin Bolden, Esquire
> Assistant Attorney General
> Civil Litigation Division
> General Litigation Section IV
> P.O. Box 14600
> Washington, D.C. 20044-4600
> 202-442-9840/fax 202-727-3625
> Counsel for Defendant Paula Senior Fisher
> Melvin.Bolden@dc.gov
>
> Respectfully submitted,
>
>
> /s/ William P. Farley
> Law Office of William P. Farley, P.C.
> 1350 Connecticut Avenue, N.W., Suite 200
> Washington, D.C. 20036
> (202) 775-1550
> (202) 775-0008 (fax)
> farley@dccounselor.com
> Counsel for Plaintiff