UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN SEABROOKS MYRDAL** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) C.A. No. 05 CV 02351 (RCL) |
| | ) |
| **THE DISTRICT OF COLUMBIA, et al.** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

PLAINTIFF'S REPLY[1]

In Support of Her Motion to Compel Defendant to Answer
Plaintiff's First Request for Interrogatories and for an Order That
Defendant Has Waived Any Objections to Plaintiff's Requests

The issue facing this Court is whether sanctions should be awarded against a party that withholds its response to validly served interrogatory requests until after a motion to compel is filed and after discovery is closed:

> Rule 33 required that Defendant submit a response to requests
> for interrogatories within 30 days.[2] Defendant's responses to

---

[1] Defendant filed a motion to late file their opposition. However, it is not clear from the docket that Defendant in fact filed an opposition that was accepted by the Court. The last filing that referred to Plaintiff's motion (docket entry [49]) was filed April 10, 2007 (docket entry [55]). Docket entry [55] is not responsive to plaintiff's motion to compel interrogatory responses as it is labeled "Opposition to Plaintiff's Myrdal Motion to Compel Defendant Hawk One's First **Request for Production of Documents**." Plaintiff's counsel called Defendant's counsel to alert him to this situation, that phone call was never returned.

[2] Rule 33(b)(3) states that the "party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the

>requests for interrogatories were provided to Mydral after discovery was closed. – 90 days after they were served. Should Defendant be held responsible for the harm caused by failing to provide timely responses to discovery requests?

Discovery closed in this matter on March 10, 2007. Plaintiff was unable to take depositions in this matter due to Hawk One's failure to provide discovery. In addition, dispositive motions were due by March 30, 2007 - just four days after Defendant served their discovery response to plaintiff's December 21, 2006 requests. Plaintiff was forced to incur attorney fees just to have Hawk One provide any discovery as numerous requests by plaintiff's counsel prior to bringing the motion were ignored. Rule 37 was enacted to correct this type of situation.

## BACKGROUND

Ms. Myrdal is a highly respected administrator of programs to benefit children and mothers. Ms. Myrdal was the District of Columbia's Administrator at the Maternal and Family Health Administration at the District of Columbia Department of Health during the time period at issue. November 9, 2005 Complaint, Myrdal v. D.C., et al. ¶ 4-5.

Defendant Hawk One is a private security company. Hawk One has contracts for approximately $30 million to provide hundreds of guards in D.C. public schools and a separate contract worth about $14 million to provide security in dozens of city government buildings. In April 2005, two **armed** Defendant Hawk One security officers, Officer Roger

---

interrogatories."

Harris and Officer Kim Taylor, took part in a search of Ms. Myrdal's purse and tote bag in Ms. Mydral's office - which was not in their posted area. Ms. Myrdal never gave her consent for any of the defendants to search her personal belongings, neither her purse nor her tote bag. The Security personnel and Ms. Senior Fisher searched Ms. Myrdal personal belongings, including her purse and tote bag, without authorization.

After searching Ms. Myrdal's personal purse and tote bag, the armed security personnel would not permit Ms. Myrdal to leave her office and kept her imprisoned. None of the defendants have provided any justification for infringing upon Ms. Mydral's rights.

Discovery in this matter began in December 2006. Hawk One refused to answer any discovery until after plaintiff filed her motion to compel on March 14, 2007. Plaintiff tried numerous times to obtain the inspection she is entitled to receive under Rule 34. Plaintiff had phone calls and sent Hawk One emails requesting the discovery. Copies of those emails are attached as Exhibit "B" to plaintiff's March 14, 2007 motion to compel.

### Defendant's Argument

Defendant argues that withholding their response until after Mydral filed her motion to compel makes Mydral's motion moot even though Defendant's Response was served after discovery closed and only after Mydral served her motion to compel. That argument is contrary to settled law.[3]

Federal Rule of Civil Procedure 33 required Defendant to respond within 30 days to

---

[3] *Devaney v. Continental American Ins. Co.*, 989 F.2d 1154 (11th Cir. 1993); *Byrd v. Reno*, 1998 WL 1669305 (D.D.C. 1998) (attorneys' fees issued).

Mydral's request. Federal courts have held that a failure to file an objection to a request for discovery may be deemed a waiver of any objections.[4] Defendant has waived any objections in this matter.[5]

## ARGUMENT

On December 21, 2006, Myrdal served Defendant with a request for responses to interrogatories. Defendant never responded. On March 14, 2007, Myrdal filed her motion to compel. On March 23, 2007, Defendant informed that Court that they had failed to provide their response to the requests for admissions within 30 days. It was only after Myrdal filed her motion to compel that Defendant served their response to her requests for interrogatories - on March 26, 2007.

The record is clear, Hawk One never responded to Myrdal's First Request for Interrogatories until after Mydral filed her motion to compel.

## Rule 37

Rule 37(a) provides that a party may move for an order compelling discovery. If the Defendant serves their response only after a motion to compel is filed, as Defendant did here,

---

[4] *Byrd v. Reno*, 1998 WL 429676 (D.D.C. 1998) ("Where, as here, defendant never properly asserted his objections, in violation of the time limits imposed by the Federal Rules . . . a waiver is warranted. I conclude that, as with the interrogatories, defendant waived his objections to the requests for Interrogatories by failing to timely object.") *citing*; *Kansas-Nebraska Natural Gas Co., Inc. v. Marathon Oil Co.*, 109 F.R.D. 12 (D.Neb.1983); *Milano v. Raymark Industries, Inc.,* 1986 WL 13298 (E.D.Pa. November 19, 1986).

