# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN SEABROOKS MYRDAL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 05-02351 (RCL)** |
| ) | |
| **THE DISTRICT OF COLUMBIA,** *et al.* ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM & ORDER

### I.     INTRODUCTION

This matter comes before the Court on defendant District of Columbia's Motion [42] for Extension of Time to Respond to Discovery, defendant Paula Senior Fisher's Motions [43], [44] for Extension of Time to Respond to Discovery, plaintiff's Motion [45] for Limited Extension of plaintiff's Time to Complete Discovery, and defendant District of Columbia's Motion [46] to Enlarge the Time to Complete Discovery.  Also before the Court are plaintiff's Motion [47] to Compel defendant Hawk One to Produce Initial Disclosures, plaintiff's Motion [48] to Compel defendant Hawk One to Answer plaintiff's First Request for the Production of Documents, plaintiff's Motion [49] to Compel defendant Hawk One to Answer plaintiff's First Set of Interrogatories, and defendant Hawk One's Motion [52] to File Out of Time in Opposition to plaintiff's Motion to Compel defendant Hawk One's Response to plaintiff's First Request for Document Production.

### II.     DISCUSSION

1.     Motions for Extension of Time to Respond to Plaintiff's Discovery Requests

On December 21, 2006, plaintiff served her First Request for the Production of Documents and her First Set of Interrogatories to the defendants. (Pl.'s Mot. for Limited Extension of Disc.)  Defendants' responses were due on January 25, 2007. (Df. Fisher's Mot. for Extension of Time to Respond to Disc.)

Pursuant to Federal Rule of Civil Procedure 6(b)(1), on January 22, 2007, defendant District of Columbia filed a motion [42] to enlarge the time to respond to plaintiff's written discovery for an additional twenty days.  Defendant Senior Fisher filed her motion [43] to enlarge the time to respond by an additional thirty days on January 24, 2007.  "[T]he Court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by previous order."  Fed. R. Civ. P. 6(b)(1).  Both parties filed their motions before the end of the original period and showed cause as a result of the intervening holidays and the press of other business.  Therefore, the Court finds that the motions [42], [43] for extension of time are GRANTED *nunc pro tunc*.

Furthermore, defendant Senior Fisher filed a motion [44] to further enlarge the time to respond to plaintiff's discovery requests by five additional workdays.  Defendant Senior Fisher's motion was filed within the time prescribed by her first extension request and she has shown cause to finalize her responses to plaintiff's requests.  Accordingly, the Court finds that defendant Senior Fisher's motion [43] to further enlarge the time to respond to plaintiff's discovery requests is GRANTED *nunc pro tunc*.

2.     Motions for the Extension of the Discovery Period

2

On March 12, 2007, after the close of discovery, plaintiff filed her motion [45] requesting the Court to extend the period of discovery by an additional forty-five days to apply only to the plaintiff.  On March 13, 2007, defendant District of Columbia filed a motion [46] to enlarge the time of discovery for all parties in the litigation by an additional sixty days.  For the following reasons the Court finds that plaintiff's motion [45] is DENIED and that defendant District of Columbia's motion [46] is GRANTED.

Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.4(a) both provide that the discovery deadlines of a scheduling order may be modified "upon a showing of good cause." Fed. R. Civ. P. 16(b); LCvR 16.4(a).  Plaintiff argues that she is the only party exhibiting good cause to warrant an extension of discovery for three reasons:  defendant Hawk One had not answered any of plaintiff's written discovery requests; defendant Senior Fisher responded late to plaintiff's discovery requests; and defendant District of Columbia submitted responses signed by a paralegal.  (*See* Pl's Mot. for Limited Extension of Discovery, ¶ 8.)  Therefore plaintiff contends that she should be the only beneficiary of an extended discovery period.

The Court, however, disagrees.  First, plaintiff received defendant Hawk One's answers to her discovery requests on March 26, 2007.  Therefore plaintiff is no longer waiting for responses to her discovery requests.  Second, because this Court granted defendant Senior Fisher's motions to extend time [43], [44], the delivery of her answers on March 12, 2007 was within the period allowed by the Court.  Finally, defendant District of Columbia's responses were in compliance with the Federal Rules of Civil Procedure.  Rule 33(a) provides that interrogatories are "to be answered by the party served or if the party served is a . . . governmental agency, by any officer or agent, who shall furnish such information as is available

3

to the party." Fed. R. Civ. P. 33(a).  Defendant District of Columbia designated the paralegal to answer the interrogatories as a representative of the District of Columbia in compliance with Rule 33. ( Pl.'s Mot. for Limited Extension of Disc., Ex. "A");  *See also Fonville v. Dist. of Columbia*, 230 F.R.D. 38, 45 (D.D.C. 2005) ("Interrogatories are served on parties, and defendant's answers must be signed by the party upon whom they were served—*i.e.* a representative of the District of Columbia who attests to their truth on behalf of the District of Columbia.").

