UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN SEABROOKS MYRDAL**          ) | |
|                               ) | |
|     **Plaintiff,**                             ) | |
|                               ) | |
|      **v.**                                   ) | C.A. No. 05 CV 02351 (RCL) |
|                               ) | |
| **THE DISTRICT OF COLUMBIA, et al.**    ) | |
|                               ) | |
|                               ) | |
|     **Defendants.**                     ) | |

**PLAINTIFF'S OPPOSITION TO THE DISTRICT OF COLUMBIA'S EMERGENCY MOTION FOR A PROTECTIVE ORDER PRECLUDING TESTIMONY OF GREG PANE**

Plaintiff, Marilyn Seabrooks Myrdal ("Myrdal"), hereby files her opposition to Defendant District of Columbia's ("DC")Emergency Motion for a Protective Order to prohibit the testimony of Greg Pane ("Pane"). DC's motion suffers from a fatal flaw - without any evidence or affidavits there are only stereotypes and conclusory statements which cannot form the basis to deny discovery.

## Introduction

The Court should deny DC's eleventh-hour attempt to postpone a properly noticed deposition that has been noticed on three separate occasions beginning in July 2007. A copy of the first notice is attached here as Exhibit "A." The most notable feature of DC's "emergency" motion is the complete absence of any explanation why DC chose to wait until the day before this deposition to file its motion and foist on the Court, and on plaintiff, the need to deal with this motion in an "emergency" manner. In reality, as explained in more details below, there is no legitimate reason

why DC and their decision making official did not attend the deposition as scheduled.

Perhaps more important, not proceeding with the deposition has imposed an undue burden upon the Court and on plaintiff, due to increasing litigation costs, and delaying the timely resolution of this matter.

**Factual Background**

In April 2005, Defendant Senior-Fisher and special police officers under her control searched the personal belongings of Marilyn Seabrooks Myrdal. At the time, Senior-Fisher was supervised directly by Pane. September 10, 2007 Deposition Transcript of Senior-Fisher, pg. 29. A copy of the relevant pages is attached here as Exhibit "C." Pane never said that the search of Myrdal's purse violated D.C. policy. *Id.,* pg. 63-66. Senior Fisher admitted Pane had something to say about the incident in question here, but not much. *Id.,* pg.64-65.

Myrdal served her notice of deposition to Pane on July 25, 2007 (with a copy to counsel via email on July 25, 2007). Due to defendants' request to reschedule Pane's deposition, Myrdal served a second notice of deposition on August 20, 2007. Again Defendants requested a different date for Pane's deposition. Myrdal complied and she served a third notice of Pane's deposition on the date chosen by Pane, September 10, 2007.

Another DC attorney represents Senior-Fisher. That attorney informed counsel that he had only one day in July and August where he had time to attend a deposition in this matter - so he noticed Myrdal's deposition for that date and never informed his client that she had been noticed for a deposition. Exh. C, pg. 5-6. In addition, he noticed the deposition of the special police officers for July 23, 2007 - then cancelled their depositions on the date they were to be taken while plaintiff's counsel was within the offices of the DC Attorney General for those depositions. Myrdal attended

her deposition at the date and time Defendants requested.

DC did not object to the depositions scheduled for July or August. Instead, DC moved at 7:08 p.m. on a Friday night September 7, 2007, when the deposition was scheduled for the next business day, September 10, 2007. Having heard no objection from DC until after the date was cleared, court reporters and conference rooms were reserved. A copy of the confirmation is attached here as Exhibit "B." Discovery in this matter closed on September 14, 2007.[1]

### Argument

The burden is always on movant to establish "good cause" in order to be awarded a protective order. *See General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir.1973), *cert. denied*, 414 U.S. 1162 (1974). To demonstrate good cause to support the issuance of a protective order with respect to a deposition, the burden is upon the movant to show the necessity the protective order and demonstrate particular and specific facts. *In re Terra Intern., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). As shown below, DC misunderstood the law and believed, incorrectly, that Myrdal had the burden instead of the movant.

The federal courts have a general philosophy favoring full discovery. *See Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir.1979) (very unusual for trial court to prohibit the taking of a deposition altogether, and absent extraordinary circumstances, such order would likely be in error); *Cooper v. Welch Foods, Inc.*, 105 F.R.D. 4, 6 (W.D.N.Y.1984) (courts rarely order that a deposition not be taken); *Grinnell Corp. v. Hackett*, 70 F.R.D. 326, 333 (S.D.N.Y.1976) (request to vacate

---

[1] Plaintiff moved to extend discovery because the parties could not schedule a Rule 30(b)(6) deposition because Defendant Senior-Fisher's attorney notified all counsel that he does not have one three hour block of time, other than September 7 and September 10, in the whole month of September to attend a deposition.

notice of deposition is unusual and unfavorable and, typically, is denied).

Federal Rule of Civil Procedure 26(c) provides that if a movant's showing of good cause, then a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Bynum v. District of Columbia*, 217 F.R.D. 43, 51 (D.D.C. 2003) (Lamberth, J.); *citing* Fed.R.Civ.P. 26(c). As in *Bynum*, Defendant in this matter "offers no good cause why a protective order should be granted." *Id.*

Movants may not rely upon stereotypes and conclusory statements. *Id.* ("[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.") *citing United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir.1978); see also 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2035, at 483-86 (2d ed.1994).

