## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN SEABROOKS MYRDAL** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| | ) |
| **v.** | ) **C.A. No. 05 CV 02351 (RCL)** |
| | ) |
| **THE DISTRICT OF COLUMBIA, et al.** | ) |
| | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### PLAINTIFF'S MOTION PURSUANT TO RULE 37(d)

### To Compel Defendant The District of Columbia to Attend Their Properly Noticed Rule 30(b)(6) Deposition and for sanctions and Myrdal's Memorandum of Points and Authorities in Support of Her Motion

Plaintiff Myrdal ("Myrdal") respectfully requests this Court to enter an Order compelling The District of Columbia (the "District") to attend their properly noticed Rule 30(b)(6) deposition and provide sanctions for the District's willful failure to appear for the properly noticed Rule 30(b)(6) deposition. Pursuant to Local Rule 7, Plaintiff requested The District of Columbia's Consent to this motion and did not receive that consent.[1] Defendant has stated they will oppose this motion and any relief requested.

This motion is brought because the Defendant District of Columbia did not appear for their deposition and did not file a motion for a protective order.

---

[1] FRCP Rule 37(d) does not require the movant to seek consent when the entity does not appear for the deposition. The local rules have a duty to confer for all nondispositive motions.

## Brief Procedural Background

### Rule 30(b)(6) Notices

Myrdal served her first notice of Rule 30(b)(6) deposition on the District of Columbia by hand on September 7, 2007. A copy is attached as Exhibit "A." Defendant requested that Myrdal move the date, so Myrdal moved to extend discovery.

After the Court agreed to an extended discovery period, on October 10, 2007 Myrdal served her Second Notice of Rule 30(b)(6) deposition on the District of Columbia and sent a courtesy copy via email setting the date of the deposition for October 23, 2007. A copy of the notice is attached here as Exhibit "B." Myrdal served her notice of the Rule 30(b)(6) deposition 13 days prior to the date of the deposition. Pursuant to LCvR 30.1 "Service of a notice of deposition five days in advance of the date set for taking the deposition shall constitute "reasonable notice" to a party as required by Rule 30(b)." By giving 13 days, eight more than the five required, Myrdal gave proper notice.

Pursuant to LCvR 30.1 "Service of a notice of deposition five days in advance of the date set for taking the deposition shall constitute "reasonable notice" to a party as required by Rule 30(b)."

### Senior-Fisher's Counsel Claims that He Does Not Have One Day for a Deposition

On September 14, 2007, after Mr. Bolden informed counsel for all parties that he did not have three hours to hold this deposition in the whole month of September, plaintiff moved to extend discovery to accommodate the District's attorney. On September 28, 2007

the Court issued an order that discovery is due by 10/26/2007. Dispositive Motions due by 11/15/2007. Oppositions to Dispositive Motions due by 11/29/2007. Reply to Dispositive Motions due by 12/6/2007.

On September 7, 2007 the District filed an emergency motion on the eve of a deposition to block plaintiff's deposition of Greg Pane, a District employee.  DC chose to wait until the day before the deposition to file its motion and foist on the Court, and on plaintiff, the need to deal with this motion in an "emergency" manner.  The District later fired Pane.  To date the District has not informed this Court that most of their arguments were made moot by their termination of Mr. Pane.

Myrdal served her notice of deposition to Pane on July 25, 2007 (with a copy to counsel via email on July 25, 2007).  Due to defendants' request to reschedule Pane's deposition, Myrdal served a second notice of deposition on August 20, 2007.   Again Defendants requested a different date for Pane's deposition.  Myrdal complied and she served a third notice of Pane's deposition on the date chosen by Pane, September 10, 2007.

On August 21, 2007 the Court granted that motion and issued an order to Set/Reset Deadlines: Discovery due by 9/14/2007. Dispositive Motions due by 10/5/2007. Opposition to Dispositive Motions due by 10/19/2007. Replies to Dispositive Motions due by 10/31/2007.

Mr. Bolden represents Senior-Fisher.  That attorney informed counsel that he had only one day in July and August where he had time to attend a deposition in this matter - so he

noticed Myrdal's deposition for that date and never informed his client that she had been noticed for a deposition in July. In addition, he noticed the deposition of the special police officers for July 23, 2007 - then cancelled their depositions on the date they were to be taken while plaintiff's counsel was within the offices of the DC Attorney General for those depositions. Myrdal attended her deposition at the date and time Defendants requested.

