UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN SEABROOKS MYRDAL,** | ) |
| **Plaintiff,** | ) |
| v. | ) C.A. No. 05 CV 02351 (RCL) |
| **THE DISTRICT OF COLUMBIA,** *et al.*, | ) |
| **Defendants.** | ) |

**PLAINTIFF'S RULE 30(b)(6) NOTICE OF VIDEO DEPOSITION
TO DEFENDANT DISTRICT OF COLUMBIA**

Please take notice that plaintiff, pursuant to Rule (30)(b)(6) of the Federal Rules of Civil Procedure, will take the video deposition of Defendant District of Columbia on Tuesday, October 23, 2007 commencing at 10:00 a.m., at the Law Office of William P. Farley, 1350 Connecticut Avenue, N.W., Suite 200, Washington, D.C. 20036, before a notary public authorized to administer oaths and pursuant to the rules of the District of Columbia Federal District Court. This deposition will be taken for the purposes of discovery and/or for use at the time of trial. The deposition will continue from day to day until completed.

This notice describes the matters on which examination will be conducted. Pursuant to Rule 30(b)(6), Defendant District of Columbia ("District") is to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which each person will testify.

Federal Rule 30(b)(6) witnesses are required to testify as to matters known or reasonably available to the organization. One of the chief purposes of Rule 30(b)(6) is to prevent the witness

1

from disclaiming knowledge of facts which are clearly known to persons in the organization and thereby frustrating discovery. Rule 30(b)(6) witnesses are required to gather all of the documents which are relevant to plaintiff's questions. They are also required to investigate the knowledge of any person who would be able to answer plaintiff's questions.

Whenever there is a request to "identify" a communication of any type, and such communication was <u>oral</u>, the following information should be furnished:

    (a)    By whom it was made and to whom it was directed;

    (b)    Its specific subject;

    (c)    The date upon which it was made;

    (d)    Who else was present when it was made; and

    (e)    Whether it was recorded, described or summarized in any writing of any type; if so, identity each such writing in the manner indicated below.

## DEFINITIONS

1. "Communication" means an oral or written exchange of thought.

2. "Defendant" or "Defendants" refers to the District of Columbia named in this lawsuit, as well as any other person or entity in their agency or employ.

3. "Identify," "identification," or "identity" means:

    a.    when used in reference to a natural person, the person's full name, date of birth, social security number, job title, dates of agency or employment (if applicable), the person's current residence address and business address or, if unknown, the last known business address or residence address; and the person's business and home telephone numbers;

2

    b.    when used in reference to a document, the type of document (i.e., letter, memorandum, telegram, chart, etc.), a brief description of the nature of the information in the document, its author or originator, its date or dates, all addressees and recipients, and its present location or custodian. If any such document was, but is no longer, in Defendant's possession or subject to their control, also state the approximate date it was lost, discarded, or destroyed, and the identity of each person having knowledge of the contents thereof;

    c.    when used in reference to a business entity, the structure of the business (i.e., corporation, partnership, sole proprietorship), a brief description of the nature of the business, and the business' address and telephone number; and

    d.    when used in reference to real property, the full address, the legal description of the property, the type of structure(e.g., commercial, single family, residential, apartments) and the number of units.

4.    "Documents" includes records; books; papers; contracts; memoranda; invoices; correspondence; notes; minutes of any meetings, including meetings with agents or employees; instructions; guides; compilations of rules, regulations, or policies; daybooks; calendars; photographs; telegrams; messages; drawings; charts; graphs; other writings; recording tapes; recording discs; mechanical or electronic information storage or recording elements; and any other "documents" as that word is defined in Rule 34 of the Federal Rules of Civil Procedure.

5.    "Relate" or "relating to" is defined as showing, reflecting, referring to, constituting, evidencing, or concerning in any way all or any portion of the subject matter of the facts,

contentions, or matter referenced in any document to this proceeding.

6. "Person" means any natural person, group of natural persons, corporation, partnership, government agency or board, association, proprietorship, organization, or any other legal entity.

**The Following Are Topics upon Which Examination Will Be Conducted:**

1. The procedures and policies used to recover government issued credit cards from supervisory employees.

2. The official policy which has been adopted by the District of Columbia to train their employees for searching other employees' personal property.

3. The formal rules or understandings provided to District of Columbia employees intended to establish fixed plans of action to be followed under circumstances described in the Complaint to obtain the return of plaintiff's government issued credit card.

4. The names and responsibilities of the policy makers that determined the District of Columbia's policy on the searching of employees personal belongings as of April 13, 2005.

