UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN SEABROOKS MYRDAL** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05 CV 02351 (RCL) |
| ) | |
| **THE DISTRICT OF COLUMBIA, et al.** ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S OPPOSITION TO THE DISTRICT OF COLUMBIA'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S MOTION PURSUANT TO RULE 37(d)**

Plaintiff, Marilyn Seabrooks Myrdal ("Myrdal"), hereby files her opposition to Defendant District of Columbia's ("DC" or "District") Motion for Leave to Respond to Plaintiff's Motion Pursuant to Rule 37(d).

The District's Motion is filed in violation of this Court's November 30, 2006 order that all motions shall be filed no later than twenty days after the close of discovery. In addition, the District's motion violates LCvR 7(m) and lacks any facts or law which could permit relief.

<u>Introduction</u>

The Defendant District of Columbia ("District") failed to attend a properly noticed Rule 30(b)(6) deposition scheduled for October 23, 2007. The District then refused to oppose Plaintiff's motion to compel that deposition. Now, the District moves for leave to late file. Defendant's Motion should be denied for the reasons stated below.

The important issue here is that by not proceeding with the deposition the District has imposed an undue burden both on plaintiff, due to increasing litigation costs, burdens on her time, and on the timely resolution of this matter.

**Factual Background**

In the spring of 2005 Ms. Myrdal was a high ranking official in the D.C. government working for women and children's health issues when the District government and their police force searched her personal belongings at her office for a cancelled credit card. Ms. Myrdal was kept in her office and her purse searched by three armed police officers in front of her staff and supervisor.

Plaintiff filed her motion to compel the District's Deposition on October 26, 2007. There were four District of Columbia attorneys served with a copy of that Motion: Phillip Lattimore and George Rickman representing the District of Columbia; and Melvin Bolden and Kimberly Matthews representing Paul Senior Fisher. A copy of the service sheet is attached here as Exhibit "A."

The District's Response was due within 11 days of the filing of Plaintiff's motion. LCvR 7(b). The Court allows three days for service. Fed.R.Civ.P 6(e) ("Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party under Rule 5(b)(2)(B), (C), or (D), 3 days shall be added to the prescribed period.") Thus, the District's Opposition was due no later than November 10, 2007.

Instead of filing an opposition, the District filed a motion to late file on November 19, 2007.

**Argument**

The District's Motion should be denied because it fails to comport with the law in the following ways:

2

1. The District's Motion was filed in violation of this Court's order. On November 30, 2006 this Court ordered that all motions shall be filed no later than twenty days after the close of discovery. A copy of that Order is attached here as Exhibit "B." Discovery closed on October 26, 2007. Twenty days after that date is November 15, 2007. The District waited until November 19, 2007 to file their motion and filed that motion even though this Court ordered that such a motion should not be filed. Even though the District filed their motion in direct disregard for this Court's authority, they never gave a reason for failing to Comply with the Court's order.

Respect for the judiciary requires that Defendant's Motion be denied as parties must comply with the Court's orders or chaos will ensue.

2. The District also failed to comply with LCvR 7(m) which requires that: "before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement." The District never complied with LCvR 7(m). November 29, 2007 Declaration of William Farley, ¶ 15-16. A copy is attached here as Exhibit "C."

In fact, the Defendant's statement that "On November 19, 2007, plaintiff's counsel stated that he would not consent to this Motion" is inconsistent with Exh. A that is attached. At the very least the District should put forth a sworn statement by the person that allegedly spoke with plaintiff's counsel. Including the date, time, and surrounding circumstances. Absent such a proffer, the Court should deny the motion.

3. The Defendant has not proffered any concrete statements that would permit this Court to rule as they request. Phillip Lattimore was served with a copy of the Plaintiff's October 26, 2007

motion. He is still an attorney on this case.

In order to obtain the relief they seek, the District was required to show facts that would tend to show that their neglect was excusable. *See e.g. United States v. Theodorovich*, 102 F.R.D. 587, 589 (D.D.C.1984), *aff'd per curiam*, 764 F.2D 926 (D.C.Cir.1985) ("defendant has failed to reveal any new facts which would tend to show that his neglect was "excusable," also required before Rule 60(b)(1) relief may be granted.")

Here, Defendant has provided no facts. The Defendant could have put in a sworn declaration from an attorney to the facts they allege in their motion. Instead, they failed to provide any facts to this Court that can be relied upon. In addition, the facts that were in Defendant's motion fail to explain why no motion for an enlargement of time was filed.

Plaintiff, however, has provided the facts as she understands them. Exh. A, ¶ 1-16. There is nothing in the facts that would permit granting Defendant the extraordinary relief they seek.

Thus, the Defendant's Motion should be denied.

### Defendant's Arguments

Defendant's motion contains no law, was filed in violation of this Court's order, contains no facts that can be relied upon and contains a contested LCvR 7(m) statement that requires an explanation as to when, where, how, and for how long such a meeting took place.

Plaintiff would submit that the District's arguments can not support the relief requested.

**Conclusion**

For the foregoing reasons, Myrdal respectfully requests that the Court deny the District's Motion for Leave to Respond to Plaintiff's Motion Pursuant to Rule 37(d) and award plaintiff her costs and fees for having to respond to a motion that was filed in violation of this Court's clear order of November 30, 2006 placing a time limit on the filing of this motion.

_____
William P. Farley 466280
Law Office of William P. Farley
1350 Connecticut Avenue, N.W., Suite 200
Washington, D.C. 20036
(202) 775-1550 (telephone)
(202) 775-0008 (fax)
farley@dccounselor.com
Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN SEABROOKS MYRDAL** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|       v. | ) C.A. No. 05 CV 02351 (RCL) |
| | ) |
| **THE DISTRICT OF COLUMBIA, et al.** | ) |
| | ) |
| | ) |
|    **Defendants.** | ) |
| | ) |

## ORDER

Upon consideration of Defendant District of Columbia's Motion for Leave to Respond to Plaintiff's Motion Pursuant to Rule 37(d), Plaintiff's opposition thereto, and the record herein, it is the ___ day of _____ 2007 hereby:

**ORDERED** that the Defendant's motion be and hereby is **DENIED**; and it is further

**ORDERED** that the District shall pay plaintiff for her legal expenses and costs for filing a motion in direct disregard of this Court's November 30, 2006 Order.

 

_____
Judge Royce C. Lamberth
Federal District Court Judge - District of Columbia

Copies to:
William P. Farley
Farley@dccounselor.com
Counsel for Plaintiff

Leonard Lewis McCants
mccantslaw@aol.com
Counsel for Defendant Hawk Security

Phillip Lattimore
C. Vaughn Adams
Counsel for Defendant District of Columbia

Melvin Bolden
Counsel for Senior Fisher

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Opposition to Defendant District of Columbia's Motion for Leave to Respond to Plaintiff's Motion Pursuant to Rule 37(d) was served on all parties by delivering a copy thereof via the Court's electronic filing, on this 29th day of November to:

Leonard Lewis McCants
mccantslaw@aol.com
Counsel for Defendant Hawk Security

Phillip Lattimore
C. Vaughn Adams
Assistant Corporation Counsel
441 4th Street, N.W.
6th Floor South
Counsel for Defendant District of Columbia

Melvin Bolden
Counsel for Paula Senior Fisher

_____
William P. Farley 466280
Law Office of William P. Farley
1350 Connecticut Avenue, N.W., Suite 200
Washington, D.C. 20036
(202) 775-1550 (telephone)
(202) 775-0008 (fax)
farley@dccounselor.com
Counsel for Plaintiff