UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN SEABROOKS MYRDAL** )<br>)<br>   **Plaintiff,** )<br>)<br>   v. )<br>)<br>**THE DISTRICT OF COLUMBIA, et al.** )<br>)<br>)<br>   **Defendants.** )<br>) | C.A. No. 05 CV 02351 (RCL) |

### DECLARATION OF WILLIAM P. FARLEY

**Concerning Plaintiff's Opposition To the District's Motion for Leave to Late File**

I William P. Farley, have personal knowledge of the following facts and could and would testify competently thereto:

1. I am an attorney in good standing in the District of Columbia.

2. I represent the plaintiff in the above matter.

3. On September 7, 2007, Plaintiff noticed the Rule 30(b)(6) deposition of the District of Columbia.

4. Attorneys for the District of Columbia and Paula Senior Fisher informed me that the deposition needed to be rescheduled and discovery extended due to their schedules.

5. I moved to extend discovery on September 14, 2007.

6. On October 9, 2007 Judge Lamberth Set/Reset Deadlines: Discovery due by 10/26/2007. Dispositive Motions due by 11/15/2007. Oppositions to Dispositive Motions due by 11/29/2007.

7. On October 10, 2007 plaintiff noticed the Rule 30(b)(6) deposition of the District of Columbia. Prior to serving her notice plaintiff tried to obtain dates from defense counsel which they were available.

8. The Rule 30(b)(6) was noticed for Tuesday, October 23, 2007.

9. I understood that this date was good for all the parties.

10. I received a phone call from D.C. attorney George Rickman who informed me that the District had a Rule 30(6) Designee prepared to testify in this matter.

11. Plaintiff hired a court reporter and secured a conference room.

12. On October 23, 2007, the District of Columbia failed to show up for their deposition.

13. On October 23, 2007 the Court reporter came to take the deposition and Plaintiff was required to pay for her time.

14. On October 24, 2007 the District's lawyer, Mr. Rickman, called me and offered to have the District attend a deposition after discovery closed.

15. I never was asked to be part of a conversation or meeting where the District's attorneys asked me if plaintiff consented to their motion for Leave to Late File.

16. Because I was not asked, Plaintiff never answered whether she gave her consent to Defendant's Motion for Leave to Late File.

17. I declare under penalty of perjury under the laws of the United States that this is my best recollection of the sum and substance my understanding of this litigation to date. I believe that the forgoing is true and correct as of this date, November 29, 2007.

      /s/ William P. Farley
      William P. Farley