THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **MARILYN SEABROOKS MYRDAL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No: 05 CV 02351 (RCL) |
| | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFF'S MOTION PURSUANT TO RULE 37(d)**

Defendant District of Columbia ("the District"), by and through undersigned counsel, hereby submits the following Memorandum of Points and Authorities in Opposition to Plaintiff's Motion Pursuant to Rule 37(d).

As grounds therefore, the District states as follows:

Plaintiff's Motion to Compel and for Sanctions should be denied because the failure of the Plaintiff to obtain the deposition of a 30(b)(6) witness does not reflect willful or contumacious behavior on the part of the Defendant. The factors beyond the control of the District are the main factors at work here: there have been personnel changes at the District government agency from which a 30(b)(6) witness would be identified, and counsel for the District has changed rather abruptly in the past few weeks. Despite Plaintiff's attempts to confuse the issue by raising the availability of counsel for Defendant-Senior Fisher, Melvin Bolden, for depositions of *fact* witnesses, Defendant District of Columbia is not deliberately attempting to prevent the taking of

1

a 30(b)(6) deposition.  What is more, counsel for the Plaintiff was made aware that counsel for the Defendants **were not available** on the date of the 30(b)(6) deposition.

The main factor in the non-scheduling of this deposition is the fact that Defendant District of Columbia's previously designated 30(b)(6) witness no longer works for the District.  Mr. Greg Pane was previously identified by the District of Columbia as a designated representative for the Defendant with regard to the issues in this lawsuit. His deposition was scheduled this fall. Unfortunately, Mr. Pane left the D.C. Government before his deposition could be taken. Plaintiff seems to take issue with the fact that Mr. Pane is no longer the designated representative for the District. Be that as it may, Plaintiff does not get to decide who will be the Defendant's 30(b)(6) witness.  For a variety of reasons, it is not in the best interest of the District of Columbia to designate a former employee or soon to be former employee as its 30(b)(6) witness1. His departure was a factor beyond the control of the District.

Plaintiff's suggestion that his deposition notice was properly noticed is somewhat disingenuous.  A notice of deposition was sent out, but the *date* for the deposition had not been cleared with counsel for either defendant. See. Exhibit A, October 18, 2007 e-mail from Melvin Bolden to William P. Farley and Exhibit B, October 22, 2007 e-mail from Melvin Bolden to William P. Farley, George Rickman and Leonard McCants. Mr. Rickman had other obligations on the date of the deposition. Mr. Melvin Bolden had a hearing before Judge Collar-Kottelly on the date of the deposition. It is generally the practice of attorneys noticing depositions to obtain available dates prior to the noticing of these depositions. Had counsel for Plaintiff done so, this motion would not be before this court. Plaintiff was well aware that neither counsel for the

---

1 Counsel for Defendant is unaware of the circumstances of Mr. Pane's departure from government service. Even if he was aware, he would not be permitted to divulge confidential personnel matters regarding Mr. Pane in this forum.

Defendants would be available on October 23, 2007, yet *chose* to go forward with a deposition. Any costs that Plaintiff incurred (if any) were due to her own failure to mitigate. Parties to litigation are not entitled to a windfall by unnecessarily driving up costs.

Despite the behavior of counsel for the Plaintiff, Defendant is making every effort to comply with the request for a 30(b)(6) witness identification and deposition. New counsel for the Defendant District of Columbia has been in contact with the Agency regarding this identification. The District will designate **Mr. Kenneth Wong,** an Administrative Services Manager, as its 30(b(6) designated witness and will certainly make him available for deposition.

Much of Plaintiff's motion discusses the scheduling and cancelling of depositions other than the 30(b)(6) deposition with counsel for individual Defendant Senior-Fisher and is immaterial to this discussion. Attorney Melvin Bolden represents Defendant Senior-Fisher and does not represent the District of Columbia. Mr. Bolden was not responsible for designating or scheduling the District's 30(b)(6) representative. The depositions that Plaintiff claims were scheduled and cancelled by Mr. Bolden have no bearing on the deposition of Defendant District of Columbia's 30(b)(6) witness. Attorney George Rickman was the counsel for the District at the time in question and he has recently taken indefinite administrative leave. Substitute counsel for the District of Columbia, C. Vaughn Adams, is currently working with the files and witnesses in this case and will make every effort to permit Plaintiff to take the deposition of the 30(b)(6) witness. There is no need for an order to compel the appearance of this witness and no just cause for sanctions

WHEREFORE, for the foregoing reasons, the District moves this Court to deny Plaintiff's Motion Pursuant to Rule 37(d).

Respectfully submitted,

3

LINDA SINGER
Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

  /s/ Patricia A. Jones_____
PATRICIA A. JONES [428132]
Section Chief
General Litigation Section IV

   /s/ C. Vaughn Adams_____
C. VAUGHN ADAMS [449770]
Assistant Attorney General
441 4th Street, N.W., 6S-066
Washington, D.C. 20001
(202) 724-6519
(202) 727-3625 (fax)
corliss.adams@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 30th day of November, 2007, that a copy of the foregoing Memorandum of Points and Authorities in Opposition to Plaintiff's Motion Pursuant to Rule 37(d) was delivered via the U.S. District Court's electronic notification system or mailed postage prepaid to:

William Farley, Esq.
Law Office of William P. Farley, P.C.
1350 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036

Leonard McCants, Esq.
The Law Office of Leonard McCants
8701 Georgia Avenue
Silver Spring, MD 20910

Melvin Bolden, Esq.
Assistant Attorney General
Office of the Attorney General
For the District of Columbia
441 4th Street, N.W. 6th Floor South
Washington, D.C. 20001

    /s/ C. Vaughn Adams
C. Vaughn Adams
Assistant Attorney General

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **MARILYN SEABROOKS MYRDAL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No: 05 CV 02351 (RCL) |
| ) | |
| ) | |
| **DISTRICT OF COLUMBIA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**O R D E R**

Upon consideration of Plaintiff's Motion Pursuant to Rule 37(d), Defendant District of Columbia's Opposition thereto, and the facts and law considered, it is hereby ORDERED;

The Motion is DENIED.

So ORDERED this _____ day of _____, 2007.

_____
Hon. Royce C. Lamberth
United States District Judge

copies to:

C. Vaughn Adams
Assistant Corporation Counsel
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001

William Farley, Esq.
Law Office of William P. Farley, P.C.
1350 Connecticut Avenue, N.W.
Suite 200

Washington, D.C. 20036

Leonard McCants, Esq.
The Law Office of Leonard McCants
8701 Georgia Avenue
Silver Spring, MD 20910

Melvin Bolden, Esq.
Assistant Attorney General
Office of the Attorney General
For the District of Columbia
441 4th Street, N.W. 6th Floor South
Washington, D.C. 20001