UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN SEABROOKS MYRDAL** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05 CV 02351 (RCL) |
| | ) |
| **THE DISTRICT OF COLUMBIA, et al.** | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION PURSUANT TO RULE 37(d)**

**To Compel Defendant the District of Columbia to
Attend Their Properly Noticed Rule 30(b)(6) Deposition**

Plaintiff Myrdal ("Myrdal") moved for an order to compel The District of Columbia (the "District") to attend their properly noticed Rule 30(b)(6) deposition prior to the close of discovery.

The District refused to attend their deposition during the discovery period - they don't deny that. The District does not deny that they provided no dates from July through October where all Defendants' counsel could attend a deposition for the District. The District's opposition relies upon speculation and conclusory statements without any supporting affidavits or declarations.

There is nothing in Defendant's brief that addresses the relevant issues. The District ignores the relevant law and facts of this matter and instead tries to blame the messenger for bringing this matter to the Court's attention.

It should be also noted that the District brings no evidence, *i.e.*, a declaration or affidavit for this Court to know whether the information in the District's Reply has any basis. Large factual questions are unanswered: (1) when did Greg Pane leave the employ of the District (it was in the

Washington Post - this filing was the first time the District informed the parties that Dr. Pane left); (2) is Dr. Pane still under the control of the District? ; (3) when did Mr. Rickman leave the District?; (4) why didn't the District inform plaintiff that a main witness was leaving; (5) what does it matter if one attorney leaves if Attorney Phillip Lattimore has been on the case all along?; (6) why has the District postponed the Rule 30(b)(6) deposition four times?; (7) what dates in October were provided to plaintiff within the discovery period by the defendants (none); and (8) why did Mr. Bolden not immediately inform plaintiff that he wasn't going to the deposition and propose alternative dates within the discovery period.

As the lack of relevant analysis and a declaration makes Defendant's Opposition worthless, Ms. Myrdal asks this Court to grant her motion and order the District to attend their deposition within the next two weeks.

### Defendant's Arguments

1.   *A change of personnel will excuse a large municipality from attending their properly noticed Rule 30(b)(6) deposition.*

**The law says:** Only if the District had filed a motion for a protective order.  The District refused to appear for their deposition during the discovery period - four times it was rescheduled. The parties were aware that discovery had been extended four times because the Defendants claimed they had absolutely no time to attend a deposition in this matter.  Attached as Exhibit "A" are emails during the relevant time period in which the plaintiff files motions for enlargement to accommodate Defendants and makes concessions to get the Defendants to attend this deposition.

Federal Rule of Civil Procedure 26(c) provides that "[u]pon motion by a party or by the person from whom discovery is sought" and "for good cause shown," a district court "may make any

order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See Low v. Whitman*, 207 F.R.D. 9, 10-11 (D.D.C.2002) (To show good cause merely requires the moving party to articulate specific facts to support its request and cannot rely on speculative or conclusory statements.).

Here, the District never moved for a protective order. Ms. Myrdal raised that in her opening brief and the Defendant's silence on their burden speaks volumes. Myrdal Br., pg. 4.

2.   *Despite the behavior of counsel for the Plaintiff, Defendant is making every effort to comply with the request for a 30(b)(6) witness identification and deposition.*

**The law says:** Properly noticed deponents show up for their depositions or seek another date within the discovery period. The District did neither and made no effort to do either. There is no basis to claim that plaintiff, or her counsel, did anything other than follow the rules. It is unfair to suggest that one who has delayed discovery for almost a year can refuse to take responsibility for failing to follow this court's rules.

The third time the Defendant's made excuses and didn't attend the deposition was in September. Plaintiff took the time and expense to file a motion for an enlargement to accommodate the Defendant's schedules. Exh. A.

The fourth time (or fifth if both September dates are counted) Myrdal again did everything by the Rules. Failing to get one date from July through October that the Defendant's would admit they could attend the District's deposition, on October 10, 2007 Myrdal served her Notice of Rule 30(b)(6) deposition on the District of Columbia and sent a courtesy copy via email setting the date of the deposition for October 23, 2007. A copy of the notice is attached to Myrdal's opening brief as Exhibit "A." Myrdal served notice of the Rule 30(b)(6) deposition 13 days prior to the date of the

deposition. Pursuant to LCvR 30.1 "Service of a notice of deposition five days in advance of the date set for taking the deposition shall constitute "reasonable notice" to a party as required by Rule 30(b)." By giving 13 days, eight more than the five required, Mydral gave proper notice.

The District did not show up for the deposition and did not move for a protective order in violation of FRCP Rule 37. Rule 37(d) provides:

> (d) Failure of Party to Attend at Own Deposition . . . If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) . . . to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, . . . ***after proper service of the request***, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Any motion specifying a failure under clause (2) or (3) of this subdivision shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. In lieu of any order or in addition thereto, the court ***shall require*** the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. (Emphasis added).

As it cannot be disputed that plaintiff gave proper notice and defendant did not seek a motion for a protective order, Myrdal was entitled to the discovery she requested. Thus, Plaintiff requests that The District of Columbia be ordered to respond to Myrdal's notice and pay for her attorney fees and costs which were necessitated by the Defendant's actions are required under the rules. A copy of the receipt for payment to the Court reporter is attached here as Exhibit "B."

**WHEREFORE**, plaintiff respectfully requests the Court compel The District of Columbia to attend their deposition and find that The District of Columbia has waived any objections to

4

Plaintiff's notice. In addition, plaintiff seeks fees and costs because without her motion the District would never have attended their deposition.

                                               Respectfully submitted,

                                               _____/s/ William P. Farley_____
                                               William P. Farley, D.C. Bar No. 466280
                                             Law Office of William P. Farley, P.C.
                                             1350 Connecticut Avenue, N.W., Suite 200
                                             Washington, D.C. 20036
                                             (202) 775-1550
                                             (202) 775-0008 (fax)
                                             farley@dccounselor.com
                                             Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiff's Reply in Support of her First Motion to Compel the District of Columbia's Deposition was served on defendants by the Court's Electronic Filing System, on this 5th day of December 2007 to:

> Leonard Lewis McCants - #328526
> 8701 Georgia Avenue, Suite 801
> Silver Spring, Maryland 20910
> mccantslaw@aol.com
> Counsel for Defendant Hawk Security
>
> C. Vaughn Adams
> Assistant Attorney General
> Civil Litigation Division - General Litigation Section IV
> P.O. Box 14600
> Washington, D.C. 20044-4600
> 202-442-9840/fax 202-727-3625 - george.rickman@dc.gov
> Counsel for Defendant District of Columbia
>
> Melvin Bolden, Esquire
> Assistant Attorney General
> Civil Litigation Division
> General Litigation Section IV
> P.O. Box 14600
> Washington, D.C. 20044-4600
> 202-442-9840/fax 202-727-3625
> Counsel for Defendant Paula Senior Fisher
> Melvin.Bolden@dc.gov
>
> Respectfully submitted,
>
>
> /s/ William P. Farley
> Law Office of William P. Farley, P.C.
> 1350 Connecticut Avenue, N.W.
> Suite 200
> Washington, D.C. 20036
> (202) 775-1550
> (202) 775-0008 (fax)
> farley@dccounselor.com

Counsel for Plaintiff