UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN SEABROOKS MYRDAL** )<br>)<br>   Plaintiff,   )<br>)<br>     v.       )  C.A. No. 05 CV 02351 (RCL)<br>)<br>**THE DISTRICT OF COLUMBIA, et al.** )<br>)<br>)<br>   Defendants.  )<br>) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION PURSUANT TO RULE 37(d)**

**To Compel Defendant The District of Columbia to
Attend Their Properly Noticed Rule 30(b)(6) Deposition**

Plaintiff Myrdal ("Myrdal")moved for an order to compel The District of Columbia (the "District") to attend their properly noticed Rule 30(b)(6) deposition.

The District's opposition relies upon speculation and conclusory statements. In addition, the District ignores the relevant law and facts of this matter and instead tries to blame the messenger for bringing this matter to the Court's attention.

It should be also noted that the District brings no admissible evidence, *i.e.*, a declaration or affidavit for this Court to know if the information in the District's Opposition is reliable.[1] Factual questions are unanswered: (1) when did Greg Pane leave the employ of the District; (2) is Dr. Pane still under the control of the District; (3) when did Mr. Rickman leave the District;

---

[1] *S.E.C. v. Hiestand*, 1997 WL 459853 (D.D.C.,1997) (Lamberth, J.) ("Thus, a party, such as these defendants, who is adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are incorrect is not sufficient.")

(4) why didn't the District inform plaintiff that a main witness was leaving; (5) what does it matter if one attorney leaves if Attorney Phillip Lattimore has been on the case all along; (6) why has the District postponed the Rule 30(b)(6) deposition four times; (7) what dates in October were provided to plaintiff within the discovery period by the defendants (none); and (8) why did Mr. Bolden not immediately inform plaintiff that he wasn't going to the deposition and propose alternative dates within the discovery period when he received electronic notification on October 10, 2007.

Ms. Myrdal asks this Court to grant her motion and order the District to attend their deposition within the next two weeks.

### Defendant's Arguments

1.     Defendant argues: "Plaintiff's Motion to Compel and for Sanctions should be denied because the failure of the Plaintiff to obtain the deposition of a 30(b)(6) witness does not reflect willful or contumacious behavior on the part of the Defendant." District Opp., pg. 1.

**Common Sense:** The Defendant is the only entity capable of controlling whether the Defendant will appear for the properly noticed deposition. The District's failure to attend the deposition, or file a motion with this court, can only be attributed to the District. The District failed to identify the culprit that they imply blocked them from complying with the rules.

**The law says:** The party that does not appear for a properly noticed deposition must demonstrate substantial justification for their absence. *S.E.C. v. Hiestand*, 1997 WL 459853, *3 (D.D.C.,1997) (Lamberth, J.) ("the party who has failed to appear for a deposition bears the burden of demonstrating a substantial justification for her absence."). In order to meet this

burden the District was required to present evidence or affidavits to substantiate an excuse. *Id.* *("*In order to meet this burden, courts have held that the non-movant should present evidence or affidavits that substantiate a proffered excuse.") citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1168 (9th Cir.1993).

    2.    The District argues: "Plaintiff's suggestion that his deposition notice was properly noticed is somewhat disingenuous. A notice of deposition was sent out, but the date for the deposition had not been cleared with counsel for either defendant."

First, as plaintiff informed the Court in her opening brief, on October 10, 2007 Myrdal served her Notice of Rule 30(b)(6) deposition on the District of Columbia and sent a courtesy copy via email setting the date of the deposition for October 23, 2007. Pursuant to LCvR 30.1 "Service of a notice of deposition five days in advance of the date set for taking the deposition shall constitute "reasonable notice" to a party as required by Rule 30(b)." By giving 13 days, eight more than the five required, Myrdal gave proper notice.

