20 of 100 DOCUMENTS


Caution
As of: Jan 08, 2008

**ROY BANKS, Plaintiff, v. OFFICE OF THE SENATE SERGEANT-AT-ARMS and DOORKEEPER, Defendants.**

**Civil No. 03-56 (HHK/JMF), Civil No. 03-686 (HHK/JMF), Civil No. 03-2080 (HHK/JMF)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**241 F.R.D. 370; 2007 U.S. Dist. LEXIS 21211**

**March 27, 2007, Decided**

**PRIOR HISTORY:** *In re Office of the Senate Sergeant-At-Arms & Doorkeeper of the United States Senate,* 2006 U.S. App. LEXIS 31157 (D.C. Cir., Dec. 15, 2006)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff former employee brought consolidated actions against defendant federal employer under Title VII of the Civil Rights Act of 1964, *42 U.S.C.S. § 2000e et seq.*, alleging several unlawful discriminatory actions by the employer against the employee. The case was referred to a magistrate judge for full case management. Pending before the court was the employee's motion under *Fed. R. Civ. P. 37* for sanctions and request for documents.

**OVERVIEW:** The court had approved topics for a deposition of the employer under *Fed. R. Civ. P. 30(b)(6)*, and depositions were taken of three designated managers. The present motion concerned the responses made by deponents. The employee sought to preclude the employer from offering testimony concerning the subject matter of the *Rule 30(b)(6)* notice of deposition and also requested documents under *Fed. R. Evid. 612*. The court denied the employee's motion. The employee in effect was seeking a default judgment and provided no basis for such extraordinary sanctions. The court found that the challenged deponent satisfactorily responded to questions he was designated to answer and did not engage in "bandying" behavior. The deponent provided responses based on his own personal knowledge of the identity of the final decision maker and the factors taken into account by that person in terminating the employee as the deponent perceived them to be. The only prejudice the employee showed was the inability to secure irrelevant information. The deponent was not required to investigate the employee's case for him, and he adequately responded to the deposition inquiry.

**OUTCOME:** The court denied the employee's motion for sanctions, production of documents, and attorneys' fees and costs.

**LexisNexis(R) Headnotes**

*Civil Procedure > Discovery > Misconduct*
*Civil Procedure > Sanctions > Misconduct & Unethical Behavior > General Overview*
[HN1] District courts are entrusted with broad discretion regarding whether to impose sanctions under *Fed. R. Civ. P. 37* and the nature of any sanctions to be imposed. However, a court's discretion is not without limits. As the United States Court of Appeal for the District of Columbia Circuit has emphasized, any sanctions awarded must be proportional to the underlying offense. When considering severe sanctions, a district court considers the resulting prejudice to the sanctioned party, prejudice to the judicial system, and the need to deter future similar misconduct.

*Civil Procedure > Discovery > Misconduct*

Case 1:05-cv-02351-RCL   Document 73-5   Filed 01/18/2008   Page 2 of 7

241 F.R.D. 370, *; 2007 U.S. Dist. LEXIS 21211, **

Page 2

*Civil Procedure > Pretrial Judgments > Default > Default Judgments*
*Civil Procedure > Sanctions > General Overview*
[HN2] Seeking a default judgment as a sanction requires a showing that the violation of the rule or of the court's orders pertaining to discovery is so gross that no lesser sanction is appropriate.

*Civil Procedure > Discovery > Methods > Oral Depositions*
[HN3] *Fed. R. Civ. P. 30(b)(6)* allows a party to depose a corporation through representatives designated by the corporation; the designee's testimony is then generally admissible as a statement of the corporation. A primary purposes of the *Rule 30(b)(6)* deposition is to curb the bandying by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of the facts that are clearly known to the organization and thereby to it. *Fed. R. Civ. P. 30(b)(6)* advisory committee notes. Once a requesting party describes with reasonable particularity the matters on which examination is requested, a series of duties fall on the responding corporation. First, the responding party must designate a deponent knowledgeable on the topic. Second, the responding party must designate multiple deponents if more than one is necessary to respond to all designated topics. Finally, the responding corporation must prepare the deponent so that he or she can testify on matters both within his or her personal knowledge as well as those reasonably known by the responding entity.

