C.A. No. 05 CV 02351 (RCL)

_____

DISTRICT OF COLUMBIA
DISTRICT COURT

_____

_____
MARILYN SEABROOKS MYRDAL                          )
                                                  )
    Plaintiff,                                     )
                                                  )
       v.                                     ) C.A. No. 05 CV 02351 (RCL)
                                                  )
THE DISTRICT OF COLUMBIA, et al.                  )
                                                  )
                                                  )
    Defendants.                                    )
_____ )

_____

**PLAINTIFF'S REPLY IN SUPPORT OF HER RULE 37 MOTION FOR AN ORDER
PRECLUDING DEFENDANT FROM OFFERING TESTIMONY CONCERNING THE
SUBJECT MATTER OF PLAINTIFF'S RULE 30(B)(6) NOTICE OF DEPOSITION**

_____

William P. Farley, Esquire
D.C. Bar No. 466280
Law Office of William P. Farley
1350 Connecticut Avenue, NW
Suite 200
Washington, D.C. 20036
(202) 775-1550

Counsel for Plaintiff Mrs. Myrdal

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

I. INTRODUCTION

II. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A. The District's Designation of the Witness Failed To Comply With the Law  . . . . 3

    B. Mr. Wong's Did Not Prepare To Be The Rule 30(b)(6) Witness  . . . . . . . . . . . . . 4

    C. This Lawsuit Concerns Civil Rights Violations . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        1. This is a Civil Rights Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        2. The Rule 30(b)(6) Notice Sought Relevant and Necessary Evidence  . . . . . 6

    D. The District Concedes that Dr. Pane was a Decision Maker . . . . . . . . . . . . . . . . . 13

    E. The Defendant's Authority Does Not Assist This Court . . . . . . . . . . . . . . . . . . . . 13

        1. *Banks v. SAA* Will Not Assist This Court  . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        2. Defendant's Authority Is Irrelevant to This Matter . . . . . . . . . . . . . . . . . . . 14

        3.  There Are Cases That Are Relevant To This Matter  . . . . . . . . . . . . . . . . . 14

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## TABLE OF AUTHORITIES

## CASES

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Belmont Holdings Corp. v. Unicare Life & Health*, 2000 WL 1920039 (E.D.Pa. 2000) . . . . . . 14

*Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275 (3d Cir.2000) . . . . . . . . . . 14

*Board of the County Com'rs v. Brown*, 520 U.S. 397 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Brown v. City of Fort Lauderdale*, 923 F.2d 1474 (11th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . 10

*Canton v. Harris*, 489 U.S. 378 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*County Commrs. of Bryan County v. Brown*, 520 U.S. 397 (1997) . . . . . . . . . . . . . . . . . . . . . . . 8

*Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978) . . . . . . . . . . . . . . 6-8, 10

*New Jersey v. T.L.O.*, 469 U.S. 325 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*O'Connor v. Ortega*, 480 U.S. 709 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

*Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196 (5th Cir. 1993) . . . . . . . . . . 14

*Roy Banks v. The Senate Sergeant at Arms*, 241 F.R.D. 370 (D.D.C. 2007) . . . . . . . . . . . . . . . 13

*Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328 (9th Cir.1987) . . . . . . . . . . . . . . . . . 8

*Turner v. Upton County Texas*, 915 F.2d 133 (5th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Blok*, 188 F.2d 1019 (D.C. Cir.1951) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Taylor*, 166 F.R.D. 356 (M.D.N.C.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Yeksigian v. Nappi*, 900 F.2d 101 (7th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## CONSTITUTIONAL AUTHORITY

U.S. CONST. AMEND. IV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

U.S. CONST. AMEND. V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

U.S. CONST. AMEND. XIV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

## STATUTES AND OTHER AUTHORITY

42 U.S.C. 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-8, 10, 11

FRCP Rule 30(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-5, 7, 13-16

Ku Klux Act of 1871 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARILYN SEABROOKS MYRDAL** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **C.A. No. 05 CV 02351 (RCL)** |
| | ) |
| **THE DISTRICT OF COLUMBIA, et al.** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF HER RULE 37 MOTION FOR AN ORDER
PRECLUDING DEFENDANT FROM OFFERING TESTIMONY CONCERNING THE
SUBJECT MATTER OF PLAINTIFF'S RULE 30(B)(6) NOTICE OF DEPOSITION**

## I. INTRODUCTION

Plaintiff, Marilyn Seabrooks Myrdal ("Myrdal") brought her second motion to compel a Rule

30(b)(6) Deposition after the District produced a Rule 30(b)(6) witness that could not answer any

of her topics - save one. The Court had ordered the District to provide a witness for those 20 topics.

