Page 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARILYN SEABROOKS MYRDAL          :
                                  :
              Plaintiff,          :  CA No. 05-2351
                                  :
    v.                            :
                                  :  Washington, D.C.
DISTRICT OF COLUMBIA, et al,      :  Thursday, December 13, 2007
                                  :  10:01 a.m.
              Defendants.         :
                                  :
- - - - - - - - - - - - - - - - - x

TRANSCRIPT OF MOTIONS HEARING
BEFORE THE HONORABLE ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:    WILLIAM P. FARLEY, ESQUIRE
                      1350 Connecticut Avenue, N.W.
                      Suite 200
                      Washington, D.C. 20036
                      202-775-0008
                      farley@dccounselor.com


For the Defendant:    CORLISS VAUGHN ADAMS, ESQUIRE
                      MELVIN W. BOLDEN, JR., ESQUIRE
                      OFFICE OF THE ATTORNEY GENERAL
                      441 Fourth Street N.W.
                      Room 600S
                      Washington, D.C. 20004
                      202-724-6519 & 202-724-5695
                      corliss.adams@dc.gov
                      melvin.bolden@dc.gov


Court Reporter:       Theresa M. Sorensen, CVR-CM
                      Official Court Reporter
                      U.S. Courthouse, Room 4700-F
                      333 Constitution Avenue, N.W.
                      Washington, D.C. 20001
                      (202) 273-0745
                      theresams@erols.com


                      Pages 1 through 19


                                              THERESA M. SORENSEN,
OFFICIAL COURT REPORTER

Page 4

```
1        THE COURT:  Right, but in order for my to enforce
2   the - anything regarding Payne now, you would have to serve
3   him because he was not served, he was simply being
4   designated as an employee of the defendant, I take it?
5        MR. FARLEY:  And that was one of my questions,
6   why didn't the District tell us he was leaving, or give us a
7   chance to depose him before he left, or ask for an expedited
8   ruling.
9        THE COURT:  Right.  Okay.
10       And I take it, Mr. Adams, you don't know the
11  answer to that?
12       MR. ADAMS:  Right.  We don't know what - well,
13  it's my understanding Mr. Payne was a political appointee -
14  from my understanding, Mr. Payne was an Executive Service
15  appointee, and he may have left as a result of the change in
16  administration.  So I don't know when he left, and it was
17  before my arrival.
18       THE COURT:  Okay.
19       MR. ADAMS:  Thank you.
20       THE COURT:  Now let's take the 30B(6).  Tell me
21  how this started, then, on the 30B(6).
22       MR. FARLEY:  Well, Your Honor, it started in
23  August, when I asked for dates for a 30B(6).  I didn't get
24  any, so I noticed the deposition for the time period when we
25  were doing other depositions.  The District at that time
```

Page 5

1   told me they didn't have a witness.  That's one of the e-
2   mails, I think.
3           THE COURT:    that's Mr. Rickman?
4           MR. FARLEY:   Mr. Rickman.  It's was an e-mail
5   attached to the reply.
6           THE COURT:    All right, let me stop there.  What
7   happened to Mr. Rickman, do you know?  He just disappeared?
8           MR. FARLEY:   No.  I saw him at a CLE a few weeks
9   ago, and I don't know -
10          THE COURT:    All right.
11          Mr. Adams, what happened to Mr. Rickman?  Why did
12  he disappear?
13          MR. ADAMS:    Mr. Rickman is no longer acting as an
14  assistant attorney general.  I've been told he's on
15  indefinite administrative leave.
16          THE COURT:    When did that start?
17          MR. ADAMS:    I started November 13th, and I
18  believe he was gone - well, he was gone when I got there.
19  My best guess is that it was the week that ended, maybe,
20  November 7th.
21          THE COURT:    And then what happened, his cases
22  were reassigned to you?
23          MR. ADAMS:    Yes.  I have been -
24          THE COURT:    And what had happened in the meantime
25  when he disappeared, no one had done anything on them?

```
 1   decide that today.  I'm probably going to do an order to
 2   allow you to see what facts you can gather as to who should
 3   the sanctions run to.  In the meantime, let's get this on
 4   track.
 5              You've designated a 30B(6).  When can the
 6   plaintiff take it, and have you all agreed on a date?
 7              MR. FARLEY:  Your Honor, the - I've been informed
 8   that this designee is actually leaving the employee of the
 9   District tomorrow.  What are we going to do about -- I'm
10   afraid that we're going to be in the same position.  And the
11   District hasn't told me that.  I got that from an outside
12   source.
13              MR. ADAMS:  Well, he has better information than
14   I have.  Counsel, agency counsel informed me that they were
15   designated Mr. Kenneth Long about the time I answered this
16   motion, and so this is the first I heard that he might not -
17   in fact, you know, I sent Mr. Long an e-mail last night, you
18   know, letting him know, you know, that you may be required
19   for some depositions.  I haven't had a response, so maybe
20   he's gone.  I don't know.
21              THE COURT:  What are you doing this afternoon?
22              MR. FARLEY:  I guess I could take -
23              THE COURT:  If he's leaving tomorrow, you can do
24   it at two o'clock.
25              MR. FARLEY:  I guess - I'm having windows put in
```

