# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN MYRDAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 05-2351 (RCL) |
| | ) |
| THE DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

## THE DEFENDANT DISTRICT OF COLUMBIA'S EMERGENCY MOTION
## FOR A PROTECTIVE ORDER

Defendant, the District of Columbia ("District"), by and through undersigned counsel and pursuant to Fed. R. .Civ. P. 26 (c), hereby moves this court for entry of a protective order precluding the testimony of Dr. Greg Pane, Director of the District of Columbia Department of Health. As reasons why this motion should be granted, this District states the following:

1.  Plaintiff noticed the deposition of Dr. Greg Pane, Director of the District of Columbia Department of Health, for a deposition to be taken on September 10, 2007, at 10:00 am. Dr. Pane is a high official for the District of Columbia government. When contacted for a proffer of the proposed areas of inquiry for Dr. Pane, plaintiff only indicated that it was her belief that Dr. Pane would provide information, "…concerning matters, not privileged, which are relevant to the subject matter involved in the pending action, which relate to the claim or defense of her case and/or to the claim or defense of another party, including the existence, description, nature, custody, condition, and location of books, documents, and/or other tangible things and the identity and location

of persons having knowledge of discoverable matters…". Email to the undersigned from William Farley, Esq., counsel for plaintiff, dated September 5, 2007. Nothing in this proffer relates to any personal knowledge or personal involvement by Dr. Pane in the facts underlying these claims. Plaintiff further failed to articulate any reasonable basis upon which the court could conclude that plaintiff will suffer an injustice if Dr. Pane is not deposed, and that Dr. Pane's testimony is somehow critical to the litigation.

      2.    It is well settled that testimony (at deposition and presumably as well at trial) of senior government officials is not favored unless a clear showing is made that it is "essential to prevent prejudice or injustice to the party who would require it." *See Writz v. Local 30, International Union of Operating Engineers*, 34 F.R.D. 13, 14 (S.D.N.Y. 1963); *accord Cornejo v. Landon*, 524 F. Supp. 118, 122 (N.D. Ill. 1981); *United States v. Northside Realty Associates*, 324 F. Supp. 287, 295 (N.D. Ga. 1971); *Capital Vending v. Baker*, 36 F.R.D. 45, 46 (D.D.C. 1964); *Unites States v. Morgan*, 313 U.S. 409, 422 (1941). This rule is established to relieve agency decision-makers from the burdens of discovery, to allow them to spend their valuable time on the performance of official functions, and to protect them from inquiries into the mental processes of agency decisionmaking. *Cornejo, supra*, at 122.

      3.    In *Cornejo*, plaintiffs were precluded from taking the deposition of the Acting Commissioner of the Immigration and Naturalization Service because, *inter alia*, they had not made the requisite showing that the agency official's deposition was necessary in order to prevent injustice. According to the Court, Cornejo failed to show that the information they sought was not available from depositions of other defendants or persons, or that it could not be obtained through interrogatories or other discovery

devices. Consequently, the Court held that until plaintiffs can make the requisite showing that this deposition is necessary to prevent injustice, the court ordered that the deposition of the agency official not be taken. *Id.*

    4.     Plaintiff has failed to proffer that any facts or testimony they seek can only be obtained by Dr. Greg Pane, and that their inability to depose him would result in a manifest injustice.

                          Respectfully submitted,

                          LINDA SINGER
                          Attorney General for the District of Columbia

                          GEORGE C. VALENTINE
                          Deputy Attorney General, D.C.
                          Civil Litigation Division


                          /s/ Phillip A. Lattimore, III
                          PHILLIP A. LATTIMORE, III [422968]
                          Chief, General Litigation Section III
                          Civil Litigation Division

                          /s/ George E. Rickman
                          GEORGE E. RICKMAN #433298
                          Assistant Attorney General, D.C.
                          General Litigation Section IV
                          Civil Litigation Division
                          441 Fourth Street, Sixth Floor South
                          Washington, D.C. 20001
                          202-442-9840; 202-727-6295

Local 7(m) Certification

I do hereby certify that on September 5, 2007, the undersigned contacted William Farley, Esq., counsel for plaintiff, in an effort to obtain his consent to the relief sought herein. Mr. Farley intends to oppose this motion.

_____
GEORGE E. RICKMAN
Assistant Attorney General, D.C.

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN MYRDAL, )<br>)<br>Plaintiff, )<br>)<br>vi. )<br>)<br>THE DISTRICT OF COLUMBIA, )<br>)<br>Defendant. ) | Civil Action No. 05-2351 (RCL) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
THE DEFENDANT DISTRICT OF COLUMBIA'S EMERGENCY MOTION
FOR A PROTECTIVE ORDER**

As support and authority for this motion for a protective order, the District states the following:

1. Fed. R. Civ. P. 26 (c);

2. *Writz v. Local 30, International Union of Operating Engineers*, 34 F.R.D. 13, 14 (S.D.N.Y. 1963);

3. *Cornejo v. Landon*, 524 F. Supp. 118, 122 (N.D. Ill. 1981);

4. *United States v. Northside Realty Associates*, 324 F. Supp. 287, 295 (N.D. Ga. 1971);

5. *Capital Vending v. Baker*, 36 F.R.D. 45, 46 (D.D.C. 1964);

6. *Unites States v. Morgan*, 313 U.S. 409, 422 (1941);

7. In the interest of justice and judicial economy;

8. The equitable powers of the court.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division


/s/ Phillip A. Lattimore, III
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Section III
Civil Litigation Division

/s/ George E. Rickman
GEORGE E. RICKMAN #433298
Assistant Attorney General, D.C.
General Litigation Section IV
Civil Litigation Division
441 Fourth Street, Sixth Floor South
Washington, D.C.  20001
202-442-9840; 202-727-6295

Case 1:05-cv-02351-RCL Document 14 Filed 01/23/2008 Page 7 of 7