UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN SEABROOKS MYRDAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2351 (RCL) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on plaintiff's Rule 37 Motion [72] for an Order Precluding Defendant from Offering Testimony Concerning the Subject Matter of Plaintiff's Rule 30(b)(6) Notice of Deposition. Upon consideration of plaintiff's motion, the opposition and reply thereto, the record herein, and the applicable law, plaintiff's motion shall be GRANTED in part and DENIED in part.

**I. BACKGROUND**

Plaintiff brought this action to challenge the District of Columbia's policy and practices of searching its employees' personal belongings, including purses, as a normal part of the work day. On October 10, 2007, plaintiff served her Notice of Rule 30(b)(6) Deposition on defendant District of Columbia (the "District"). When the District did not appear for the scheduled deposition, plaintiff filed a motion to compel. On December 13, 2007, the Court orally granted plaintiff's motion [65] to compel, denied defendant's motion for a protective order [61], and

ordered the District to appear for its Rule 30(b)(6) deposition on December 19, 2007.[1] During the December 13, 2007 hearing, the District identified Mr. Kenneth Wong as a possible witness for the Rule 30(b)(6) deposition. At that time, plaintiff's counsel raised the issue of whether Mr. Wong would be able to provide the information sought in plaintiff's notice. The District represented that it would find a Rule 30(b)(6) witness in time for the deposition—whether it was Mr. Wong or some other witness.

Mr. Wong attended the Rule 30(b)(6) deposition on December 19, 2007. According to plaintiff, Mr. Wong was unable to answer 19 of the 20 topics included in plaintiff's Notice. Plaintiff now seeks an order from this Court that: (1) finds the District in violation of Rule 30(b)(6) and this Court's December 13, 2007 Order concerning the Rule 30(b)(6) deposition; (2) deems the facts giving rise to plaintiff's claims as established; and (3) awards plaintiff attorneys' fees and costs associated with the Rule 30(b)(6) deposition and in litigating the instant motion.

## II. DISCUSSION

**A.    Legal Standard**

Rule 37 of the Federal Rules of Civil Procedure provides that "[i]f a party . . . or a witness designated under Rule 30(b)(6) . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders." FED. R. CIV. P. 37(b)(2)(A). They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses,

---

[1] Defendants' motion [67] for leave to file its response to plaintiff's motion was not addressed at the December 13, 2007 hearing. That motion will now be granted.

or from introducing designated matters in evidence. FED. R. CIV. P. 37(b)(2)(A)(i)-(ii). Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. FED. R. CIV. P. 37(b)(2)(C).

**B.    Analysis**

    **1.    The District's Compliance with Rule 30(b)(6)**

Plaintiff claims that the District's designation of Mr. Wong as its Rule 30(b)(6) witness failed to comply with the requirements of that Rule. Plaintiff specifically asserts that the District failed to put forth a witness who could speak on its behalf. (*See* Pl.'s Reply Br. 3.) Rule 30(b)(6) requires that an organization "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." FED. R. CIV. P. 30(b)(6). Plaintiff's Notice of the 30(b)(6) deposition informed the District of its duty to make such designation. (*See* Pl.'s Rule 37 Mot., Ex. A, at 1.) During the deposition, plaintiff asked Mr. Wong whether he was there as the District's representative, to which Mr. Wong testified: "No, I'm not representing the City, as far as I know. I'm just going to speak on behalf of the credit card." (Wong Dep. 5:10–12, Dec. 19, 2007.) Mr. Wong also testified: "I don't think I can speak on behalf of the City." (Wong Dep. 5:4–5.) The District's designation of a witness whose own testimony was that he could not speak on the city's behalf, is therefore in violation of the plain language of Rule 30(b)(6).

In addition to the District's failure to properly designate a Rule 30(b)(6) witness that could speak on its behalf, the District's witness lacked the sufficient knowledge required from

deponents under the Rule. There are four basic duties Rule 30(b)(6) bestows upon a deponent. *See Alexander v. F.B.I.*, 186 F.R.D. 137, 141 (D.D.C. 1998) (Lamberth, J.). First, the deponent has the duty of being knowledgeable on the subject matter identified as the area of inquiry. *Id*. (citations omitted). Second, a deponent is under a duty to designate more than one deponent if it is necessary to do so in order to respond to the relevant areas of inquiry that are specified with reasonable particularity by the plaintiff. *Id*. (citations omitted). This, the designating party has a duty to prepare the witness to testify on matters not only known by the deponent, but those that should be reasonably known by the designating party. *Id*. (citations omitted). Fourth, the designating party has a duty to substitute an appropriate deponent when it becomes apparent that the previous deponent is unable to respond to certain relevant areas of inquiry. *Id*. (citations omitted). The underlying purpose of Rule 30(b)(6) is to prevent "'bandying,' the practice in which people are deposed in turn but each disclaims knowledge of the facts that are clearly known to persons in the organization and thereby to the organization itself." *Id*. (citing FED. R. CIV. P. 30(b)(6) Advisory Committee Notes, 1970 Amendment).

