THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **MARILYN SEABROOKS MYRDAL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No: 05 CV 02351 (RCL) |
| | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## DISTRICT OF COLUMBIA'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND FOR CLARIFICATION OF THE COURT'S FEBRUARY 25, 2008, ORDER REGARDING REIMBURSEMENT OF COSTS TO PLAINTIFF

Defendant District of Columbia, through its undersigned counsel, hereby respectfully moves the Court, pursuant to Fed. R. Civ. P. 26(c), to enter a Protective Order governing Plaintiff's Rule 30(b)(6) Notice of Video Deposition. Plaintiff's deposition notice contains twenty (20) topics for examination, many of which are vague, ambiguous, and irrelevant as well as potentially overbroad. At this time, however, the District only moves for protection of topic #15.[1] Defendant attempted to negotiate with Plaintiff's counsel to limit the scope of his deposition topics to no avail, necessitating the filing of this motion. Additionally, the District seeks clarification of the Court's Order regarding costs to be paid to plaintiff in connection with the subject deposition.

The depositions have been scheduled in this matter for Thursday, March 6, at 10:00 a.m, and Friday, March 7, 2008, at 10:00 a.m., if required. The District requests that plaintiff be required to file a response to the instant motion no later than 3:30 p.m. on Wednesday, March 5,

---

[1] Undersigned counsel continues to meet with witnesses in order to fully comply with the Court's February 25, 2008, Order. The District has made every effort not to have to come before this Court on this matter. However, because of topic #15 it is compelled to do so.

2008.  Further support for this motion can be found in the attached memorandum of points and authorities.

                Respectfully submitted,

                PETER J. NICKLES
                Interim Attorney General for the District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General
                Civil Litigation Division

                /s/ Patricia A. Jones
                PATRICIA A. JONES [428132]
                Chief, General Litigation Section IV

                /s/ C. Vaughn Adams
                C. VAUGHN ADAMS [449770]
                Assistant Attorney General
                441 4th Street, N.W., 6S-066
                Washington, D.C. 20001
                (202) 724-6519; (202) 727-6295
                (202) 727-3625 (fax)
                corliss.adams@dc.gov

                Attorneys for the District of Columbia

<u>Local Rule 7(m) Certification</u>

    I do hereby certify that on March 3, 2008, and March 5, 2008, plaintiff opposed the relief herein sought by the District.

                _____
                C. VAUGHN ADAMS
                Assistant Attorney General, D.C.

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **MARILYN SEABROOKS MYRDAL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No: 05 CV 02351 (RCL) |
| ) | |
| ) | |
| **DISTRICT OF COLUMBIA,** *et al.,* ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S  EMERGENCY MOTION FOR PROTECTIVE ORDER AND MOTION FOR CLARIFICATION OF THE COURT'S FEBRUARY 25, 2008, ORDER REGARDING REIMBURSEMENT OF COSTS TO PLAINTIFFF ASSOCIATED WITH THE 30(b)(6) DEPOSITION**

In support of its emergency motion for protective order, and motion for clarification of the Court's February 25, 2008, Order, Defendant District of Columbia states as follows:

1) In October 2007, plaintiff served her Notice of Rule 30(b)(6) Notice of Video Deposition on the District of Columbia.  Regrettably, the District failed to file its objections or move for protective order, and did not present a witness for deposition.

2) On October 26, 2007, plaintiff filed her first motion to compel the deposition of the District's 30(b)(6) designee.  The District's response to the motion was due on November 9, 2007, the day prior counsel of record went on administrative leave.  On November 19, 2007, new counsel moved for leave to respond to the pending Motion to Compel.  By Minute Order, dated December 13, 2007, the Court ordered the District to produce its witness or witnesses by December 19, 2007.

3

3) On December 19, 2007, the District presented its witness, Mr. Kenneth Wong, for deposition. Although designated as the District's 30(b)(6) witness, Mr. Wong testified that he was not speaking for the District, and was unable to testify about 19 of the 20 noted topics.

4) By Order, dated February 25, 2008, this Court granted in part and denied in part plaintiff's motion for sanctions. This Court found that the District failed to meet its obligations under Rule 30(b)(6) when it designated Mr. Wong to speak on behalf of the District. As a sanction, the Court ordered a) the District to produce knowledgeable witnesses within 10 days of the Order, b) an award of attorney's fees and costs for taking Mr. Wong's deposition and in bringing the Motion for Sanctions and related litigation, and c) an award of attorney's fees and costs associated with preparing for and taking the subsequent deposition.

