IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARILYN SEABROOKS MYRDAL, | : | |
| Plaintiff, | : | Civ. No. 05-2351 (RCL) |
| v. | : | |
| DISTRICT OF COLUMBIA, *et al.*, | : | |
| Defendants. | : | |

**PROTECTIVE ORDER**

Pursuant to Fed.P.Civ.R. 26(c), and it appearing that discovery in this action is involves the disclosure or has involved the disclosure of Confidential Information, IT IS HEREBY ORDERED as follows:

1. This Order will govern Confidential Information in this action and shall apply to all information, documents, and things subject to discovery in this action, including Paula Senior-Fisher's personnel file and testimony related thereto, including complaints about or discipline of Paula Senior-Fisher, whether produced by any party or non-party, including, without limitation, documents and information produced pursuant to Fed. P. Civ. R. 26, testimony adduced at depositions upon oral examination or written questions pursuant to Rules 30 and 31, answers to Interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, information obtained from inspection of premises or things pursuant to Rule 34, and answers to requests for admissions pursuant to Rule 36.

2. The District of Columbia is hereby Ordered to produce the personnel file and to provide testimony to information contained in that file regarding complaint about

and/or discipline of Paula Senior-Fisher at the deposition of its Fed. R. Civ. P. 30(b)(6) designee(s). The District shall not produce Paula Senior-Fisher's social security number, birth date, home address, and/or insurance information that may be contained in the personnel file.

3. Any party or other person (including non-parties) producing or furnishing documents or information of a non-public nature to another party may designate any document, material or information as CONFIDENTIAL if such party in good faith believes that such designation is necessary to protect confidential or sensitive non-public information protected under Fed. P. Civ. R. 26(c). The designation by any person of any record, document, material or information as CONFIDENTIAL shall constitute a representation that such record, document, material or information has been reviewed by an attorney and that, in such counsel's opinion, there is a good faith basis for such designation. Any records, documents, information and transcripts so designated are hereinafter referred to as Confidential Information.

4. All Confidential Information disclosed, furnished or submitted, either voluntarily or pursuant to Court Order, prior to or subsequent to the execution of this Protective Order, by or on behalf of any party or non-party to this action, shall be used only in connection with pretrial proceedings, preparation for trial, trial, and any appeals or other proceedings in this action.

5. Information or documents may only be designated as CONFIDENTIAL by the person who produced the information and/or documents to be designated as CONFIDENTIAL.

6. The inspection, copying and use of any information, including documents or portions thereof, which are designated as CONFIDENTIAL in accordance with this Protective Order, shall be subject to this Protective Order, and access to and disclosure of such information shall be limited to:

(a) The Court, the Court's staff and such other personnel as the Court may authorize;

(b) The attorneys of record for the parties herein;

(c) Secretaries, paralegal assistants and clerical personnel who are engaged in assisting counsel in these actions;

(d) The named plaintiff and defendants;

(e) Any person identified as a signatory, author, addressee or recipient of such information;

(f) Qualified persons taking testimony involving such information or documents and necessary stenographic and clerical personnel thereof;

(g) Consultants and experts consulted or retained by any party for the purpose of assisting in the conduct of this litigation, subject to such person's compliance with the provisions of Paragraph 7 of this Protective Order;

(h) Any deponent, witness or potential witness, provided that any such person shall be advised of the terms of this Protective Order and agree to be bound by it;

(i) Any insurer or indemnitor of a party or their counsel; and

(j) Any other person who has a need for the information as determined in writing by the party producing the information, or as the Court may order. The party producing the information will not unreasonably withhold consent.

7. The persons identified in paragraph 5 are prohibited from disclosing any materials or information designated as CONFIDENTIAL by the producing party, except as provided herein, or except as otherwise agreed upon by the party producing the materials or information, or except as permitted by further Order of this Court.

8. Before any person described in Paragraph 5(g) hereof may be permitted access to any materials or information designated as CONFIDENTIAL in accordance herewith, he or she shall have first read this Protective Order.