[5] Rule 33(b)(4) provides: "Any ground [for objection] not stated in a timely objection is waived...."

the filing party is entitled to sanctions. The court imposes sanctions or requires the payment of expenses incurred for Defendant's failure to respond within 30 days under Rule 33.[6]

The imposition of sanctions is appropriate here because it was only after Mydral filed her motion to compel that Defendant complied with Rule 33.[7] If Defendant is sanctioned, it may stop this type of willful disregard for the Rules of Civil Procedure in the future.[8]

Defendant's position in withholding the discovery was not substantially justified because there is no legal support for it. Defendant concedes the validity of Mydral's position by providing the discovery after Mydral filed her motion and after causing everyone to waste time and money, and, worse, Defendant defied an unequivocally clear statutory obligation.[9]

Myrdal asks the Court to find that Defendant Hawk One waived their objections to the requests for Interrogatories by failing to timely object. Here, Defendant served their

---

[6] Discovery sanctions are available under Rules 26(g)(3), 37(b)(2), 37(c)(1) and the inherent powers of the Court. Rule 26(g)(1) requires an attorney or party to certify that all disclosures made pursuant to Rule 26(a)(1) or (a)(3) are complete and correct. Rule 26(g)(3) permits the district court to impose "appropriate sanctions" if a certification is made in violation of the rule.

[7] *Alexander v. F.B.I.,* 186 F.R.D. 6, 10 (D.D.C. 1998) (Rule 37 provides that a court may impose sanctions or require the payment of expenses incurred for a failure to respond to a request for inspection submitted under Rule 34, this action is taken when production is provided after the motion has been filed. Rule 37(b)(2).)

[8] *Neal v. Director, Dist. of Columbia Dept. of Corrections*, 1995 WL 517248, *8 (D.D.C. 1995) ("The sanction imposed here was appropriate to the circumstances surrounding the defendants' infraction and well within the broad discretion which Rule 37 of the Federal Rules of Civil Procedure has entrusted to this court. In fact, Rules 37 (b)(2) & 37(d) contemplate the very misconduct in which the defendants have engaged.")

[9] *Cobell v. Norton*, 213 F.R.D. 48, 61 (D.D.C. 2003).

responses 61 days late and never sought an extension of time nor have they demonstrated good cause. In these types of situations, *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005) ("defendant served its responses and amended responses fifty days and 125 days after the discovery requests were served-well outside the time limits imposed by the Federal Rules. The District did not seek an extension of time, nor has it attempted to demonstrate good cause for its untimely responses and objections. On this record, there is simply no reason to depart from the general rules regarding waiver.")

In addition "if the motion to compel is granted or if the requested discovery is provided after the motion is filed, Rule 37(a) also permits a court to award the victorious movant expenses for the cost of litigating the issue, including reasonable attorney's fees." *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America*, 2004 WL 2009417, *2 (D.D.C. 2004) (Lamberth, J.) There is no dispute that Hawk One was required to provide discovery in January 2007 and refused to respond until March 2007. It is only when a party's position is "substantially justified" that sanctions are avoided. ("An opposing party's position qualifies as "substantially justified" if "there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.") (citations omitted).

It is consistent with previous federal District Court decisions to award expenses, including reasonable attorney's fees to the victorious party to recover expenses related to litigating the instant motion, from the losing party. As Hawk One has not asserted any facts that demonstrate that their actions were "substantially justified" so as to warrant a waiver of

6

the otherwise mandatory award of fees - fees are required. *Id.* at *4, ("the Court will award Realtor Pogue expenses, including reasonable attorney's fees, finding that as the victorious party, Realtor Pogue is entitled to recover expenses related to litigating the instant motion, from the losing party, HCA/West Paces. The Court further finds, that HCA/West Paces have not asserted any facts that demonstrate that their actions were "substantially justified" so as to warrant a waiver of the otherwise mandatory award of fees.")

**WHEREFORE**, Myrdal respectfully requests the Court find that Defendant has waived any objections to Myrdal's requests for interrogatories and requests such sanctions as the Court determines.

Respectfully submitted,

/s/ William P. Farley
Law Office of William P. Farley, P.C.
1350 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 775-1550
(202) 775-0008 (fax)
farley@dccounselor.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Reply in support of her First Motion to Compel Hawk One's Interrogatory Responses was served on defendants by the Court's Electronic Filing System, on this 16th day of April 2007 to:

>Leonard Lewis McCants - #328526
>8701 Georgia Avenue, Suite 801
>Silver Spring, Maryland 20910
>Counsel for Defendant Hawk Security
>
>George E. Rickman #433298
>Assistant Attorney General
>P.O. Box 14600
>Washington, D.C. 20044-4600
>202-442-9840/fax 202-727-3625
>Counsel for Defendant District of Columbia
>
>Melvin Bolden, Esquire
>Assistant Attorney General
>Civil Litigation Division
>General Litigation Section IV
>P.O. Box 14600
>Washington, D.C. 20044-4600
>202-442-9840/fax 202-727-3625
>Counsel for Defendant Paula Senior Fisher
>Melvin.Bolden@dc.gov
>
>Respectfully submitted,
>
>
>/s/ William P. Farley
>Law Office of William P. Farley, P.C.
>1350 Connecticut Avenue, N.W., Suite 200
>Washington, D.C. 20036
>(202) 775-1550
>(202) 775-0008 (fax)
>farley@dccounselor.com
>Counsel for Plaintiff