Therefore, an extension of the discovery period should not apply only to the plaintiff. Rather, an extended discovery period should apply to all parties because defendant District of Columbia showed cause that all parties will need more time to complete discovery and file any dispositive motions.  Accordingly, the Court DENIES plaintiff's Motion [45] for Limited Extension of plaintiff's Discovery Period and GRANTS defendant District of Columbia's Motion [46] to Enlarge the Time for Discovery for all parties an additional sixty days.

3.     Motions to Compel

Pursuant to Rule 37, on March 14, 2007, plaintiff filed motions [47], [48], and [49] to compel defendant Hawk One to provide discovery responses and to sanction Hawk One for violating the Federal Rules of Civil Procedure.  Rule 37 of the Federal Rules of Civil Procedure allows a party to move the court to compel the production of discovery requests.[1]  If the court

---

[1] Fed. R. Civ. P. 37(a) provides that,
"A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery . . . [if] a party fails to make a disclosure required by Rule 26(a) . . . or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34 fails to respond that inspection will be

grants the moving party's motion to compel, or if the documents are produced after the motion to compel has been filed, the court may award costs, including attorney's fees, to the moving party and sanction the opposing party. *See* Fed. R. Civ. P. 37(c) (providing sanctions for failure to produce initial disclosures including reasonable costs); Fed. R. Civ. P. 37(d) (providing sanctions for failure to answer interrogatories or requests for document production including reasonable costs).

In her first motion [47], plaintiff seeks to compel defendant Hawk One to produce initial disclosures as required by Federal Rule of Civil Procedure 26(a) and requests the Court to sanction Hawk One. (Pl's. Mot. to Compel Initial Disclosures.) In compliance with Rule 37, plaintiff made a good faith attempt to compel defendant Hawk One to produce its initial disclosures. (*Id.* at Ex. "B.") Even after these attempts and plaintiff's motion to compel, defendant Hawk One has failed to produce its initial disclosures. Moreover, defendant Hawk One has not offered any substantially justified reason for withholding their initial disclosures and violating the Court's order of November 30, 2006.[2] Therefore, pursuant to Rule 37(c), defendant Hawk One's failure to produce initial disclosures warrants sanctions.[3] Accordingly, the Court

permitted as requested or fails to permit inspection as requested."

[2] On March 26, 2007, defendant Hawk One faxed plaintiff its answers to plaintiff's interrogatories and requests for document production. (Def. Hawk One's Opp'n to Pl.'s Mot. to Compel Produc. of Docs., Ex. "A.") The record does not reflect that initial disclosures were also contained in this transmittal.

[3] Rule 37(c) of the Federal Rules of Civil Procedure provides that, "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. . . . In addition . . . , the court, on motion and after affording an

finds that plaintiff's motion to compel initial disclosures is GRANTED.  Defendant Hawk One

must provide initial disclosures within 10 days of this order, pay plaintiff $250 for costs of

litigating this issue, and is not permitted to use as evidence at a trial, at a hearing, or on a motion

any witness or information not disclosed in initial disclosures.

In her others motions [48], [49], plaintiff asks the Court to compel defendant Hawk One

to answer her first request for the production of documents and her first set of interrogatories.  In

addition, plaintiff asks the Court to order that defendant Hawk One waived any objections to the

request for production and interrogatories for failing to state any objections in a timely manner.

On March 26, 2007, after plaintiff filed these motions, defendant Hawk One provided answers to

plaintiff's request for production and interrogatories.  (Def. Hawk One's Opp'n to Pl.'s Mot. to

Compel Produc. of Docs., Ex. "A.")

However, despite filing their answers on March 26, 2007, any objections stated in

defendant Hawk One's answers are waived because defendant Hawk One failed to provide their

answers and objections to plaintiff's interrogatories and document requests in a timely manner.

If a party fails to state an objection to an interrogatory in a timely manner, the party automatically

waives that objection.  *See* Fed. R. Civ. P. 33(b)(4).  Similarly, courts have found that, like the

automatic waiver contained in Rule 33, failure to state any objections to the production of

documents in a timely manner constitutes a waiver of any objections even though Federal Rule of

Civil Procedure 34 does not contain an automatic waiver provision.  *See Fonville v. Dist. of

Columbia*, 230 F.R.D. 38, 42 (finding that failure to object to document production in a timely

manner, like the failure to object to an interrogatory, constitutes an automatic waiver of any

opportunity to be heard, may impose other appropriate sanctions."

objections).  Therefore, the Court ORDERS that defendant Hawk One has waived any objections

to both plaintiff's requests for document production and interrogatories.  Accordingly, the

GRANTS plaintiff's motions [48], [49] and ORDERS that defendant Hawk One file within ten

days of this date supplemental responses as to any matters to which defendant Hawk One

objected.