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits the discovery of any unprivileged matter that is "reasonably calculated to lead to the discovery of admissible evidence," Fed.R.Civ.P. 26(b)(1). In addition it is well established that the federal rules of discovery are to be liberally construed. And more importantly for this case, DC admits that Myrdal seeks to depose Pane to obtain information "concerning matters, not privileged, which are relevant to the subject matter involved in the pending action . . ." Def. Mot., pg. 1, ¶ 1. Thus, Myrdal is seeking only what she is entitled to receive in discovery. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (Rule 26( c) "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.")

In their motion, DC argues that Pane - who the parties agree is an ultimate decision maker

– can not be deposed because "agency decision-makers [are relieved] from the burdens of discovery, to allow them to spend their valuable time on the performance of official functions, and to protect them from inquiries into the mental processes of agency decision making." Def. Mot., pg. 2, ¶ 2.

DC did not support its motion for protective order with any affidavits or other evidence that might provide support for their assertions. DC's motion is therefore unsupported by a "particular and specific demonstration of fact" as is required by Rule 26(c). *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 fn. 16 (1981); *John Does I-VI v. Yogi*, 110 F.R.D. 629, 632 (D.D.C. 1986) ("To establish good cause under Rule 26(c) the courts have generally required a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."); *U.S. v. Exxon Corp.*, 94 F.R.D. 250, 251 (D.C.D.C. 1981) (same). DC's approach would have good cause exists for granting a protective order any time fact witnesses in a case is also a decision maker for one of the parties.

### Defendant's Arguments

Defendant relies upon cases that are unhelpful. None concern the situation where the direct supervisor of the person accused of conducting an illegal search discusses the incident and has something to say about the illegal search. Ex. C, Fisher Dep., pg. 64-65. Defendant failed to inform the Court that Pane was Senior-Fisher's direct supervisor when Senior-Fisher ordered special police officers to search the personal belongings of plaintiff.

### Conclusion

For the foregoing reasons, Myrdal respectfully requests that the Court deny DC's Emergency Motion for Protective Order and order DC to produce Pane. If the Court believes that it is reasonable, she asks that DC be ordered to pay her attorney fees for opposing the present motion and for the taking of Pane's deposition on a separate date, including reasonable attorney fees for delaying

this matter and wasting the Court's time.

**DATED** this 21st day of September 2007.

                                                     Respectfully submitted,

                                                           /s/ William P. Farley
                                                     William P. Farley, D.C. Bar No. 466280
Law Office of William P. Farley, P.C.
1350 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 775-1550
(202) 775-0008 (fax)
farley@dccounselor.com
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN SEABROOKS MYRDAL**  )  )  **Plaintiff,**  )  )            v.                                                             )  **C.A. No. 05 CV 02351 (RCL)**  )  **THE DISTRICT OF COLUMBIA, et al.**  )  )  )  **Defendants.**                               )  ) | |

**ORDER**

Upon consideration of Defendant District of Columbia's Emergency Motion for a Protective Order to Prohibit the Deposition of Greg Pane, Plaintiff's opposition thereto, any reply and the record herein, it is the _____ day of _____ 2007 hereby:

**ORDERED** that the Defendant District of Columbia's motion be and hereby is **DENIED**; and it is further

**ORDERED** that Defendant District of Columbia shall produce Greg Pane for a deposition and pay the court reporter and reasonable attorney fees for plaintiff's costs in opposing their motion as well as the taking of Pane's deposition.

_____
Judge Royce C. Lamberth
Federal District Court Judge - District of Columbia

Copies to:
William P. Farley
Farley@dccounselor.com
Counsel for Plaintiff


Leonard Lewis McCants
mccantslaw@aol.com
Counsel for Defendant Hawk Security

George E. Rickman
Assistant Attorney General, D.C.
Civil Litigation Division
General Litigation Section IV
george.rickman@dc.gov
202-442-9840
Counsel for Defendant District of Columbia

Melvin Bolden
Assistant Attorney General, D.C.
Civil Litigation Division
General Litigation Section IV
Melvin.Bolden@dc.gov

Counsel for Senior Fisher



Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Opposition was served on all parties by delivering a copy thereof via the Court's electronic filing, on this 21st day of September 2007 to:

        Leonard Lewis McCants
        mccantslaw@aol.com
        Counsel for Defendant Hawk Security

        George E. Rickman
        Assistant Attorney General, D.C.
        Civil Litigation Division
        General Litigation Section IV
        george.rickman@dc.gov
        202-442-9840
        Counsel for Defendant District of Columbia

        Melvin Bolden
        Office of the Attorney the District of Columbia
        One Judiciary Square
        441 4th Street, Northwest
        Suite 600 South
        Washington, D.C.
        (202) 724-5695
        Melvin.Bolden@dc.gov

        Counsel for Senior Fisher

           /s/ William P. Farley
        William P. Farley, D.C. Bar No. 466280
        Law Office of William P. Farley, P.C.
        1350 Connecticut Avenue, N.W.
        Suite 200
        Washington, D.C. 20036
        (202) 775-1550
        (202) 775-0008 (fax)

farley@dccounselor.com
Counsel for Plaintiff