On July 30, 2007, due to Mr. Bolden's representation that he had only one day for depositions in the whole month of July, which he used to take the plaintiff's, the parties moved to extend discovery to accommodate his schedule. On August 5, 2007 the Court issued an "ORDER GRANTING [59] Motion for Extension of Time to Complete Discovery and Reset Motions Deadlines, and ORDERING that discovery shall be completed on or before September 14, 2007; and further ORDERING that dispositive motions shall be filed on October 5, 2007, oppositions on October 19, 2007, and replies, if any, on October 31, 2007."

### Brief Factual Background

Myrdal brought this action to challenge the District of Columbia's policy and practices of searching their employees personal belongings, including purses, as a normal part of the work day. Defendant Hawk One was brought into this action because their guards refused to permit Myrdal to move about her office space and searched through her belongings with the District of Columbia. The illegal searches took place within Ms. Myrdal's office.[2]

---

[2] All facts are directly from Ms. Myrdal complaint, ¶ 4-63.

Myrdal was the District of Columbia's Administrator at the Maternal and Family Health Administration at the District of Columbia Department of Health during the time period at issue. November 9, 2005 Complaint, *Myrdal v. D.C., et al.* ¶ 4-5.

Prior to March 2005 the District of Columbia issued Ms. Myrdal a credit card. Ms. Myrdal never asked for the credit card and rarely used the credit card. On or about March 22, 2005 the District of Columbia cancelled their employees credit cards, including plaintiff's employer issued credit card. Plaintiff was required to return her cancelled credit card to District of Columbia employee Kenneth Wong.

On April 13, 2005 at approximately 1:40 p.m., plaintiff made arrangements to return the cancelled credit card to Mr. Kenneth Wong on April 18, 2005. Mr. Kenneth Wong is the Administrative Services Manager, Primary Care Prevention and Planning Administration and Program Coordinator for the D.C. Purchase Card Program. Later on April 13, 2005, at approximately 2:15 p.m., Defendant Paula Senior Fisher entered Ms. Myrdal office unannounced and demanded that Ms. Myrdal provide the cancelled credit card to her. Ms. Senior-Fisher told Ms. Myrdal that the travel credit card had been suspended and that she needed it immediately.

Ms. Myrdal informed Ms. Senior Fisher that she did not have the cancelled credit card with her. Ms. Myrdal also informed Ms. Senior Fisher of her conversations with Mr. Wong and informed Ms. Senior Fisher that she had already made arrangements with Kenneth Wong to return the card no later than April 18, 2005.

Soon after Ms. Myrdal informed Defendant Senior-Fisher that she did not have the card with her, Senior-Fisher came to Ms. Myrdal office with two **armed** security officers, Officer Roger Harris and Officer Kim Taylor.  The armed security officers worked for defendant security company and were under the control of Defendant Senior Fisher.  Officer Taylor asked Ms. Myrdal if she had the government property Ms. Senior Fisher was requesting.  Ms. Myrdal informed everyone that she did not have the cancelled credit card in her possession.  Ms. Myrdal also informed the security officers of the DOH procedure which required her to surrender the travel credit card to Kenneth Wong.  Ms. Myrdal informed the officers that she had already made arrangements with Mr. Wong to return the travel credit card on April 18, 2005 as was required by the District of Columbia.

Ms. Senior Fisher then instructed the armed officers to search Ms. Myrdal's purse and tote bag.  Ms. Myrdal never gave her consent for any of the defendants to search her personal belongings, neither her purse nor her tote bag.  The Security personnel and Ms. Senior Fisher searched Ms. Myrdal personal belongings, including her purse and tote bag, without authorization.

After searching Ms. Myrdal's personal purse and tote bag, Officer Taylor instructed Ms. Senior-Fisher to locate Mr. Wong to confirm Ms. Myrdal's earlier statements that she was required to return the cancelled card to Mr. Wong on April 18, 2005.  The armed security personnel would not permit Ms. Myrdal to leave her office and kept her imprisoned while Ms. Senior-Fisher was gone to find Mr. Wong.

At or about 2:30 p.m. on April 13, 2005, Mr. Wong was contacted by Ms. Senior Fisher and asked to report to Ms. Myrdal office.  Mr. Wong was questioned by Officer Stanley after arriving to Ms. Myrdal office.  Mr. Wong acknowledged that he had instructed Ms. Myrdal to return the travel credit card to him no later than Monday, April 18, 2005.  Ms. Myrdal was following the defendants' procedures in returning the cancelled credit card directly to Mr. Wong.