5. When, where, why and upon whose direction any documents responsive to plaintiff's discovery requests were destroyed. The identity of those documents and the date they were destroyed. The identity of any person who has destroyed documents relating to any of Plaintiff's claims and the person responsible for preserving such documents.

6. The sum and substance of each and every communication between the Defendant, or its employees, and any investigator, or person involved in investigating, Plaintiff's government issued credit card that was discussed by the plaintiff and defendants on April 13, 2005.

7. The process used, and the persons involved in creating the standards used for investigating,

Plaintiff's government issued credit card that was relinquished by her on April 14, 2005, the standards used, when those standards were developed, who developed those standards.

8. The date defendant District of Columbia became aware that Ms. Seabrooks was being investigated for failing to return her credit card and the names and responsibilities of all those involved in that investigation, including, but not limited to, any person responsible to review or scan of her personal belongings.

9. Whether there has been, and the number of investigations defendant District of Columbia has taken concerning any claim made by Ms. Seabrooks in this matter, the date the investigation was undertaken, and the identity of any person involved in the investigation, including, but not limited to, the persons investigated and the identity of the investigators.

10. All information and standards of the District of Columbia's policies and procedures concerning the use of private security firms to mediate disputes and search employees belongings.

11. All steps taken by any person to prepare to answer these Rule 30(b)(6) questions, including the date preparation began and who was consulted - other than attorneys.

12. The policy and practice used by the District to discipline employees who look through other employees personal belongings such as purses, bags, clothing pockets, brief cases, etc. This would also include all searches that the District has determined could violate the U.S. Constitution.

13. All terms and promises contained in any contract between the District and Defendant Hawk One, including, but not limited to, those terms concerning Hawk One employees going into employees offices to look at the personal items of District employees.

14. The complete findings of any report prepared which found plaintiff's personal effects had been touched or moved by any person employed by any Defendant in this matter.

15. The identification of all searches conducted by any D.C. employee, or agents, against any other D.C. employer from 2002 to the present. The searches shall include, but not limited to, all times that a supervisor looked through the personal items of a subordinate, whether personally touching the items or not, the date, time, place and all persons involved.

16. The method and process used to identify persons in Number 15 above.

17. All complaints made against Defendant Senior-Fisher from 2000 to the present.

18. The District's employees that witnessed the events complained of in Plaintiff's complaint and their understanding of those events.

19. All training provided to Defendant Senior-Fisher concerning looking through employees personal effects, all corrective actions taken after the events in the complaint, and any discipline provided to Senior-Fisher after the events described in the Complaint, identify all communications concerning this matter.

20. The investigation undertaken to answer the above 19 questions.

Respectfully submitted,

William P. Farley #466280
The Law Office of William P. Farley
1350 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 775-1550 x-115
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Rule 30(b)(6) notice of deposition examination of defendant District of Columbia was served on all parties via electronic notice as well as First Class U.S. Mail, postage prepaid, on October 10, 2007 to:

> Leonard Lewis McCants - #328526
> 8701 Georgia Avenue, Suite 801
> Silver Spring, Maryland 20910
> mccantslaw@aol.com
> Counsel for Defendant Hawk Security
>
> GEORGE E. RICKMAN #433298
> Assistant Attorney General
> Civil Litigation Division
> General Litigation Section IV
> P.O. Box 14600
> Washington, DC 20044-4600
> 202-442-9840/fax 202-727-3625 - george.rickman@dc.gov
> Counsel for Defendant District of Columbia
>
> Melvin Bolden, Esquire
> Assistant Attorney General
> Civil Litigation Division
> General Litigation Section IV
> P.O. Box 14600
> Washington, DC 20044-4600
> 202-442-9840/fax 202-727-3625
> Counsel for Defendant Fisher
> Melvin.Bolden@dc.gov

_____
William P. Farley #466280
The Law Office of William P. Farley
1350 Connecticut Avenue, N.W., Suite 200
Washington, D.C. 20036
(202) 775-1550 x-115
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN SEABROOKS MYRDAL,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>)<br>**Defendants.** )<br>) | **C.A. No. 05 CV 02351 (RCL)** |

## PLAINTIFF'S CERTIFICATE REGARDING DISCOVERY

I HEREBY certify that on October 10, 2007, I served on all parties hereto Plaintiff's Rule 30(b)(6) notice of video deposition examination of defendant District of Columbia and that I will retain the original of this document in my possession, without alteration, until the case in concluded in this Court, the time for noting an appeal has expired, and any appeal noted has been decided.

Respectfully submitted,

*/s/ William P. Farley*

William P. Farley #466280
The Law Office of William P. Farley
1350 Connecticut Avenue, N.W., Suite 200
Washington, D.C. 20036
(202) 775-1550 x-115
Counsel for Plaintiff