**Common Sense:** The District's attorneys representations that they did not have one free three hour block of time over a period of months and therefore plaintiff would have to pay to have her counsel move to enlarge discovery to accommodate their schedule is not an appropriate litigation tactic. In addition, the District waited eight days to even inform plaintiff that they had a purported scheduling conflict.[2]

    3.    A change of personnel will excuse a large municipality from attending their

---

[2] Plaintiff offered to take the deposition late in the day, early in the day, on weekends, and whenever Defense attorneys could fit a three hour block of time in their schedules. It seemed a bit odd that defense counsel was unable to find such a time period.

properly noticed Rule 30(b)(6) deposition. District Opp., pg. 2. The District controls their Rule 30(b)(6) designee. The District never communicated that they were going to change their designee. The District's choice in designees should be seen in light of the District's counsel representing that they did not have more than three free three hour block of time over approximately 120 days (July to November).

**The law says:** The District was required to file a motion for a protective order. Federal Rule of Civil Procedure 26©) provides that "[u]pon motion by a party or by the person from whom discovery is sought" and "for good cause shown," a district court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See Low v. Whitman*, 207 F.R.D. 9, 10-11 (D.D.C.2002) (To show good cause merely requires the moving party to articulate specific facts to support its request and cannot rely on speculative or conclusory statements.).

## CONCLUSION

Plaintiff changed deposition dates, moved depositions to accommodate defense schedules, and enlarged discovery to permit the defendants to comply with their discovery responsibilities. Plaintiff moving for an enlargement of discovery would not ensure that she would be permitted to take the District's deposition. First, this honorable Court has discretion to deny a motion to enlarge discovery. Second, Plaintiff lacks the resources of the District and forcing her to file motions maganifies the disparity in resources. Finally, the FRCP requires that the District comply with the rules the same as every other party.

Here, the District never moved for a protective order or moved to enlarge discovery so

their deposition could be taken. Ms. Myrdal raised that fact in her opening brief and the Defendant's silence on their burden speaks volumes. Myrdal Br., pg. 4.

**WHEREFORE**, plaintiff respectfully requests the Court find: (1) that the District of Columbia failed to comply with the Rules of Civil Procedure, (2) find that The District of Columbia will be precluded from offering evidence concerning the matters raised in the Rule 30(b)(6) notice and (3) Order the District to pay Plaintiff her attorneys' fees and costs in preparing for the Rule 30(b)(6) deposition on October 23, 2007 as well as for bringing this motion.

Respectfully submitted,

_____/s/ William P. Farley_____
William P. Farley, D.C. Bar No. 466280
Law Office of William P. Farley, P.C.
1350 Connecticut Avenue, N.W., Suite 200
Washington, D.C. 20036
(202) 775-1550
(202) 775-0008 (fax)
farley@dccounselor.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiff's Reply in Support of her Motion to Compel The District of Columbia's Rule 30(b)(6) deposition was served on defendants by the Court's Electronic Filing System, on this 10th day of December 2007 to:

>Leonard Lewis McCants - #328526
>8701 Georgia Avenue, Suite 801
>Silver Spring, Maryland 20910
>mccantslaw@aol.com
>Counsel for Defendant Hawk Security
>
>C. Vaughan Adams
>P.O. Box 14600
>Washington, DC 20044-4600
>202-442-9840/fax 202-727-3625 - george.rickman@dc.gov
>Counsel for Defendant District of Columbia
>
>Melvin Bolden, Esquire
>Assistant Attorney General
>Civil Litigation Division
>General Litigation Section IV
>P.O. Box 14600
>Washington, DC 20044-4600
>202-442-9840/fax 202-727-3625
>Counsel for Defendant Paula Senior Fisher
>Melvin.Bolden@dc.gov
>
>Respectfully submitted,
>
>/s/ William P. Farley
>Law Office of William P. Farley, P.C.
>1350 Connecticut Avenue, N.W.
>Suite 200
>Washington, D.C. 20036
>(202) 775-1550
>(202) 775-0008 (fax)
>farley@dccounselor.com
>Counsel for Plaintiff