*Civil Procedure > Discovery > Methods > Oral Depositions*
[HN4] In no sense is a *Fed. R. Civ. P. 30(b)(6)* deposition limited to a witness or witnesses who can authenticate documents or identify other possible fact witnesses. The designated deponent must be prepared to the extent that matters are reasonably available. Obviously a rule of reason applies.

*Civil Procedure > Discovery > Methods > Oral Depositions*
*Civil Procedure > Discovery > Misconduct*
[HN5] The courts understandably must guard against the gamesmanship of a company avoiding deposition topics by, for example, naming as a *Fed. R. Civ. P. 30(b)(6)* witness a person who knows nothing about the topics and does nothing to inform himself about them so that his deposition threatens to be a series of cynical "I do not know" statements.

*Civil Procedure > Judicial Officers > Judges > Discretion*
*Civil Procedure > Discovery > Disclosures > General Overview*
*Evidence > Hearsay > Exceptions > Recorded Recollection > Recollection Refreshed*
*Evidence > Hearsay > Exceptions > Recorded Recollection > Requirements*
[HN6] See *Fed. R. Evid. 612.*

COUNSEL: [**1] For ROY BANKS, Plaintiff (03-56, 03-686, 03-2080): William P. Farley, LEAD ATTORNEY, Law Office of William P. Farley, PC, Washington, DC; John F. Karl, Jr., KARL & TARONE, Washington DC.

For OFFICE OF THE SENATE SERGEANT-AT-ARMS AND DOORKEEPER OF THE UNITED STATES SENATE, Defendant (03-56): Dawn R. Bennett-Ingold, Jean Marie Manning, OFFICE OF SENATE CHIEF COUNSEL FOR EMPLOYMENT, Washington DC; S. Libby Henninger, U.S. Office of Senate Chief Counsel for Employment, Washington DC.

For OFFICE OF COMPLIANCE, Legislative Branch, Third Party Defendant (03-56): Eilin J. Chiang, LEAD ATTORNEY, LIBRARY OF CONGRESS, Office of Compliance, Washington DC; Peter Ames Eveleth, LIBRARY OF CONGRESS, Washington DC.

For OFFICE OF THE SENATE SERGEANT-AT-ARMS AND DOORKEEPER OF THE UNITED STATES SENATE, Defendant (03-686): Eilin J. Chiang, LEAD ATTORNEY, LIBRARY OF CONGRESS, Office of Compliance, Washington DC; Matthew Daniel Keiser, LEAD ATTORNEY, U.S. SENATE CHIEF COUNSEL FOR EMPLOYMENT, UNITED STATES SENATE, Washington DC.

For OFFICE OF THE SENATE SERGEANT-AT-ARMS AND DOORKEEPER OF THE UNITED STATES SENATE, Defendant (03-2080): Matthew Daniel Keiser, LEAD ATTORNEY, U.S. SENATE CHIEF [**2] COUNSEL FOR EMPLOYMENT, UNITED STATES SENATE, Washington DC; Eilin J. Chiang, LIBRARY OF CONGRESS, Office of Compliance, Washington DC.

JUDGES: JOHN M. FACCIOLA, UNITED STATES MAGISTRATE JUDGE.

OPINION BY: JOHN M. FACCIOLA

OPINION
[*371]

Case 1:05-cv-02351-RCL  Document 73-5  Filed 01/18/2008  Page 3 of 7

Page 3
241 F.R.D. 370, *; 2007 U.S. Dist. LEXIS 21211, **

## MEMORANDUM OPINION and ORDER

This case was referred to me for full case management. Currently pending before me is Plaintiff's *Rule 37* Motion for an Order Precluding Defendant from Offering Testimony Concerning the Subject Matter of Plaintiff's *Rule 30(b)(6)* Notice of Deposition and *Federal Rules of Evidence, Rule 612* Request for Documents [# 208] ("Pls. Mot."). For the reasons stated herein, Plaintiff's motion will be denied in its entirety, and a new scheduling order for briefing of dispositive motions shall be ordered.