The Defendant District of Columbia ("District") represented to the Court that the witness would be

prepared and would answer the topics.[1] However, the witness could not answer 19 of those topics.

It should be noted that this is the second time this Court has had to rule on a motion to

compel the District to attend a properly noticed Rule 30(b)(6) deposition. The court has power to

impose sanctions in this case due to the District's violation of this Court's December 13, 2007 Order

that the District provide testimony at their Rule 30(b)(6) deposition. Ex. A, Hr.Tr., pg. 15. The

Court put the District on "super notice" that they needed a knowledgeable witness. *Id.,* pg.14 ("I

---

[1]  Transcript of December 12, 2007 hearing ("Hr. Tr. __") before the Honorable Judge
Lamberth, pg. 14 (The District represented that they would "find a Rule 30B(6) witness, whether
it's Mr. Long or someone else. . . "). A copy of the Hr. Tr. is attached here as Exhibit "A."

[Judge Lamberth] think if you don't get your [Plaintiff] questions answered at a [District's] 30B(6), you're probably looking at other things than just a witness, you're probably looking at other sanctions I might be able to impose. . . . ***So they better find someone knowledgeable***.") Emphasis added.

## II. ARGUMENT

As shown below, and within the District's own Opposition, the District did not heed the Court's warning and instead provided a very unknowledgeable witness. In fact, the Defendant took the opposite tack to this Court's recommendation and provided their witness with a copy of Plaintiff's Rule 30(b)(6) notice the night before the deposition and did not prepare him at all. District of Columbia's Rule 30(b)(6) Deposition Transcript ("Wong Dep.") pg. 5-6, 16-17 (Mr. Wong testified he did no preparation after receiving the notice the night before the deposition.) A copy is attached here as Exhibit "B."

The District's defense[2] to explain their violation of this Court's Order apparently has three prongs:

First, Mr. Wong addressed the topics in the notice of deposition that could be answered (District's January 18, 2008 Opposition ("Dist. Opp. __"), pg. 3);

Second, Plaintiff suffered no prejudice (Dist. Opp. 3);

Third, if Mr. Wong did not personally know of any policy, custom, or practice then none existed (Dist. Opp. 6 "Mr. Wong made it clear that he was not aware of any policy that permitted the search and seizure of employees.")

As shown below, the law and facts in this matter do not support any of those defenses.

---

[2]  The District's Opposition was untimely pursuant to LcvR 7(b) which required an opposition within 11 days of January 5, 2007 - or by January 16, 2008 ("If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.")

**A.      The District's Designation of the Witness Failed To Comply With the Law**

The District represented to this Court that Mr. Wong "was the absolute best designee for this deposition." Dist. Opp., pg. 2. They also represented that Mr. Wong "was fully capable of testifying to the subject matters in Plaintiff's 30(b)(6) Notice and did testify to those matters in his deposition." Dist. Opp. pg. 1.

However, Mr. Wong sworn testimony does not support the District's argument. When asked specifically whether he was there as the City's representative, Mr. Wong testified: "No, I'm not representing the City, as far as I know. I'm just going to speak on behalf of the credit card. There are questions that were asked that I can't address on security and siege and search." Wong Dep., pg. 5, lines 10-13. Mr. Wong also testified that "But I only pertain to the credit card. I don't want to be the expert on the City because I don't think I can speak on behalf of the City. Is that fair enough?" Exh. B, Wong Dep., pg. 5, lines 2-5.