Page 14

1  really wanted the person with the most knowledge that could
2  give us information.  Now the number one guy is gone, and
3  now this is number two.
4           MR. ADAMS:   The best I can do, Your Honor, is
5  that we will find a 30B(6) witness, whether it's Mr. Long or
6  someone else, and if he wants to take a deposition next
7  week, my schedule is wide open.
8           THE COURT:   All right.  What day do you want to
9  do it?
10          MR. ADAMS:   Just let me know.  We'll find
11 someone.
12          MR. FARLEY:   The only problem with that, Your
13 Honor, is that I'm a little concerned with the information
14 that I'm going to get.  I don't want to just waste
15 everybody's time and then have to come back here and say,
16 "Look, I didn't get all these questions answered."
17          THE COURT:   I think if you don't get your
18 questions answered at a 30B(6), you're probably looking at
19 other things than just a witness, you're probably looking at
20 other sanctions I might be able to impose.
21          MR. FARLEY:   Yes.
22          THE COURT:   So they had better find somebody
23 knowledgeable.
24          MR. FARLEY:   The 19th?
25          MR. ADAMS:   That's a Wednesday.  Sure, I'm

Page 15

```
1    available.
2              THE COURT:   Okay.
3              MR. FARLEY:  Ten a.m.?
4              THE COURT:   Where?
5              MR. FARLEY:  My office.
6              THE COURT:   Okay.
7              MR. ADAMS:   Yes.
8              THE COURT:   Okay.  I'll put that in an order.
9              Now, in terms of sanctions, have you got an amount
10   in mind that you're seeking as your attorney's fees on the
11   motion to compel?
12             MR. FARLEY:  I didn't put my hours together, but
13   I can definitely get that to you as soon as you'd like.  I
14   can just file it.
15             THE COURT:   Okay.  Put your hours together and
16   I'll let the - I'll do an order requiring D.C. to respond,
17   and in the response to give me enough information to base a
18   decision on whether it should run to the attorneys
19   individually, meaning Lattimore and Rickman, or whether it
20   should run to the District.
21             MR. FARLEY:  Thank you, Your Honor.
22             THE COURT:   Now, what are we going to do about
23   Payne?  Do you have information about how to serve him?
24             MR. FARLEY:  I don't, Your Honor.  I don't have
25   his last - I don't have his address.  I don't know if he's
```

```
 1   in the District any longer.  I don't know.
 2              THE COURT:   Do you know anything about how to
 3   reach Payne?
 4              MR. ADAMS:   I'm sure we can get the last known
 5   address.
 6              THE COURT:   Okay.  If you will give the last
 7   known address, then, you're going to have to try to subpoena
 8   for a deposition.
 9              MR. FARLEY:   Yes, Your Honor.
10              THE COURT:   I don't think I can order it for a -
11   for a former employee, I don't think I can order it.  I
12   think it's got to be done by enforcing a subpoena.
13              MR. FARLEY:   And that's another cost that the
14   plaintiff is incurring, because of this.  Do you want me to
15   put that in my -
16              THE COURT:   Well, that would be - that probably
17   is.  I'm not sure that's a Rule 37 cost.  The Rule 37 cost
18   goes to the 30B(6).  They had a motion pending for a
19   protective order that hadn't been ruled on as to Payne.  The
20   problem is, they didn't tell you he was leaving, or the
21   Court.  How that might be sanctionable, I think you'd have
22   to figure out a theory and file a separate motion for
23   sanctions.  I don't know if that could be a 1920 sanction,
24   or where that would come in, where you might get authority
25   for a sanction there.  I think you would have to look at
```