In the instant matter, Mr. Wong's testimony shows that the District has failed to satisfy its Rule 30(b)(6) duties. Of the 20 topics listed in plaintiff's Notice, more than half dealt with the District's search and seizure of its employees' personal belongings. However, Mr. Wong testified that he could not answer any of plaintiff's questions on that issue. (*See* Wong Dep. 5:2–3 ("I only pertain to the credit card."); *id*. at 5:12–13 ("There are questions that were asked that I can't address on security and siege and search.") The District contends that Mr. Wong was fully capable of testifying to the questions contained in plaintiff's Notice relating to the issuance, use and revocation of government credit cards to government employees. (*See* Def,'s Opp'n 1.)

According to the District, the matters that plaintiff claims Mr. Wong did not provide testimony—searches and seizures of government employee belongings—are matters that no one could testify about because there is no city policy or practice governing such conduct. (*See id*. at 2.) Thus, the District asserts that Mr. Wong was the "absolute best designee for this deposition." (*Id*.) Mr. Wong's testimony, however, is inconsistent with the District's argument. A close examination of the deposition transcript shows that Mr. Wong did not have the requisite knowledge to either confirm or deny the existence of the search and seizure policy to which plaintiff inquires.

> Q. How about number 2, could you read number 2 for the record.
>
> A. "The official policy which has been adopted by the District of Columbia to train their employees for searching other employees' personal property." I can't address that.

(Wong Dep. 8:18–9:23.)

> THE WITNESS: . . . I've never been searched and I don't know of anybody else who has been. If there's a policy, I know nothing of it.
>
> BY MR. FARLEY: Q. But there could be a policy?
>
> A. Anything's possible.

(Wong Dep. 10:15–20.)

Similarly, Mr. Wong was able to provide virtually no testimony about the search of plaintiff's personal belongings.

> Q. And number 8.
>
> A. "The date Defendant District of Columbia became aware that [plaintiff] was

being investigated for failing to return her credit card and the names and responsibilities of all those involved in that investigation, including but not limited to any person responsible to review or scan of [sic] her personal belongings." I can't address that either because I don't know who took her belongings.

(Wong Dep. 13:7–15.)

Q. 19.

A. "All training provided to Defendant Senior-Fisher concerning looking through employees' personal effects, all corrective actions taken after the events in the Complaint, and any discipline provided to Senior-Fisher after the events described in the Complaint, identify all communications concerning this matter." Unaware.

Q. That means you can't answer number 19?

A. No.

(Wong Dep. 17:2–11.)

In light of Mr. Wong's testimony, this Court finds that the District failed to put forth a witness who could reasonably respond to the relevant areas of inquiry that were specified in plaintiff's Rule 30(b)(6) Notice.

    **2.    Sanctions**

Pursuant to Rule 37(b)(2), plaintiff asks this Court to award attorneys' fees and costs in preparing for and taking the Rule 30(b)(6) deposition and in bringing the instant motion. In light of the Court's finding that the District has failed to comply with its Rule 30(b)(6) obligations and with the December 13, 2007 Order of this Court, plaintiff's request as to attorneys' fees and costs shall be granted. Plaintiff also asks this Court to deem certain designated facts to be taken as

established for purposes of this action and to enter an order precluding the District from offering testimony as to the subject matter of plaintiff's October 10, 2007 Rule 30(b)(6) Notice of Deposition. This Court will decline, however, at this time, to exercise its discretion under Rule 37(b)(2) to impose such issue-related sanctions, which would be tantamount to a default against defendant. Instead, the Court will order the District to produce as many knowledgeable representatives as needed to testify as to matters known or reasonably available to the District as listed in plaintiff's October 10, 2007 Rule 30(b)(6) Notice of Deposition. The Court's order will also require the District to pay all attorneys' fees and costs incurred by plaintiff in association with the subsequent Rule 30(b)(6) deposition(s).

### III.  CONCLUSION

For the foregoing reasons, plaintiff's Rule 37 Motion [72] for an Order Precluding Defendant from Offering Testimony Concerning the Subject Matter of Plaintiff's Rule 30(b)(6) Notice of Deposition shall be GRANTED in part and DENIED in part.

A separate order shall issue this date.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, on February 25, 2008.