5) In preparation for the upcoming deposition, undersigned counsel has met with various officials and intends to designate no fewer than four witnesses for deposition. Some of the topic areas overlap, and many are vague and ambiguous, but the witnesses presented will be prepared to respond to the topics as the District understands them. The depositions have been scheduled for Thursday, March 6, and Friday, March 7, if necessary. In preparing for the deposition, the District realized that many of the deposition topics are vague, confusing, and irrelevant. At this time however, the District believes that only one of the twenty topics areas is so unduly burdensome that it necessitates this emergency motion.[2]

Topic # 15 seeks **"The identification of all searches conducted by any D.C. employee, or agents, against any other D.C. employer (sic) from 2002 to the present. The searches shall include, but not limited to, all times that a supervisor looked through the personal items of a subordinate, whether personally touching the items or not, the date, time and**

---

[2] The District reserves any right it may have to move after the deposition for relief based on the questions posed and its reasonable interpretation of those questions and the answers provided thereto.

4

**place and all persons involved."** This topic is incredibly broad in terms of time and scope. It literally would encompass every search by an MPD or DOC officer of any D.C. employee even though this case does not involve law-enforcement officers and involves only the Department of Health. Plaintiff has agreed to withdraw any request as it relates to MPD officers who scan, monitor and/or search employees, through the use of scanning devices, wands, or spot checks, entering government buildings. Plaintiff has not agreed to limit the topic to searches conducted at DOH, or the time period of April 13, 2005, the date of the alleged incident.

Searches conducted at other agencies by non-law-enforcement officers are not relevant to this case. At the same time, the burden of consulting with employees at every District agency as to non-law-enforcement officer searches would be massive and vastly outweighs the value of whatever irrelevant information that could be gleaned from this request. Finally, the District notes that searches of employees after the date of the incident in question, April 13, 2005, are irrelevant to this case in terms of liability under 42 U.S.C. § 1983, or any other theory of liability. Accordingly, the District requests that this topic be limited in scope to only searches conducted at the Department of Health by non-law enforcement supervisors upon a subordinate employee and in time from April 13, 2002, to April 13, 2005, and.

The District recognizes and regrets the defects in its response to this notice to date and thus does not oppose the sanctions the Court has ordered. At the same time, the District respectfully submits that the interests of justice would not be served by forcing the District to devote considerable time and resources to responding to an overbroad and irrelevant request. The request is so overbroad and burdensome that it would be impossible to comply with that portion of the Court's order, notwithstanding its considerable and successful efforts to find

witnesses from various agencies who will be capable of addressing 19 of the 20 topics in plaintiff's request.

6)      FRCP-Civil 26(b)(1) provides that parties may obtain discovery regarding any matter not privileged, which is **relevant** to the subject matter involved in the pending action. (Emphasis added).  Pursuant to FRCP-Civil 26(b)(2), the court may limit discovery, either on its own initiative or pursuant to a motion for a protective order, if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; …   or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the litigation, and the importance of the proposed discovery in resolving the issues.  Discovery sought by a plaintiff must comport with the traditional notions of relevancy and must not impose an undue burden on a defendant. *See Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975); *Haykel v. G.F.L Furniture Leasing Co.*, 76 F.R.D. 386, 391 (N.D. Ga. 1976).  *See also Hardrick v. Legal Services Corp.*, 1983 U.S. Dist. LEXIS 19510 (D.D.C. February 3, 1983) (holding discovery should be tailored to the issues involved in the particular case).  *See also, Alexander v. FBI,* 2000 U.S. Dist. LEXIS 8869, (9th Cir. June 5, 2000) (holding because the rule only allows discovery of material relevant to the subject matter involved in the pending action, once a relevancy objection has been raised, the party seeking discovery must demonstrate that the information sought to be compelled is discoverable).

7)      Lastly, the District seeks clarification of the Order relating to reimbursement of costs associated with the upcoming deposition.  Plaintiff has selected a court reporter, not normally used by the District, who intends to charge approximately $4,500 for the video taping

services.  At the original deposition, however, where plaintiff was bearing the costs, plaintiff did not pay for the services of a videographer; instead the deposition was conducted stenographically.  While the Court ordered the District to pay the costs of the deposition, the District does not believe that the Court intended to order the District to pay for an upgrade to services that plaintiff was unwilling to bear when plaintiff believed that she would be paying the costs.  Video taping is substantially more than stenography.  In light of its current fiscal status, the District asks this Court not to require it to pay for video taping services and to allow it to use a court reporting service that is already in the District's system so that an approved purchase order can be readily obtained.

     WHEREFORE, the District requests this Court to grant its motion for protective order pursuant to Rule 26(c), and for clarification that the District is not required to pay for a videotaped deposition.

                                                    Respectfully submitted,

                                                    PETER J. NICKLES  
                                                  Interim Attorney General for the District of Columbia

                                                  GEORGE C. VALENTINE  
                                                  Deputy Attorney General  
                                                  Civil Litigation Division

                                                   /s/ Patricia A. Jones  
                                                  PATRICIA A. JONES [428132]  
                                                  Chief, General Litigation Section IV

   /s/ C. Vaughn Adams
C. VAUGHN ADAMS [449770]
Assistant Attorney General
441 4th Street, N.W., 6S-066
Washington, D.C. 20001
(202) 724-6519; (202) 727-6295
(202) 727-3625 (fax)
corliss.adams@dc.gov

Attorneys for the District of Columbia