9. Persons designating any information as CONFIDENTIAL shall designate only that portion of the information which is considered in good faith to be Confidential and covered by this Protective Order. To the extent possible, such designation shall be made at or prior to the time of disclosure of any such information. Any record, document, pleading, discovery response, deposition transcript, or portion thereof, designated as CONFIDENTIAL shall be clearly stamped CONFIDENTIAL by the person who produced the information at the time of delivery of the information to the Court or any other party.

10. Any party wishing to designate information provided by a non-party as CONFIDENTIAL shall submit to the other party, within twenty (20) business days following production or disclosure, a written designation of the documents or things containing such information. During such twenty (20) day period following production

by a non-party, all such documents and things shall be deemed to be Confidential pursuant to this Protective Order.

11. Each page of the Confidential Information must be stamped CONFIDENTIAL.  In the event that Confidential electronic documents are produced on a cd-rom or floppy disk, the entire cd-rom or disk may be designated CONFIDENTIAL and the producing party shall provide a separate designation of those documents captured thereon that are to be treated as Confidential pursuant to this Protective Order.

12. The inadvertent failure of a party to designate discovery materials as CONFIDENTIAL shall not constitute, or have the effect of, a waiver of any claim that such material or any similar material should be treated as Confidential.  A receiving party shall make a good faith effort to locate and mark appropriately any Confidential Information upon receipt of such notice.  Any individual who, in good faith, treats such materials as non-protected discovery materials rather than as Confidential Information due to the failure of a party to so designate the materials shall not be subject to any sanction or liability.

13. Other than Court personnel and court reporters and their staff, only counsel of record for the parties, the witness, his/her attorney, and experts who have met the requirements of Paragraph 5 of this Protective Order may be present at any examination concerning Confidential Information of any party or non-party.  Testimony given or information disclosed at a deposition may be designated as CONFIDENTIAL by indicating on the record at the deposition those portions of the testimony that are Confidential and subject to the provisions of this Protective Order.  Testimony so designated shall be separately transcribed and the term "CONFIDENTIAL" shall be

imprinted on the first page and each subsequent page of the transcript. Whenever any document designated CONFIDENTIAL is identified as an exhibit in connection with testimony given at a deposition, it shall be so marked and separately bound, unless the parties stipulate on the record otherwise.

14. Notwithstanding the foregoing provision, a party also may designate information disclosed at such deposition as CONFIDENTIAL by notifying all parties, in writing, of the specific pages and lines of the transcript which should be treated as Confidential thereafter within twenty (20) business days after receipt of the transcript by the designating party. Each party shall then attach a copy of such written notice or notices to the face of the transcript and each copy thereof in that party's possession, custody, or control.

15. Any information that has been designated CONFIDENTIAL, including any portion of a document that quotes Confidential material that is to be filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which the following shall be written: the caption of this action, a generic designation of the contents of such sealed envelope or other container, and the words:

"CONFIDENTIAL - FILED UNDER SEAL - SUBJECT TO COURT ORDER"

16. This Protective Order shall be without prejudice to any party to bring before the Court at any time the question of whether any particular information is or is not properly designated as CONFIDENTIAL. Any party may seek modification of this Protective Order at any time by the filing of an appropriate motion with the Court. However, before any party seeks a Court order altering the CONFIDENTIAL designation, that party shall give the designating party reasonable written notice and the

opportunity to voluntarily redesignate the information.  If a motion is filed seeking to remove or objecting to a CONFIDENTIAL designation, the initial designation by the producing party shall remain until the Court rules on the motion and thereafter the designation shall be governed by the Court's ruling.  The party seeking to assert information as Confidential shall bear the burden of showing good cause as to why the information shall be considered as Confidential pursuant to Fed.P..Civ.R. 26(c).  The acceptance by a party of any information, document, or thing identified as Confidential hereunder shall not constitute evidence, an admission, or a concession that the information, document, or thing actually contains Confidential Information.