The Court will now address whether costs or other sanctions are appropriate for defendant

Hawk One's failure to provide their answers to plaintiff's interrogatories and document

production in a timely manner. Defendant Hawk One did not move at any time for an extension

of the period to respond to plaintiff's discovery requests.  Furthermore, plaintiff attempted on

several occasions to compel defendant Hawk One to answer the request for production and the

interrogatories prior to seeking court order to compel. (Pl.'s Mot. to Compel Answer to

Interrogs., Ex. "B.")  Defendant Hawk One, however, only provided answers to the request for

production and the interrogatories after plaintiff filed these motions.  Moreover, defendant Hawk

One did not provide any substantial justification for failing to answer either discovery request.

Therefore, defendant Hawk One failed to meet its obligations under the Federal Rules of Civil

Procedure and forced plaintiff to incur legal fees in filing motions [48] and [49] and replies [56]

and [57].  Accordingly, the Court ORDERS that, pursuant to Rule 37(a), defendant Hawk One

must pay plaintiff $350 for reasonable costs associated with filing motion [48] and  reply [56]

and $350 for reasonable costs associated with filing motion [49] and reply [57].

4.      Motion to File Out of Time

Defendant Hawk One filed motion [52] to file out of time its opposition to plaintiff's

motion to compel defendant Hawk One to answer plaintiff's request for production.  Defendant

Hawk One was unable to file in time due to an illness. Therefore, defendant's motion [52] is GRANTED *nunc pro tunc*.

III.    CONCLUSION

For the above reasons, it is ORDERED that the following motions are GRANTED *nunc pro tunc*:

1.    Defendant District of Columbia's Motion [42] for Extension of Time to Complete Discovery up to and including February 20, 2007;

2.    Defendant Paula Senior Fisher's Motion [43] for Extension of Time to Respond to Discovery up to and including February 26, 2007;

3.    Defendant Paula Senior Fisher's Motion [44] for Further Extension of Time to Respond to Discovery up to and including March 7, 2007; and

4.    Defendant Hawk One's Motion [52] to File Out of Time defendant Hawk One's Opposition to plaintiff's Motion to Compel.

It is further ORDERED that plaintiff's Motion [45] for Limited Extension of plaintiff's Discovery is DENIED; it is further

ORDERED that defendant District of Columbia's Motion [46] to Extend the Time to Complete Discovery is GRANTED; it is further

ORDERED that discovery is extended an additional sixty days from the date of this order; that any dispositive motions shall be filed no later than twenty days after the close of discovery; that opposition memoranda shall be filed within two weeks of a dispositive motion; and that reply memoranda shall be filed within one week of a memorandum in opposition; it is further

ORDERED that plaintiff's Motion [47] to Compel defendant Hawk One to Produce

Initial Disclosures is GRANTED, and defendant Hawk One shall provide initial disclosures within 10 days from this date; it is further

ORDERED that defendant Hawk One is sanctioned to pay plaintiff $250 in costs for having to file motion [47]; it is further

ORDERED that defendant Hawk One is prohibited to use as evidence at a trial, at a hearing, or on a motion any witness or information not disclosed in initial disclosures; it is further

ORDERED that plaintiff's Motion [48] to Compel defendant Hawk One to Answer plaintiff's First Request for the Production of Documents is GRANTED; it is further

ORDERED that defendant Hawk One has waived any objections to plaintiff's First Request for the Production of Documents for failing to timely object; it is further

ORDERED that defendant Hawk One has ten days to file supplemental responses as to any matters in plaintiff's First Request for the Production of Documents to which defendant Hawk One objected; it is further

ORDERED that plaintiff's Motion [49] to Compel defendant Hawk One to Answer plaintiff's First Set of Interrogatories is GRANTED; it is further

ORDERED that defendant Hawk One has waived any objections to plaintiff's First Set of Interrogatories for failing to timely object; it is further

ORDERED that defendant Hawk One has ten days to file supplemental responses as to any matters in plaintiff's First Set of Interrogatories to which defendant Hawk One objected; it is further

ORDERED that defendant Hawk One pay plaintiff $350 for reasonable costs associated

9

with filing motion [48] and reply [56]; and it is further

ORDERED that defendant Hawk One pay plaintiff $350 for reasonable costs associated with filing motion [49] and reply [57].

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, June 7, 2007.