## ARGUMENT

### A. The District of Columbia is Required to Attend Their Deposition

Rule 30(b)(6) permits plaintiff to depose the District of Columbia through representatives designated by the District.  That designee's testimony is then generally admissible as a statement of the District. *See, McKesson Corp. v. Islamic Republic of Iran*, 185 F.R.D. 70, 79 (D.D.C.1999);

On October 10, 2007 Myrdal served her Notice of Rule 30(b)(6) deposition on the District of Columbia and sent a courtesy copy via email setting the date of the deposition for October 23, 2007.  Exh. A.  The District did not show up for the deposition and did not move for a protective order in violation of FRCP Rule 37.  Rule 37(d) provides:

> (d) Failure of Party to Attend at Own Deposition . . .  If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) . . . to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, . . . after proper service of the request, the court in which the action is

pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and ©) of subdivision (b)(2) of this rule. Any motion specifying a failure under clause (2) or (3) of this subdivision shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. In lieu of any order or in addition thereto, the court *shall require* the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. (Emphasis added).

The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26©).

As it can not be disputed that plaintiff gave proper notice and defendant did not seek a motion for a protective order, Myrdal was entitled to the discovery she requested. Thus, Plaintiff requests that The District of Columbia be ordered to respond to Myrdal's notice and pay for her attorney fees and costs which were necessitated by the Defendant's actions.

**B. The District of Columbia waived any objection to Plaintiff's Topics**

Federal courts have held that a failure to file an objection to a request for production of documents may be deemed a waiver. *Byrd v. Reno*, 1998 WL 429676 (D.D.C. 1998) ("Where, as here, defendant never properly asserted their objections, in violation of the time limits imposed by the Federal Rules . . . a waiver is warranted. I conclude that, as with the interrogatories, defendant waived his objections to the requests for production of documents by failing to timely object.") citing; *Kansas-Nebraska Natural Gas Co., Inc. v. Marathon Oil*

8

*Co.*, 109 F.R.D. 12 (D.Neb.1983); *Milano v. Raymark Industries, Inc.,* 1986 WL 13298 (E.D.Pa. November 19, 1986).

As in *Byrd*, The District of Columbia never properly asserted their objections to Rule 30(b)(6) topics by failing to appear for their deposition in violation of the Federal Rules and thus they have waived any objections. Therefore, Plaintiff ask the Court to find that The District of Columbia waived their objections to the Rule 30(b)(6) topics by failing to appear.

## C. Possible Sanctions

"[I]f a party fails to appear at a deposition, has no substantial justification for the failure, and where no other circumstances make the award of expenses unjust. Courts have held that the burden of establishing a substantial justification rests with the non-movant." *S.E.C. v. Hiestand*, 1997 WL 459853, *3 (D.D.C. 1997) (Lamberth, J.)

1.    "Monetary sanctions are mandatory under Rule 37(d) for failure to appear by means of wholly failing to educate a Rule 30(b)(6) witness, unless the conduct was substantially justified." *In re Vitamins Antitrust Litigation*, 216 F.R.D. 168, 174 (D.D.C. 2003).    Thus, the Court may order the District to pay reasonable expenses, including attorneys fees, incurred in presenting the instant motion.

2.    Order the District to produce one or more educated 30(b)(6) witnesses who have been educated as to any and all facts known to the District and its counsel with respect to the 20 noticed Rule 30(b)(6) topics served on the District on October 10, 2007.

3.    If the Court finds the District willfully did not appear for their deposition, the

Court could order that Defendant has admitted that all topics on the Rule 30(b)(6) notice are to be construed in a way most favorable to plaintiff's version of the events. *Dellums v. Powell*, 566 F.2d 231, 235 (D.C. Cir. 1977) ("some element of willfulness or conscious disregard is still required to justify a sanction of dismissal . . . the Court warned that leniency on this account was not necessarily justified because such leniency would cause other parties to other lawsuits (to) feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other District Courts.") (citations and quotations omitted)

The court could infer the District wilfulness by whether the District either presented someone for the deposition or moved for a protective order. *Id.* at 235 ("Rule 37(d) plainly requires a party receiving interrogatories to make one of two responses: an answer or a motion for a protective order.") The District was properly noticed for the Rule 30(b)(6) deposition and neither appeared nor filed a motion for a protective order.