## I. BACKGROUND

Plaintiff Roy Banks ("Banks" or "Plaintiff") brought these now consolidated Title VII cases alleging that his former employer, the Office of the Senate Sergeant-at-Arms and Doorkeeper ("SAA" or "Defendant"), engaged in several unlawful discriminatory actions against him. See *Banks v. Office of the Senate Sergeant-at-Arms and Doorkeeper, 222 F.R.D. 7, 9 (D.D.C. 2004)*. [**3] The Plaintiff alleges that: (1) he was denied a promotion to branch manager because of his race; (2) he was retaliated against for seeking counseling with the Office of Compliance; (3) he was subjected to a hostile work environment based on his race, age, disability, or sex; (4) he was discriminated against because of his sex; (5) he was denied leave under the Family and Medical Leave Act because of his sex, race, or the fact that he filed complaints of discrimination; (6) he was denied an accommodation for his disability; (7) he was denied disability leave; (8) he was terminated because of his race, age, disability, sex, or in retaliation for filing complaints of discrimination; [*372] and (9) the Defendant improperly handled his compensation claims. Id.

The parties have engaged in substantial litigation regarding discovery. Following discussion between the parties, the Court approved of topics for a *Rule 30(b)(6)* deposition of the Defendant by Minute Order on April 27, 2006. The Defendant then designated three SAA managers as deponents, and depositions were taken in July 2006. See Defendant's Opposition to Plaintiff's *Rule 37* Motion ("Opp.") at 2. In this memorandum opinion, I [**4] resolve the question of whether Plaintiff is entitled to sanctions for the Defendant's responses to three of the topics at the *Rule 30(b)(6)* deposition. I also address Plaintiff's request for all documents reviewed by the *Rule 30(b)(6)* deponents in preparation for their testimony "and refreshing their recollections," Pls. Mot. at 2, and his requests for attorneys' fees and costs relating to the *Rule 30(b)(6)* deposition and the instant motion, Pls. Mot. at 17.

## II. LEGAL STANDARD TO IMPOSE SANCTIONS UNDER *RULE 37*

[HN1] District courts are entrusted with broad discretion regarding whether to impose sanctions under *Rule 37* and the nature of any sanctions to be imposed. *Bonds v. District of Columbia, 320 U.S. App. D.C. 138, 93 F.3d 801, 808 (D.C. Cir. 1996)*. However, a court's discretion is not without limits. As this Circuit has emphasized, any sanctions awarded must be proportional to the underlying offense. Id. When considering severe sanctions, a district court considers the resulting prejudice to the sanctioned party, prejudice to the judicial system, and the need to deter future similar misconduct. Id.

As he has previously done in this case, Plaintiff [**5] seeks an extraordinary remedy of precluding the SAA from offering testimony at trial as to the subject matter of the *Rule 30(b)(6)* Notice of Deposition. He seeks an Order finding that (1) the Defendant failed to comply with its obligations under *Rule 30(b)(6)*; (2) the Defendant willfully violated court orders relating to the *Rule 30(b)(6)* deposition; and (3) the Defendant failed to appear for the deposition, [1] which Plaintiff contends merits a finding of stipulated facts, including (a) the SAA did not have a legitimate non-discriminatory reason to terminate Banks; (b) the SAA failed to promote Banks for discriminatory reasons and "the decision maker's sources of information about plaintiff was (sic) polluted by racial bias that poisoned the well"; and (c) the SAA decided to isolate and terminate Banks because he filed complaints related to these actions. Pls. Mot. at 16-17. Plaintiff is, in effect, seeking a default judgment. [HN2] Such relief requires a showing that the violation of the rule or of the court's orders pertaining to discovery is so gross that no lesser sanction is appropriate. *Zenian v. District of Columbia, 283 F. Supp. 2d 36 (D.D.C. 2003)*.