The District informed this Court that Mr. Wong was the "absolute best" witness for the Rule 30(b)(6) topics. However, the deposition testimony was much different:

> 12     Q.   You can do every aspect of it? Have you
>
> 13   spoken to anybody about number 1?
>
> 14     A.   No, I'm not the expert. I'm only within the
>
> 15   Department of Health. I don't make the policy. That's
>
> 16   issued by the City.
>
> 17     Q.   Right. Who would be better to answer that
>
> 18   one?
>
> 19     A.   Somebody from OCP, Office of Contracts and

Page -3-

20   Procurement, . . .

Wong dep., pg. 6.

Mr. Wong's testimony was that there were people that could address the Rule 30(b)(6) topics. The Defendant's argument that there were questions that no one could address is not even analyzed in their brief other than in a conclusory way.  There were 20 different topics, plaintiff would submit that within the topic questions there are people that could answer the topics.

Thus, the first prong of the Defendant's argument is not supported by the record.

**B.     Mr. Wong's Did Not Prepare To Be The Rule 30(b)(6) Witness**

The District informed this Court that "Mr. Wong was provided with a copy of the Complaint, the Notice of Deposition, and studied the appropriate regulations relative to the issuance of government credit cards."  However, Mr. Wong testified:

14      Q.  Let's go through it and you can tell me which

15   topics you can answer to.  The topics begin on page 4.

16   This is Exhibit B to the plaintiff's motion that the

17   Judge ordered the District of Columbia to comply with.

18      MR. ADAMS:  I will say it is one of the

19   exhibits of the Judge's motion that you attached to

20   your motion to compel.  There were two notices of

21   deposition attached to that motion.

22      MR. FARLEY:  This is the only October 10th

 1   one, I think you'll agree.

Page -4-

2          THE WITNESS:  I received this yesterday,

3   October 17th.

4          MR. FARLEY:  December 18th?

5          THE WITNESS:  The 18th, yesterday.  It was

6   e-mailed to me.

Wong Dep., pg. 5-6.

Plaintiff submits that Mr. Wong received the Notice of Rule 30(b)(6) deposition the night before his deposition and spoke with no one.  Wong Dep. 16-17 (Q. ". . . any preparation between yesterday and today? A. NO")  Thus, the facts do not support the District's representations to this honorable Court that Mr. Wong was a "prepared witness."

The District also argues in their opposition that it is significant that the Plaintiff put off her first Rule 30(b)(6) deposition of the District and then noticed a second.  Dist. Opp. pg. 2-3.  Plaintiff fails to see any significance.  The Court ordered the District to Comply with the Notice issued on October 10, 2007 for the October 23, 2007 deposition.  That is all that was asked for in the Plaintiff's Motion.

The District also informs this Court that Mr. Wong went over the irrelevant Notice in September 2007.  Dist. Opp., pg. 3.  Again, this is of no importance here as the Court ordered the District to comply with the Deposition Notice at issue, the one for the October 23, 2007 deposition.

## C.    This Lawsuit Concerns Civil Rights Violations

### 1. This is a Civil Rights Case

The District informed the Court in their opposition that this was a case was solely related "to

the issuance, use and revocation of government credit cards to government employees." Dist. Br. 1. However, the complaint in this matter does not support the District's representations. Ms. Myrdal alleged six discrete causes of action in her complaint: Count I - False Imprisonment; Count II - False Arrest; Count III - Civil Conspiracy; Count IV - Violation of 42 U.S.C. 1983; Count V - Violations of 42 U.S.C. 1983: Refusing or Neglecting to Prevent; and Count VI - Assault.

Plaintiff would submit the District's representations that this is a case about credit cards does not have any support in the facts.

### 2. The Rule 30(b)(6) Notice Sought Relevant and Necessary Evidence

The District argues that *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978) provides the basis for analyzing this matter - as shown below, the District already conceded that Dr. Pane was a policymaker. In *Monell,* the Supreme Court held that municipalities may be held liable where "action taken pursuant to official municipal policy of some nature caused a constitutional tort." *Id*. at 691. Under *Monell*, municipal liability depends upon proof of

1.  an official "policy" or "custom;"

2.  an unconstitutional injury; and

3.  a link between the two.

*Id.* at 691-692.