17. Nothing in this Protective Order shall be deemed to be a waiver of any party's right to oppose production of any information or documents on any ground, including, without limitation, lack of timeliness of the request, lack of relevance, lack of materiality, privilege, including but not limited to attorney-client, deliberative process and/or law enforcement privilege, and/or work product of counsel.

18. The use of Confidential Information as evidence at trial in this case shall be subject to such protection as the Court shall determine at that time. No party hereto waives any right they may have to object on any ground to the admission in evidence at trial of this action of any Confidential Information.  A party that intends to introduce theirs own Confidential Information at a hearing or trial shall be responsible for taking appropriate measures with the Court to maintain confidentiality.  In the event that a party intends to introduce an opponent's Confidential Information, they shall provide sufficient advance notice to the opponent prior to the time of the intended introduction to permit the opponent to take appropriate measures with the Court to maintain confidentiality.

19. Within forty-five (45) days of the final resolution of this action, including any appeal therefrom, the parties, their counsel and other persons subject to the terms hereof shall be under an obligation either to (1) assemble and return to the producing party all materials and documents marked as Confidential or (2) destroy all materials and documents marked as Confidential. If counsel for the non-producing party chooses to destroy the materials and documents marked Confidential, counsel for a non-producing party shall confirm in writing to counsel for the producing party that such destruction has occurred. The attorneys for the parties shall be entitled to retain all pleadings and litigation documents, including exhibits and their own memoranda, containing Confidential Information, but such litigation documents and memoranda shall be used only for the purpose of preserving a file on this action, and shall not, without the written permission of the opposing party, or an Order of this Court, be disclosed to anyone other than counsel of record to whom such information was originally disclosed in accordance with this Protective Order during the course of this action.

20. At the conclusion of this litigation, and after the exhaustion of any appeals, this Protective Order shall continue to be binding upon the parties hereto and upon all persons to whom Confidential Information has been disclosed or communicated and that has not properly become a matter of public record. This Court shall retain jurisdiction over the parties for enforcement of this Stipulation and Protective Order.

21. Production of information designated as CONFIDENTIAL pursuant to this Protective Order in response to a subpoena or order of any court or governmental agency shall not be deemed a violation of the terms of this Protective Order; providing that the party receiving such subpoena or order shall immediately and in all cases before

any document production is made in response to the subpoena or order notify the party or non-party who has produced such documents of the subpoena or order. The receiving party also must immediately inform in writing the party that caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order. In addition, the receiving party must deliver a copy of this Protective Order to the party that caused the subpoena or order to issue. The designating party shall bear the burden and expense of seeking protection of their Confidential Information. Nothing in these provisions shall be construed as authorizing or encouraging the receiving party in this litigation to disobey a lawful directive of another court.

22.     Nothing in this Order is meant to limit or restrict in any way a party's right to use or disclose any information pertaining to that party in any manner whatsoever.

23.     If a party improperly discloses Confidential Information to a person who is not entitled to see or receive Confidential Information pursuant to this Order, the party must take reasonable steps to notify the producing party of the disclosure and to prevent further improper disclosure, and that party may be subject to sanctions as determined by the Court.

24.     This Protective Order is not intended to create, expand or contract substantive rights or privileges. It is intended solely to provide a procedural mechanism to enable the parties to raise claims and preserve issues in a format which prevents disruptions at depositions and otherwise in discovery and proceedings in this action.

25.     This Protective Order shall, without limitation, be binding upon the parties hereto, upon their counsel, and upon the parties' and their attorneys' successors, executors, personal representatives, assigns, officers, directors, employees, agents,

independent contractors, and other persons or organizations in which they are in privity or over which they have control.

      26.    In the event that a party seeks discovery from a non-party to this suit, the non-party may invoke the terms of this Protective Order in writing to all parties with respect to any Confidential Information provided to the requesting party by the non-party. SO ORDERED.

      Signed by Royce C. Lamberth, United States District Judge, on March 5, 2008.

_____