In a similar matter, when a party failed to appear for their own deposition, this Court issued sanctions that:

4.     Any other sanction the court deems proper.

**WHEREFORE**, plaintiff respectfully requests the Court to sanction The District of Columbia and issue an order that all plaintiff's Rule 30(b)(6) topics shall be deemed to be answered in a manner most consistent with plaintiff's understanding of this matter or order The District of Columbia to produce fully knowledgeable witnesses and find the District has waived any objections to Plaintiff's Rule 30(b)(6) topics.

10

Respectfully submitted,


       /s/ William P. Farley

William P. Farley, D.C. Bar No. 466280
Law Office of William P. Farley, P.C.
1350 Connecticut Avenue, NW, Suite 200
Washington, D.C. 20036
(202) 775-1550
(202) 775-0008 (fax)
farley@dccounselor.com
Counsel for Plaintiff

11

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

**MARILYN SEABROOKS MYRDAL**                )
                                             )
        **Plaintiff,**                        )
                                             )
        **v.**                                ) **C.A. No. 05 CV 02351 (RCL)**
                                             )
**THE DISTRICT OF COLUMBIA, et al.**         )
                                             )
                                             )
        **Defendants.**                       )
_____)

**ORDER**

Upon consideration of Plaintiff's Motion Pursuant to Rule 37 to Compel The District of Columbia to Answer Plaintiff's First Request for the Production of Documents, the accompanying Memorandum of Points and Authorities, the opposition thereto, Plaintiff's Reply and the entire record herein, it is this _____ day of _____ 2007 hereby:

**ORDERED** that Plaintiff's Motion Pursuant to Rule 37 to Compel The District of Columbia to Appear for the Rule 30(b)(6) deposition should be, and hereby is granted; and it is further

**ORDERED** that The District of Columbia has waived any objections to the Plaintiff's Rule 30(b)(6) topics by failing to appear at the Rule 30(b)(6) deposition or move for a protective order; and it is further

**ORDERED** that The District of Columbia must appear with fully knowledgeable Rule 30(b)(6) witnesses within 30 days.

**ORDERED** that The District of Columbia's position is not substantially justified and sanctions are appropriate.

_____
Judge Royce C. Lamberth
United States District Court Judge

Copies to:

William P. Farley, P.C.
1350 Connecticut Avenue, NW
Suite 200
Washington, D.C. 20036
(202) 775-1550
(202) 775-0008 (fax)
farley@dccounselor.com
Counsel for Plaintiff

Leonard Lewis McCants - #328526
8701 Georgia Avenue
Suite 801
Silver Spring, Maryland 20910
mccantslaw@aol.com
Counsel for Defendant Hawk Security

George E. Rickman #433298
Assistant Attorney General
Civil Litigation Division
General Litigation Section IV
P.O. Box 14600
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625 - george.rickman@dc.gov
Counsel for Defendant District of Columbia

Melvin Bolden, Esquire
Assistant Attorney General
Civil Litigation Division
General Litigation Section IV
P.O. Box 14600
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625
Counsel for Defendant Paula Senior Fisher
Melvin.Bolden@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Motion to Compel Defendant The District of

Columbia to Attend Their Properly Noticed Rule 30(b)(6) Deposition and for sanctions and Myrdal's

Memorandum of Points and Authorities in Support of Her Motion was served on defendants by the

Court's Electronic Filing System, on this 26th day of October 2007 to:

> Leonard Lewis McCants - #328526
> 8701 Georgia Avenue, Suite 801
> Silver Spring, Maryland 20910
> mccantslaw@aol.com
> Counsel for Defendant Hawk Security
>
> George E. Rickman #433298
> Assistant Attorney General
> Civil Litigation Division - General Litigation Section IV
> P.O. Box 14600
> Washington, DC 20044-4600
> 202-442-9840/fax 202-727-3625 - george.rickman@dc.gov
> Counsel for Defendant District of Columbia
>
> Melvin Bolden, Esquire
> Assistant Attorney General
> Civil Litigation Division
> General Litigation Section IV
> P.O. Box 14600
> Washington, DC 20044-4600
> 202-442-9840/fax 202-727-3625
> Counsel for Defendant Paula Senior Fisher
> Melvin.Bolden@dc.gov
>
> Respectfully submitted,
>
>
> /s/ William P. Farley
> Law Office of William P. Farley, P.C.
> 1350 Connecticut Avenue, NW
> Suite 200
> Washington, D.C. 20036
> (202) 775-1550
> (202) 775-0008 (fax)
> farley@dccounselor.com
> Counsel for Plaintiff