  1  Since all three *Rule 30(b)(6)* deponents physically appeared and testified at the deposition, this contention is based on the alleged inadequacy of the testimony. See Pls. Mot. at 2, 17.

[**6] ## III. THE *RULE 30(b)(6)* DEPOSITION

Plaintiff disputes the adequacy of the answers to three of the eight topics addressed at the deposition. Mr. Richard Edwards ("Edwards"), the SAA's Administrative Assistant to the Sergeant-at-Arms, was designated the deponent for all three topics at issue, including Topics 2, 4, and 8. See Pls. Mot., Ex. 1, List of Deponents for Plaintiff's *Rule 30(b)(6)* Deposition ("List") at 2. Generally, Plaintiff argues the Senate Sergeant-at-Arms failed in its duty to prepare Edwards for the deposition.

A. Legal Standard for Preparation of *Rule 30(b)(6)* Designated Deponents

Case 1:05-cv-02351-RCL   Document 73-5   Filed 01/18/2008   Page 4 of 7

241 F.R.D. 370, *; 2007 U.S. Dist. LEXIS 21211, **

Page 4

[HN3] *Rule 30(b)(6)* allows a party to depose a corporation through representatives designated by the corporation; the designee's testimony is then generally admissible as a statement of the corporation. *McKesson Corp. v. Islamic Republic of Iran, 185 F.R.D. 70, 79 (D.D.C. 1999)*; *Rainey v. Am. Forest & Paper Ass'n, Inc., 26 F. Supp. 2d 82, 94 (D.D.C. 1998)*. A primary purposes of the *Rule 30(b)(6)* deposition is to "curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of [**7] the facts that are clearly known to the organization and thereby [*373] to it." *Fed. R. Civ. P. 30(b)(6)* advisory committee notes. Once a requesting party describes with reasonable particularity the matters on which examination is requested, a series of duties fall on the responding corporation. *Alexander v. Fed. Bureau of Investigation, 186 F.R.D. 137, 139-41 (D.D.C. 1998)*. First, the responding party must designate a deponent knowledgeable on the topic. *Id. at 141*. Second, the responding party must designate multiple deponents if more than one is necessary to respond to all designated topics. Id. Finally, the responding corporation must prepare the deponent so that he or she can testify on matters both within his or her personal knowledge as well as those "reasonably known by the responding entity." Id.; *U.S. ex rel Fago v. M&T Mort. Corp., 235 F.R.D. 11, 23 (D.D.C. 2006)*.

Plaintiff's interpretation of the duty of a corporation to prepare the designated deponent "beyond matters personally known to the designee or to matters in which that designee was personally involved" suggests an expectation [**8] that the deponent must investigate not just facts reasonably known to the corporation, but *any* fact potentially relevant to the described topic known by any employee of the corporation. See Pls. Mot. at 5 (quoting *Poole v. Textron, Inc., 192 F.R.D. 494, 504 (D. Md. 2000)*). Plaintiff cites to a recent decision in the District Court of Maryland to support the proposition. Pls. Mot. at 5; see also *Wilson v. Lakner, 228 F.R.D. 524, 528 (D. Md. 2005)*. In Wilson, the court found a hospital failed to adequately prepare *Rule 30(b)(6)* deponents regarding how a sponge was left inside the abdomen of a surgery patient and her consequent depressed respiration. *Wilson, 228 F.R.D. at 526*. The hospital engaged in the very "bandying" behavior *Rule 30(b)(6)* seeks to prevent; it designated deponents with no knowledge of any of the relevant facts and instead referred the requesting party to documents and interrogatory responses, and then claimed privilege as to any investigation the hospital conducted relating to the surgical mistake. *Id. at 526-27*.