Under Monell, the District is responsible for constitutional wrongs visited upon citizens pursuant to official "policy." "Policy" consists of a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," *Monell*, 436 U.S. at 690, 98 S.Ct. at 2036, and encompasses the actions of the municipality's employees "whose edicts or acts may fairly be said to represent official policy." *Id*. at 694, 98 S.Ct. at 2037. The term "often refers

to formal rules and understandings," but its meaning is not exhausted by "fixed plans of actions to be followed under similar circumstances consistently and over time." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81, 106 S.Ct. 1292, 1298-99, 89 L.Ed.2d 452 (1986).

Here, Myrdal sought discovery of the District's (including Dr. Pane's) policy and practice that permitted its supervisory employees to search the personal belongings of citizens who had committed no offences and were not posing any danger.  Complaint, ¶ 50-57.

The Court in *Monell*, held that municipalities are "persons" subject to damages liability under sec. 1 of the Ku Klux Act of 1871, 42 U.S.C. sec. 1983, for violations of that Act visited by municipal officials" *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 810 (1985) and that the "municipal liability could only be imposed for injuries inflicted pursuant to government "policy or custom." *Monell*, at 694.

A municipality's continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of that action -- the "deliberate indifference" -- necessary to trigger municipal liability. *Board of the County Com'rs v. Brown*, 520 U.S. 397, 407, 117 S.Ct. 1382, 1390 (1997), *citing and discussing Canton v. Harris*, 489 U.S. 378, 390 n. 10 (1989).

The Defendant's employees in exercising their discretion so often violate constitutional rights that the need for further training must have been plainly obvious to the city policymakers.  *Board of the County Com'rs*, 520 U.S. at 407, citing Canton, at 397.

In this matter Myrdal sought discovery on "All training provided to Defendant Senior-Fisher concerning looking through employees personal effects, an corrective actions taken after the events in the complaint, and any discipline provided to Senior-Fisher after the events described in the

Complaint, identify all communications concerning this matter." Rule 30(b)(6) Notice, Number 19.

The policymaker's toleration of the subordinates' behavior establishes a policy-in-practice just as readily attributable to the municipality as the one-act-policy-in-practice. Such a policy choice may be inferred even without a pattern of acts by subordinate officers, so long as the need for action by the policymaker is so obvious that the failure to act rises to deliberate indifference. *Board of the County Com'rs*, 520 U.S. at 418. [W]here a municipality's failure to train its employees . . . evidences a `deliberate indifference' to the rights of its inhabitants can . . . a shortcoming be . . . city `policy or custom' . . . actionable under sec. 1983. *Id.,* 520 U.S. at 419.

"[M]unicipal liability for failure to train may be proper where it can be shown that policymakers were aware of, and acquiesced in, a pattern of constitutional violations . . ." *Board of the County Com'rs*, 520 U.S. at 407. A municipality may be liable under sec. 1983, *see Monell v. Dept. of Soc. Servs. of New York*, at 694, if the injury is caused by "officials whose acts may fairly be said to be those of the municipality," or if there is a municipal policy or custom that caused the injury. *County Commrs. of Bryan County v. Brown*, 520 U.S. 397, 403-404 (1997).

Searches and seizures by government employers or supervisors of private property of their employees are subject to restraints of Fourth Amendment. ("Searches and seizures by government employers or supervisors of the private property of their employees are subject to Fourth Amendment restraints.") *O'Connor v. Ortega*, 480 U.S. 709, 107 S.Ct. 1492, 94 L.Ed.2d 714 (1987). A purse generally contains private property and personal items and effects, and generally is for a person's exclusive use. Items of such a personal nature cannot be said to be subject to random searches by employers without some sort of prior notice to the employees. *See e.g., Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328, 1335 (9th Cir.1987).

Defendants could not reasonably search Myrdal's purse, her personal letters, or anything else that did not belong to the government and had no connection with the work of the office. *Id.* *(quoting United States v. Blok*, 188 F.2d 1019, 1021 (D.C. Cir.1951)); *see also New Jersey v. T.L.O.*, 469 U.S. 325, 337 (1985) (holding that student had protectible Fourth Amendment right against school officials' unreasonable search of her purse for evidence that she violated school's regulations against smoking).