As Plaintiff states, the court in Wilson held that "the organization [**9] is expected to create a witness or witnesses with responsive knowledge. [HN4] In no sense is a 30(b)(6) deposition limited to a witness or witnesses who can authenticate documents or identify other possible fact witnesses." Pls. Mot. at 5. The court's decision does not, however, require an investigation to the extent Plaintiff demands. Specifically, the opinion also states the designated deponent must be prepared "to the extent that matters are *reasonably available*." *Wilson, 228 F.R.D. at 528* (emphasis added). As the court acknowledged, "[o]bviously a rule of reason applies." *Id. at 528 n.7*.

An examination of the deposition responses about which Plaintiff complains shows that Edwards satisfactorily responded to questions he was designated to answer. He did not engage in the "bandying" behavior contemplated by the advisory committee to the Federal Rules. I take each topic in turn.

1. *Topic 2: Knowledge of Termination of Plaintiff's Employment*

Topic 2 allows Plaintiff to "pursue discovery regarding the identity of the person making the final decision regarding Mr. Banks's termination and the information considered by the final decision maker when [**10] determining the proper discipline to impose on Mr. Banks." List at 2. Edwards testified that Mr. Keith Kennedy ("Kennedy"), the SAA Deputy Sergeant-at-Arms at that time, was the final decision-maker regarding Plaintiff's termination. Pls. Mot., Ex. 6, Excerpts of Deposition Transcript of Mr. Richard Edwards ("Edwards Dep. Excerpts"), at 5. He further testified that he was present at the meeting where Kennedy and the other SAA managers discussed Plaintiff's termination and indicated what information the participants, including Kennedy, considered that ultimately led to Kennedy's decision to terminate Plaintiff at the end of that meeting. Id.; see also Opp. at 5.

As to Topic 2, Plaintiff provides minimal argument as to the inadequacy of the testimony of Edwards; primarily, he simply quotes the pertinent section of the deposition. Pls. Mot. at 6-7. By inference, Plaintiff appears to suggest that Edwards should have provided, in addition to all of the factors considered in the meeting, the precise inner [*374] workings of Kennedy's thoughts that he may not have articulated at the meeting that related to the termination of Plaintiff's employment. Plaintiff's counsel asked Edwards if he [**11] conducted an investigation "to find the reasons and every reason that Mr. Kennedy used in terminating Mr. Banks." Pls. Mot. at 7. But Topic 2 permits discovery into (a) who made the decision to terminate Banks and (b) what information that decision-maker indicated he was taking into account to decide to fire Banks. Edwards's duty was to testify as to what he saw and heard at the meeting. It was not Edwards's duty to discuss the inner workings and unexpressed motives that may have influenced Ken-

Case 1:05-cv-02351-RCL    Document 73-5    Filed 01/18/2008    Page 5 of 7

Page 5
241 F.R.D. 370, *; 2007 U.S. Dist. LEXIS 21211, **

nedy's decision but that Kennedy did not formally articulate.

Edwards, present in the very meeting at which Plaintiff's termination was considered and discussed, provided responses based on his own personal knowledge of the identity of the final decision-maker and of the factors taken into account by that decision-maker in terminating Plaintiff's employment as Edwards perceived them to be. Doing that met the only obligation he reasonably had. He could not have been obliged to state what other reasons Kennedy had when Kennedy did not articulate them in Edwards's presence.

2. *Topic 4: Selection of Branch Manager*

Edwards was also the designated deponent to respond to inquiry into "(1) the [**12] identity of the decision makers who presented Mr. Rouse and Mr. Banks for the Branch Manager position to Mr. Lenhardt; (2) the process they used; and (3) their roles in selecting the Branch Manager." List at 3. Edwards identified Ms. Anne Harkins ("Harkins") as the decision-maker to offer the names of the two candidates to Mr. Lenhardt, but he did not speak to the process she used in concluding as she did. Pls. Mot. at 8. He indicated that Harkins would have to speak to the process she used. He did state that he and Harkins discussed the candidates, because whoever got the job would report to him. Id.