In Count I, False Imprisonment, plaintiff has alleged that, she was detained and when she tried to leave her office the  Defendants moved in front of the door to block her from leaving.  She also alleges that she was detained for a length of time and deprived of her personal liberty or freedom of locomotion.  Ms. Myrdal also alleged: (a) the Defendants acted with the intention of confining Myrdal within fixed boundaries, (b) the act directly or indirectly resulted in confinement, and (c) Myrdal was conscious of the confinement.  Complaint, ¶¶ 73-83.

In Count II, False Arrest, plaintiff has alleged that Defendants would not permit plaintiff to leave her office.  Plaintiff tried to leave her office and defendants blocked the door with their bodies and guns.  Defendant restrained plaintiff against her will.  Defendants knew that their actions in keeping plaintiff in her office when there were no allegations that she did anything wrong constitutes a false arrest.  Defendants did not have a reasonable nor good faith belief that his or her conduct was lawful.  Complaint, ¶¶ 85-91.

In Count III, Civil Conspiracy, Ms. Myrdal alleged that Defendants each: (1) had an agreement between two or more persons; (2) to participate in an unlawful act, or in a lawful act in an unlawful manner; and (3) an injury to Ms. Myrdal was caused by an unlawful overt act performed by one of the parties to the agreement (4) pursuant to, and in furtherance of, the common scheme.

As a result of their concerted unlawful and malicious actions by Defendants, Myrdal was deprived of both her liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of District of Columbia law, the common law and the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983. Complaint ¶¶ 94-96.

In Count IV - Violation of 42 U.S.C. 1983, Myrdal alleged that (1) she was deprived of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). Municipal liability under section 1983 is properly alleged by claiming deprivations of federally protected rights caused by action taken "pursuant to official municipal policy of some nature," or "by municipal policy makers under appropriate circumstances." *Monell v. New York City Dep't of Social Serv.*, 436 U.S. at 691; *Pembaur v. City of Cincinnati*, 475 U.S. at 480.

Circuit Court's have specifically required that a Section 1983 plaintiff be permitted to conduct discovery and develop the record. *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1480 (11th Cir. 1991) (police officer alleged he was fired by police chief and city manager for discriminatory reasons); *Turner v. Upton County Texas*, 915 F.2d 133, 137-138 (5th Cir. 1990) (plaintiff alleges a conspiracy involving county sheriff stemming from drugs planted on her business premises); *Yeksigian v. Nappi*, 900 F.2d 101, 104-105 (7th Cir. 1990) (plaintiff alleged the deputy commissioner of aviation had policy-making authority to procure his arrest).

Myrdal alleges that acting under the color of law, Defendants worked a denial of her rights, privileges or immunities secured by the United States Constitution or by Federal law by depriving

her of her liberty without due process of law, by taking her into custody and holding her there against her will.  And by making an unreasonable search and seizure of Myrdal's property without due process of law.  Complaint, ¶ 97-100.

Further, Myrdal alleged the District conspired for the purpose of impeding and hindering the due course of justice, with intent to deny plaintiff equal protection of laws by refusing or neglecting to prevent such deprivations and denials to plaintiff, thereby depriving plaintiff of her rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.  Compliant, ¶ 101- 102.  Myrdal alleged the District deprived of her of both her liberty without due process of law and her right to equal protection of the laws, and the due course of  justice was impeded, in violation of District of Columbia law and the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.  *Id.*, ¶ 103.

Count V - Violating 42 U.S.C. 1983: Refusing or Neglecting to Prevent, Myrdal alleged that at all times relevant to her Complaint, Defendants were acting under the direction and control of Defendants Paula Senior Fischer, and Defendant District of Columbia.  And that acting under color of law and pursuant to official policy or custom, Defendants knowingly, recklessly, or with gross negligence failed  to instruct, supervise, control, and discipline on a continuing basis Defendant police officers in their duties to refrain from:

(a) unlawfully and maliciously harassing a citizen who was acting in accordance with her constitutional and statutory rights, privileges, and immunities,

(b) unlawfully and maliciously arresting, imprisoning and prosecuting a citizen  who was acting in accordance with her constitutional and statutory rights, privileges, and immunities,

(c) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the

Constitution and laws of the United States and the laws of the District of Columbia; and

(d) otherwise depriving Plaintiff of her constitutional and statutory rights, privileges, and immunities.  Complaint, ¶ 105-107.