Plaintiff relies on this Court's standard in U.S. ex rel Fago, which required the defendant to prepare its *Rule 30(b)(6)* deponent "so that she could testify on matters not only within her personal knowledge, but also on matters known to M&T." *Fago, 235 F.R.D. at 24*. Plaintiff's reliance on Fago in this instance is misplaced. In Fago, the deponent was not able to testify as to procedures *in place* and *already known* to the corporation for quality control; in other words, she had not educated herself on known aspects of the defendant's quality-control [**13] process. *Id*. In contrast, the deponent at issue here (as in earlier proceedings in this action) was unable to respond to inquiries about things that may or may not have been known to the corporation. See *Banks, 222 F.R.D. at 19*.

Furthermore, the names provided to Harkins came from Edwards himself. Edwards Dep. Excerpts at 9 ("I would say Anne Harkins did and Anne Harkins asked me for the two candidates."). Yet Plaintiff's counsel never questioned Edwards as to the process he used to provide the names to Harkins. Instead, he advances the confusing argument that Edwards should have spoken to Harkins prior to the deposition so that Edwards could testify as to what Harkins told him when he asked what process she used. There is nothing in Fago that could possibly be construed to mean that one corporate representative has the responsibility to anticipate whether another corporate representative has additional information that is not based on the company's policies, procedures, or files, but on the actions and motives of another corporate representative who has made a particular decision. Here, Edwards identified the decision-maker, the information she gathered, [**14] and himself as a source. That sufficed to fulfill the responsibility I imposed when I issued the *Rule 30(b)(6)* order.

Moreover, this Court has already concluded that the process leading to Plaintiff's nomination for the branch manager position is legally irrelevant to his remaining claims. *Banks, 222 F.R.D. at 16*; see also Opp. at 10. Banks simply "cannot claim that he was discriminated against during the first round of application decisions because he survived that round and was named as a finalist." *Banks, 222 F.R.D. at 16*.

[*375] The standard for sanctions articulated by Bonds requires a showing of irreparable prejudice. See *Bonds, 93 F.3d at 808*. The only prejudice possible in this instance is the inability to secure irrelevant information that cannot serve as the basis for any aspect of Plaintiff's remaining claims. Notwithstanding the confusion inherent in Plaintiff's position and the Defendant's response, it is unreasonable to base sanctions on the failure to provide irrelevant information, especially a sanction as severe as to effectively find in favor of the Plaintiff and end the litigation entirely.

3. *Topic 8: Counseling* [**15] *of Plaintiff*

Finally, Edwards was also the designated deponent to provide discovery "regarding formal or informal counseling received by Mr. Banks" due to his complaints, "including counseling given by Rick Edwards, Skip Rouse, Jean McComish, and Doug Fertig." List at 4. Plaintiff argues that Edwards "used semantics to evade/avoid providing the discovery." Pls. Mot. at 10.

In response to questioning, Edwards stated that he was "not aware of any counseling or reprimand either formal or informal that occurred because of [Plaintiff's] Office of Compliance complaints." Id. Edwards asserted two additional times in his deposition that Banks did not receive any type of counseling as a result of his complaint. Opp. at 11-12. Furthermore, in his position, Edwards would have known of any counseling provided to Plaintiff as notice would have necessarily gone to him prior to any counseling that took place. Id. at 12.

Plaintiff's argument focuses on the complaint of June 10, 2002, that Banks made to Edwards concerning Mr. Rouse. See Pls. Mot. at 12. The heart of the dispute is the terminology for Edwards's conversation with the Plaintiff regarding this complaint; the Plaintiff [**16] apparently considers it "counseling" while the Defendant terms it an "investigation or meetings or conferences."

Case 1:05-cv-02351-RCL   Document 73-5   Filed 01/18/2008   Page 6 of 7

Page 6
241 F.R.D. 370, *; 2007 U.S. Dist. LEXIS 21211, **

Id. Accordingly, Plaintiff argues "Defendant prepared the witness in a way that made the *Rule 30(b)(6)* Topic concerning counseling . . . unanswerable." Id.