Further, Myrdal alleged that the District of Columbia had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed.  Complaint, ¶ 108.  Myrdal also alleged that the Defendant District of Columbia had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so. Complaint, ¶ 109.

The District of Columbia directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the other Defendants to this action. Complaint, ¶ 110.

Myrdal's Count VI - Assault, alleges that the District of Columbia, had a duty of care to ensure that their employees and agents did not violate Ms. Myrdal rights.  The District deviated from that standard.  There is a causal relationship between that deviation and the plaintiff's injuries.  The District intentionally created an apprehension of immediate  physical harm by means of an overt gesture, to wit by forcing Ms. Myrdal to remain in a room by threatening her and blocking the exit and detaining her for an extended period of time.  Complaint, ¶ 114-121.

Myrdal's deposition Notice sought evidence that goes directly to these claims.  Myrdal's topics 1-4, 6-10, and 12-19 go directly to the above issues.  Thus, any claims of irrelevancy are not based in the facts of this matter.

**D.      The District Concedes that Dr. Pane was a Decision Maker**

The District informed this Court on September 7, 2007 that Dr. Pane was not to be deposed because of the rule against agency decision makers being burdened by discover.  Specifically, the District conceded that Pane could not be deposed because "This rule is established to relieve agency decision-makers from the burdens of discovery, to allow them to spend their valuable time on the performance of official functions, and to protect them from inquiries into the mental processes of agency decision making."  The Defendant District of Columbia's September 7, 2007 Emergency Motion for a Protective Order, pg. 2 ¶ 2.  A copy is attached here as Exhibit "C."

Mr. Pane was never consulted by Mr. Wong before the deposition to find out what the official policy was within the agency for searching employees.

**E.      The Defendant's Authority Does Not Assist This Court**

**1. *Banks* Will Not Assist This Court**

The District seeks to have this case linked with the matter of *Roy Banks v. The Senate Sergeant at Arms*, 241 F.R.D. 370 (D.D.C. 2007).  That case is easily distinguished.  As that case provides, it concerned the answering of one question in a long deposition as to why a decision maker fired an employee.  In addition, that ruling was not tested by an appeal to the District Court judge - who may have ruled that if a decision maker fired a worker because they were black that would be relevant.  The District Court may have also ruled that Rule 30(b)(6) requires more than reporting what one sees at one meeting - including talking to the decision makers.

In addition, that case was also dismissed jointly - so that ruling was never tested by the Circuit.

## 2.  Defendant's Authority Is Irrelevant to This Matter

_____In this matter, Mr. Wong testified that he could not address 19 of the 20 topics.  He testified that there were other people that could answer the questions.  He also testified that he received the deposition notice the night before and did not investigate after receiving the notice.  Wong Dep. pg. 16-17.

None of the cases cited by the District have the fact pattern of this case.  The District's reliance upon *Belmont Holdings Corp. v. Unicare Life & Health* is misplaced.  In *Belmont*, in that unreported decision that court found that "failure to *testify fully* on all the topics set forth in a Rule 30(b)(6) notice is not tantamount to a complete failure to appear justifying sanctions." 2000 WL 1920039, * 3 (E.D.Pa. 2000) (emphasis added).

## 3.  There Are Cases That Are Relevant To This Matter

In the present matter the witness failed to testify *at all* on any of the topics.  None of the Defendant's cases addresses situations where the witness testifies he can't answer and then identifies the correct people that could answer the topics.  Cases that do address this issue, for instance, *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir.2000) ("In reality if a Rule 30(b)(6) witness is unable to give useful information he is no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it."); *United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C.) ("Producing an unprepared witness is tantamount to a failure to appear."  Were ignored.