But Edwards explained the use of the term "counseling" as it is used by the SAA to clarify how it is distinguished from other types of communication with SAA employees. See Opp. at 13. The Defendant would have no reason to expect Topic 8 to apply to all forms of communication between the SAA and its employees when the topic expressly refers to "counseling." Edwards answered the questions presented in accord with the company's use of the term and fulfilled his obligations pursuant to *Rule 30(b)(6)*.

### III. SANCTIONS

[HN5] The courts understandably must guard against the gamesmanship of a company avoiding deposition topics by, for example, naming as a 30(b)(6) witness a person who knows nothing about the topics and does nothing to inform himself about them so that his deposition threatens to be a series of cynical "I do not know" statements. See e.g., *In re Vitamins Antitrust Litigation, 216 F.R.D. 168 (D.D.C. 2003)*. [**17] Nothing Plaintiff has presented suggests the responses of Edwards fall into the category of behavior that courts attempt to prevent by *Rule 30(b)(6)* deponents. Plaintiff's arguments cannot possibly merit the sanctions he proposes. Indeed, the remedy Plaintiff seeks amounts to a finding in his favor, disposing of the lawsuit in its entirety. To the contrary, I find that Edwards adequately answered the questions posed on behalf of the SAA regarding the topics for which he was designated.

Plaintiff's primary contention is the deponent's failure to investigate information to respond to the topics presented. Once Edwards spoke of what he personally knew and what others did or might know, he fulfilled his responsibility for purposes of binding the SAA through *Rule 30(b)(6)* deposition testimony. See *Banks, 222 F.R.D. at 19*. Designation as a *Rule 30(b)(6)* deponent does not require Edwards to conduct detailed independent investigations beyond what is reasonably known to the company. That, in essence, would be to investigate Plaintiff's case for him. The Court finds Edwards adequately responded to deposition inquiry to bind the corporation for purposes of cross-examination [**18] [*376] at trial. Plaintiff's request for sanctions is denied.

### IV. REQUEST FOR DOCUMENTS

Plaintiff also requests all documents reviewed by the *Rule 30(b)(6)* witnesses in preparing for their testimony and refreshing their recollections. Pls. Mot. at 2. [HN6] *Federal Rule of Evidence 612* states in part:

> Except as otherwise provided in criminal proceedings by *section 3500 of title 18, United States Code*, if a witness uses a writing to refresh memory for the purpose of testifying, either--
>
> (1) while testifying, or
>
> (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,
>
> an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

*Fed. R. Evid. 612.*

Plaintiff argues entitlement to the documents to know what investigation deponents conducted to answer his *Rule 30(b)(6)* questions. Id. at 14. However, nothing indicates Plaintiff's counsel subpoenaed [**19] the documents prior to the deposition. I will not order the SAA to produce them now. Nor do we know which documents will be produced as exhibits at trial, which could render Plaintiff's request moot. Nothing suggests it is "necessary in the interests of justice" to produce documents at this stage due to Plaintiff's failure to subpoena them or that may be produced as a matter of course. I therefore deny Plaintiff's request.

### VI. BRIEFING SCHEDULE

In my Memorandum Opinion of September 14, 2006, I vacated my previous order that required filing of all dispositive motions sixty days after the completion of the *Rule 30(b)(6)* deposition until such time that Plaintiff's instant motion was resolved. Now having done so, I instruct parties to submit a joint proposed revised briefing schedule for dispositive motions no later than April 11, 2007.

### V. CONCLUSION

In accordance with this Memorandum Opinion, Plaintiff's Motion for Rule 37 sanctions, production of documents, and attorneys' fees and costs is hereby **DENIED. IT IS FURTHER ORDERED** that Parties are to submit by April 11, 2007, a joint revised briefing schedule for dispositive motions.

Page 7
241 F.R.D. 370, *; 2007 U.S. Dist. LEXIS 21211, **

**SO ORDERED.**

[**20] JOHN M. FACCIOLA

UNITED STATES MAGISTRATE JUDGE

Dated: March 27, 2007