In the opening brief Plaintiff provided that counsel recited each item of inquiry designated in the notice and asked if witness had any knowledge thereof.  In every instance the answer was "no." In *Resolution Trust Corp. v. Southern Union Co., Inc.*, that counsel recited each item of inquiry

designated in the notice and asked if witness had any knowledge thereof.  In every instance the answer was "no." 985 F.2d 196, 197 (5th Cir. 1993) (Sanctions awarded where counsel recited each item of inquiry designated in the notice and asked if witness had any knowledge thereof. In every instance the answer was "no.")

Prejudice can be easily seen by the plaintiff's inability to obtain any discovery on the topics that go directly to her claims.  None of her topics were answered - even after this Court ordered the District to do so.  The District seems to be taunting the Plaintiff in arguing that Plaintiff has the "burden to establish that such a policy even exists" and then denying her discovery on the policy.

### III. CONCLUSION

Plaintiff requests that the Court to order that the District is precluded from offering testimony at trial as to the subject matter of Plaintiff's October 10, 2007 Rule 30(b)(6) Notice of Deposition. In addition, Myrdal requests an award of attorneys' fees and costs in preparing for and taking the Rule 30(b)(6) depositions and in bringing this motion and her reply.  Plaintiff also requests an order requiring the Defendant to pay for the associated costs and fees.

Myrdal respectfully requests the Court to enter an Order that: (1) the District failed to comply with its Rule 30(b)(6) obligations to present knowledgeable witnesses to testify about the topics set forth in the Plaintiff's Rule 30(b)(6) Notice of Deposition to Defendant, Topic numbers 1-10 and 12-20; (2) Defendant has willfully violated this Court's December 13, 2007 Order concerning the depositions of the District of Columbia; (3) Defendant District of Columbia has failed to appear for the properly noticed Rule 30(b)(6) deposition and the following designated facts shall be taken to be established for the purposes of the action:

The District deprived Myrdal of both her liberty without due process of law and her right to

equal protection of the laws in violation of District of Columbia law and the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.; and

The District failed acted under color of law and pursuant to official policy or custom, Defendants knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant police officers in their duties to refrain from:

(a) unlawfully and maliciously harassing Myrdal who was acting in accordance with her constitutional and statutory rights, privileges, and immunities,

(b) unlawfully and maliciously arresting, imprisoning Myrdal who was acting in accordance with her constitutional and statutory rights, privileges, and immunities,

c ) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the District of Columbia; and

(d) otherwise depriving Plaintiff of her constitutional and statutory rights,  privileges, and immunities.; and

Myrdal also requests an award of attorneys' fees and costs in preparing for and taking the Rule 30(b)(6) deposition and in bringing this motion.

<div style="margin-left:40%">

Respectfully submitted,

    /s/ William P. Farley
William P. Farley, D.C. Bar No. 466280
Law Office of William P. Farley, P.C.
1350 Connecticut Avenue, N.W., Suite 200
Washington, D.C. 20036
(202) 775-1550
(202) 775-0008 (fax)
farley@dccounselor.com
Counsel for Plaintiff

</div>

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Reply in Support of her Rule 37 Motion for an

Order Precluding Defendant from Offering Testimony Concerning the Subject Matter of Plaintiff's

Rule 30(b)(6) Notice of Deposition and Memorandum in Support of Her Motion was served on

defendants by the Court's Electronic Filing System, on this 23rd day of January 2008 to:

>Leonard Lewis McCants - #328526
>8701 Georgia Avenue, Suite 801
>Silver Spring, Maryland 20910
>mccantslaw@aol.com
>Counsel for Defendant Hawk Security
>
>Corliss Adams #433298
>Assistant Attorney General
>Civil Litigation Division - General Litigation Section IV
>P.O. Box 14600
>Washington, DC 20044-4600
>Counsel for Defendant District of Columbia
>
>Melvin Bolden, Esquire
>Assistant Attorney General
>
>Counsel for Defendant Paula Senior Fisher
>Melvin.Bolden@dc.gov
>
>Respectfully submitted,
>
>
>/s/ William P. Farley
>Law Office of William P. Farley, P.C.
>1350 Connecticut Avenue, N.W.
>Suite 200
>Washington, D.C. 20036
>(202) 775-1550
>(202) 775-0008 (fax)
>farley@dccounselor.com
>Counsel for Plaintiff